FILED

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

2024 DEC 19  PM 12: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Case No.

Clenzell Evans Parks

_Plaintiff(s)_
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

"See Attached"

_Defendant(s)_
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

_(to be filled in by the Clerk's Office)_

2:24cv 10930 -JAK(SSCx)

Jury Trial: *(check one)*  ☐ Yes  ☒ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Clenzell Evans Parks |
| Street Address | 155 E. Frye Rd Apt #344 |
| City and County | Chandler |
| State and Zip Code | Arizona, 85225 |
| Telephone Number | 424-364-8180 |
| E-mail Address | Clenzale@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendants(s)

1.  City of Los Angeles
2.  Scott Engedal
3.  Traci Johnson
4.  Stephen Winter
5.  Jesus Espinoza
6.  Alejandro Carbajal
7.  Joseph Hernandez
8.  Orlando Chandler

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name — City of Los Angeles

Job or Title *(if known)* — Personnel Department Equal Employment Division

Street Address — 700 E. Temple Street, Room 390

City and County — Los Angeles, LA County

State and Zip Code — California, 90012

Telephone Number — 213-473-9100

E-mail Address *(if known)* — per.eeo.Liu@lacity.org

Defendant No. 2

Name — Scott Engedal

Job or Title *(if known)* — Sergeant

Street Address — 7600 S. Broadway

City and County — Los Angeles, LA County

State and Zip Code — Ca, 90003

Telephone Number — 323-786-5550

E-mail Address *(if known)* — 31287@lapd.online

Defendant No. 3

Name — Traci Johnson

Job or Title *(if known)* — Senior Detention Officer

Street Address — 7600 S. Broadway

City and County — Los Angeles L.A County

State and Zip Code — Ca, 90003

Telephone Number — 323-786-5550

E-mail Address *(if known)* — N1659@lapd.online

Defendant No. 4

Name — Stephen Winter

Job or Title *(if known)* — Luitentant

Street Address — 7600 S. Broadway

City and County — Los Angeles, LA County

State and Zip Code — Ca, 90003

Telephone Number — 323-786-5550

E-mail Address *(if known)* — 32329@lapd.online

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No 5

Name                                    Joseph Hernandez

Job or Title *(if known)*              Luitentant

Street Address                          180 N. Los Angeles Street

City and County                         Los Angeles - L.A County

State and Zip Code                      California 90012

Telephone Number                        323-786-5550     213-356-3400

E-mail Address *(if known)*            32765@lapd.online

Defendant No 6

Name                                    Orlando Chandler

Job or Title *(if known)*              Captain

Street Address                          180 N. Los Angeles Street

City and County                         Los Angeles, Ca L.A County

State and Zip Code                      California, 90012

Telephone Number                        213-356-3400     323-786-5550

E-mail Address *(if known)*            26288@lapd.online

Defendant No 7

Name                                    Jesus Espinoza

Job or Title *(if known)*              Principle Detention Officer

Street Address                          7600 S. Broadway

City and County                         Los Angeles, L.A County

State and Zip Code                      California 90003

Telephone Number                        323-786-5550

E-mail Address *(if known)*            N1653@lapd.online

Defendant No. 8

Name                                    Alejandro Carbajal

Job or Title *(if known)*              Senior Detention Officer

Street Address                          7600 S. Broadway

City and County                         Los Angeles, L.A County

State and Zip Code                      California 90003

Telephone Number                        323-786-5550

E-mail Address *(if known)*            N4080@lapd.online

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

Name             *City of Los Angeles*
Street Address   *700 E. Temple Street*
City and County  *Los Angeles, L.A County*
State and Zip Code *California, 90012*
Telephone Number  *213-473-9311*

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Illegal Detainment, Illegally Confiscating Medication

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

(6-20-2020) → 7-25-2022) 4-23-2021, 8-26-2021, 9-22-2021, 4-6-2022, 4-7-2022, 4-9-2022, 5-6-2022, 1-19-2023

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

Mental - Psychological - Depression, Anxiety

E.    The facts of my case are as follows. Attach additional pages if needed.

"See Attached"
Response to Respondents Position Statement

Page 4 of 6

Attachment

III. Statement of Claim

1. Traci Johnson followed me outside 4/23/2021, on my official approved lunchbreak at 77th jail Division harassed me and informing me not to be outside too long, Stating Don't Draw any attention to Yourself, and she was informing me for my own good.

2. Traci Johnson, Fabrication about a phone call she says she received on 9/22/2021 at 77th jail division 7600 s. Broadway, Los Angeles, California, stating information from unknown caller that I was a drug dealer and drug user, stating the caller hung up, having me fraudulently investigated in retaliation of me filing a complaint against her for harassment.

3. Scott Engedal, He touched me with his left hand on the morning of 8/26/2021, putting my necklace back inside my uniform with his right hand while we were outside roll call, as the Detention staff were getting our work assignment. He stated that he was just giving me a hard time after I informed him I would put it inside my uniform once I go inside the building. at 77th jail division 7600 s. Broadway, Los Angeles, California

4. Scott Engedal started a fraudulent investigation against me for drug dealing and drug use from Traci Johnson fabricated phone call on 9/22/2021, as they both conspired in retaliation against me for filing a complaint of harassment on them both for their actions against me.

5. Stephen Winter, Officer in charged had me Illegally Detained per Captain Orlando Chandler, orders he stated on 4/6/2022, minutes afterwards having me handcuffed and seated back in a chair in retired Sergeant Scott Engedal's former watch-commander's office by a Detention staff at 77th Jail, 7600 s. Broadway, Los Angeles, California.

6. Orlando Chandler, Having me illegally detained by his orders as the Captain in charge, 7600 s. Broadway, Los Angeles, Ca .

7. Jesus Espinoza helped Illegally Detained me at 77th Jail 7600 s. Broadway, Los Angeles, California per Lt. Stephen Winter, by placing me in retired Sergeant Scott Engedal's chair in the former retired officer former watch-commander office and stood in the exit door way, blocking entrance before I was eventually handcuffed.

8. Alejandro Carbajal, walked in and passed Espinoza to handcuff me per Lt. Stephen Winter's orders and seated me back into the chair where I was always seated through the illegal detainment.

9. Stephen Winter, Illegally confiscated my mental health medications on 4/6/2022. I informed him that i had in my backpack, he retrieved my backpack, taking the medications out and made notations of them never returning them to me, location was at 77th Jail Division 7600 s. Broadway, Los Angeles, California.

10. Stephen Winter, forged my signature 4/6/2022, I'm assuming at 77th Jail Division 7600 s. Broadway, Los Angeles, California. I didn't learn of that until Discharge Report 1/19/2023

11. Stephen Winter, Illegally confiscated my identification employment badge at 7600 s. Broadway, Los Angeles, California on the evening of 4/6/2022.

12. Stephen Winter, Arrived at UCLA medical hospital on 4/7/2022 where i was admitted for mental health treatment on 4/6/2022. He harassed and bullied me into vehicle after I was released.

13. Joseph Hernandez, Arrived at UCLA medical hospital on 4/7/2022 where I was admitted for mental health treatment on 4/6/2022. He harassed and bullied me into vehicle after I was released.

14. Joseph Hernandez Deployed (Airship) Helicopter on me on 4/7/2022.
15. Orlando Chandler, Illegally Assigning me to home confinement on 4/6/2022, at UCLA medical center where I signed a stay at home order.
16. Orlando Chandler, Illegally having my L.A.P.D Detention Officer Badge confiscated on his orders on 4/9/2022, From my residence Per Stephen Winter.
17. Stephen Winter, Illegally confiscated my L.A.P.D Detention Officer's Badge per Captain Orlando Chandler Orders on 4/9/2022, he informed me on the phone, He sent Principle Detention Officer Dave Govan 4/9/2022 to retrieve it at my residence at 4917 W. 119th street Apt# J, Hawthorne, Ca.
18. Joseph Hernandez forged my signature on a document 4/7/2022, I did not sign that document he presenting with Hair/Sample written in pencil on it, I most definitely would not sign that. I don't know where that harm occurred. I didn't learn of that forged document until Discharge Report 1/19/2023.
19. Orlando Chandler, Illegally Discharging me as a L.A.P.D Detention Officer on 1/19/2023, at 180 n. Los Angeles street, L.A, Ca 90012. He informed me that it could be reversed.

20. Joseph Hernandez, not handling my Complaints and As Head of Jail Division, Not handling my Complaints and transferring me from (MDC) Jail 180 N. Los Angeles Street, L.A, Ca 90012 to 77th Jail Division 7600 S. Broadway, LA, Ca 90003, where I was Continued to be targeted and Harass and Discriminated against.

Attachment

A.  The discriminatory conduct of which I complain in this action include

Other acts.

1.  Illegal Transfer to 77th Jail Division
2.  Illegal Detainment
3.  Handcuffed
4.  Illegally confiscating Employment Identification Badge
5.  Illegally confiscating Mental Health Medications
6.  Harassment at Hospital
7.  Deploying (Airship) Helicopter on me
8.  Illegally confiscation L.A.P.D Detention Officer Badge
9.  Forging of my Signatures
10. Discontinued my mental health treatment
11. Home confinement
12. Home administrator Paid leave
13. Forced to resign in lieu of termination

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.    **Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

**4 · 7 · 2023    —    4 · 16 · 2023**

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)* **9 · 27 · 2024**

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

V.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

V. Relief

I'm asking for the court to Order

1. Reinstate my Employment as a Detention Officer with the City of Los Angeles Police Department, On the Basis of Retaliation and Violation of my rights, Civil Rights, medical Care Rights and committing unlawful actions against me that cause me physical and mental harm, as me being under a Doctor's care.
2. Retirement Pension that I withdrew Refunded back into Retirement fund.
3. Back-pay for nonpayment from 4/7/2022 to 9/15/2022 date of graduation from New Origins.
4. Back-pay from forceful Resignation 2/17/2023.
5. Promotion to Principal Detention Officer (PDO) putting me in a position to help others and to prevent Discrimination, Harassments and Retaliations in the work place.
6. 6/20/2020, Illegally Transferring me from MDC jail Downtown to 77th jail Division for filing, Reporting Harassment, Discrimination and Retaliation in the workplace to 77th jail Division where, I was continued to be targeted and harassed due to comradery, and taking responsibility through documentation, in untimely time 7/25/2022. I'm asking for $200,000 Monetary Damages
7. 4/6/2022, Illegal Detainment, causing me physical and mental harm and being admitted into UCLA medical hospital to receive medical care, I'm asking for Monetary Damages of $200,000.
8. 4/6/2022, Illegally confiscating my Psychological Medications, causing me severe mental harm without medications to take until 4/19/2022 upon admittance into New Origins in Redlands, CA, I'm asking for Monetary Damages of $200,000.
9. 4/6/2022 Illegally confiscating my Employment Identification Badge, I'm asking for Monetary Damages of $200,000. *- Mental and Physical Harm*
10. 4/6/2022, Forging of my signature on a Document, I'm asking for Monetary Damages of $200,000. *- Physical and Mental Harm*
11. 4/7/2022, Deploying (Airship) Helicopter on me, leaving me out in the community without resources and in medical distress without getting me medical treatment, causing me severe mental harm and physical harm without medications to take. I'm asking for Monetary Damages of $200,000. *Physical and mental Harm*
12. 4/7/2022 Forging of my Signature as I'm under a Doctor's care, I'm asking for Monetary Damages of $200,000.
13. 4/9/2022, Illegally Confiscating my Detention Officer Los Angeles Police Department Badge, I'm asking for Monetary Damages of $200,000. *Mental and Physical Harm*
14. 5/6/2022, I found out my psychological treatment was terminated, causing me to remain in new origins longer than I expected to continue getting needed mental health treatment, I stayed an extra four months until 9/15/2022, I'm asking for Monetary Damages of $200,000
15. 9/16/2022, After graduating from New Origins in Redlands, Ca, I was Assigned to home on administrative Paid leave without any work Identification Badge or my Detention Officer Badge, having to call into and call out to 77th jail division for a special assigned work schedule until forceful resignation in lieu of termination 2/17/2023, that was embarrassing and defaming to me. I'm asking for Monetary Damages of 200,000. *Severe Mental and Physical Harm*

16. 3/17/2021, I was physically attacked at 77th jail Division, reinjuring my Back and new injury to my right shoulder defending myself and suffering psychological mental harm, I completed therapies for physical injuries a time ago. I received mental Health treatments in New Origins, Redlands California having assess to Doctor counselors and psychiatrist. I'm asking for my worker compensations cases be resolved and settled, I'm asking for Monetary Damages 400,000.

17. I'm also asking the court to grant or to include Punitive Damages of $500,000 for my pain and suffering.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *12 - 19 - 2024*

Signature of Plaintiff

Printed Name of Plaintiff    *Clenzell E. Parks*

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

Letter to the Presiding Judge

Your Honor, This employment case is truly retaliation due to me filing reports of Harassments and Discriminations, which eventually got me wrongful transferred to 77th jail division where I continued to be targeted, harassed and discriminated against due to comradery. I have filed various complaints with the My VoiceLA, Department of Fair Employment and housing also (CRD) civil rights Department. I have also had several complaints that I have complained to different supervisors in person about concerns of harassment and discriminations.

On 9/21/2022 or 9/22/2022 the day of retaliation of Traci Johnson and Scott Engedal, I was working at Pacific Jail taking Detention Officer Robert Hardin's place in rotation due to me living closer 4917 W. 119th Street in Hawthorne, California due to him having child care issues to get there in time.

On one of the mornings mentioned dates above I sent complaints of harassments against Sergeant Scott Engedal and Senior Detention Officer Traci Johnson through the fax machine on a 15.7 Employee's Report form from Pacific jail to 77th jail division where Sgt. Engedal was my watchcommander in charge. Afterwards, I called to 77th jail division release desk to see if they received my fax so a supervisor could turn them in to Sgt. Scott Engedal, one was his own complaint against him, so he could properly file it.

Senior Detention Officer Marissa Lopez Serial NO. N3365, answered the phone, I asked her did she received my fax? She stated Yes! We hung up from each other, About twenty minutes or less Sgt. Scott Engedal, calls to pacific jail and ordered me not to send no more complaints through fax, I stated Yes Sir.

Afterwards, I felt from the angry tone of his voice that he wouldn't not even file them so I also faxed them to my VoiceLA complaint fax number 213-473-9113, I have the presumption that he didn't now due to the late untimely response from the police department in 2022, after 4/6/2022.

I also later filed complaint against Marissa Lopez for Discrimination due to Commendation I received from her should have been written solely to me on 3-11-2021, Principle Detention Officer David Yuen Serial No. G9223 written a message to me on that commendation I received from her, that was unusual, I solved that situation, (PDO) Jesus Espinoza, spoke proudly of me accomplishing the goal of solving that problem of suicidal female refusing to give up her fingerprints so we could send her out to hospital for treatment . My concerns were how could I ever stand out and beyond from my peers for my good works so I could one day reach her status as a senior Detention Officer. I filed that with the department on a later date reason why I believed she was moved off the detention floor.

Marissa Lopez, is the wife of William Ontiveros who harassed me 11-3-2021, causing me to go back out on stress leave 11/8/2021, along with Traci Johnson, they were all in comradery together against me.

I don't even know Luitentant Stephen Winter my whole career and we didn't have a Luitentant there at 77th jail division since I was wrongful transferred there 6/20/2020. I first met him as I came up to 77th to turn in doctor note in January 2022 for me continuing stress leave, first day I met him. I was happy hoping harassment and discriminations would stop against me, due to me informing him of my issues.

Second day I met him was 4/6/2022, the day he violated my rights, civil rights and unlawful actions of illegally detaining me, having me handcuffed and illegally confiscating my mental health medications.

I know it's a lot happened with me your honor, I can't help or dictate other people actions but have a right to report them, doing the right legal thing as I thought. I'm a religious man who was took from a

bad area of Los Angeles and adopted and raised by my grandparents in Arkansas, They taught me good values and to be respectful, loving, understand and be kind to everyone, and be God fearing. Those the same values I teach my two sons who is behind in Los Angeles without me Your Honor, one is 22 and the other is 14, a pivotal time where they need me in their life, I never had a father and would like to get my employment reinstated as a Detention Officer due to all of their misconduct and violations against me.

They needed me to resign in lieu of termination to cover up their violations of my rights, their wrong doings and unlawful actions against me.

It's all in God's Hands, It's all in your hands Your Honor. To see through the fabrications from the Police Department and what really went on here. I was never Insubordinate Your Honor, Just Rebellious to Retaliation.

Thank You! Your Honor



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/27/2024

**To:** Clenzell E. Parks
155 E. Frye Rd. Apt# 344
CHANDLER, AZ 85225
Charge No: 480-2023-02903

EEOC Representative and email:      JORGE SOSA
Federal Investigator
jorge.sosa@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
09/27/2024
Christine Park-Gonzalez
District Director

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.calcivilrights.ca.gov | contact.center@dfeh.ca.gov

| | |
|---|---|
| EEOC Number: | 480-2023-02903 |
| Case Name: | Clenzell E. Parks v. City of Los Angeles |
| Filing Date: | April 7, 2023 |

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Civil Rights Department (CRD) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint. Please contact EEOC directly for any discussion of this complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court**. According to Government Code section 12965, subdivision (c), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (c), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (e)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, CRD does not retain case records beyond three years after a complaint is filed.

CRD-200-02 (09/2022)

**BOARD OF CIVIL SERVICE COMMISSIONERS**

Room 360 PERSONNEL BUILDING

RAUL PEREZ
PRESIDENT
KARLA M. GOULD
VICE PRESIDENT

JEANNE A. FUGATE
GUY LIPA
NANCY P. McCLELLAND

BRUCE E. WHIDDEN
COMMISSION EXECUTIVE DIRECTOR

# CITY OF LOS ANGELES
CALIFORNIA



**KAREN R. BASS**
MAYOR

**PERSONNEL DEPARTMENT**
PERSONNEL BUILDING
700 EAST TEMPLE STREET
LOS ANGELES, CA 90012

Dana H. Brown
GENERAL MANAGER

May 4, 2023

Cienzeli Parks                                                        Sent via US mail
4917 West 119th Street Apt J.
Hawthorne, CA 90250

RE: COMPLAINT OF DISCRIMINATION FILED WITH THE: **EEOC**
EEOC No.: **480-2023-02903** – Our Case No.: **COM-069531-2022**

Dear Clenzell Parks:

The Office of Workplace Equity of the Personnel Department has received a copy of the complaint you filed against the Los Angeles Police Department with the Equal Employment Opportunity Commission (EEOC) on April, 16, 2023. As the City's respondent to such complaints, the Personnel Department's Office of Workplace Equity - Equal Employment Opportunity (EEO) Section will investigate your allegations of discrimination, harassment on the bases of mental/physical (actual or perceived) disability.

Mr. William White, of my staff, will be conducting the investigation and may be contacting you in the near future to inquire if you would like to discuss your allegations. Mr. William White may be reached at (213) 675-4471, at william.white@lacity.org and at per.eeo@lacity.org

The results of this investigation will be provided to the EEOC for its review and determination. The EEOC will communicate its findings to you directly. As this complaint has been lodged with an outside agency, any questions you may have regarding this process should be directed to the agency where you filed your complaint.

The Personnel Department is committed to a full program of equal employment opportunity to ensure that City employment practices are based on merit, and that employees are provided work environments free of discrimination and harassment. Equal employment law prohibits an employer from retaliating against employees and employment candidates for filing complaints of discrimination. Should you believe you have been retaliated against as a result of your filing this complaint, please contact our office at (213) 473-9100 or at per.eeo@lacity.org.

Sincerely,

Olivia Flores, Assistant Chief
Office of Workplace Equity

OF:vd:ww

AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER
WWW.LACITY.ORG/PER

**RESPONSE TO ALLEGATIONS**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**COMPLAINT OF DISCRIMINATION – CLENZELL PARKS**
**EEOC NO. 480-2023-02903**

## BACKGROUND

Clenzell Parks (Parks) began his employment with the City of Los Angeles (City) – Police Department (LAPD) on March 27, 2007, as a Detention Officer (DO). On February 17, 2023, Parks was terminated from employment with the City.

As a DO, Parks was responsible for managing the intake of department arrestees including the booking, fingerprinting, and maintaining custody and control of arrested persons, which may require the use of force to overcome resistance. For further information as to Park's duties and responsibilities as a DO, please see Attachment One.

The City's Personnel Department – Office of Workplace Equity (OWE) is responsible for investigating and responding to equity-related complaints filed against the City with external compliance enforcement agencies.

## ALLEGATIONS

On April 16, 2023, Parks filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination on the basis of his disability and retaliation for his participation in protected activities:

I.     I began my employment with the City of Los Angeles on or about March 27, 2007, and my last position with the City was a Detention Officer. On or about October 12, 2021, and on or about April 23, 2021, I filed DFEH/CCRD charges against my employer alleging discrimination and harassment by Tracie Johnson and Scott Engedal, City employees. On or about March 8, 2022, my employer became aware of my medical condition. From on or about September 15, 2022, until on or about February 17, 2023, I was placed on a paid administrative leave. On about January 18, 2023, Mark Walker (job title unknown) told me that Orlando Chandler, Captain of Custody Division, wanted to see me in his office on or about January 19, 2023. On or about January 18, 2023, I contacted Kevin Monk, Union Representative, and Jeffrey Schneider, Union Member, IEU (International Employees Union), to inquire about the nature of the meeting, but they failed to provide assistance. On or about January 19, 2023, Captain Chandler issued me a disciplinary report. On or about February 17, 2023, I was constructively discharged.

II.     No reason was provided by the Union for the failure to represent me. No reason was provided by the management for the discipline

## RESPONSE

May 31, 2024
Statement of Position – Parks, Clenzell – EEOC No. 480-2023-02903
Page 2

To investigate this complaint, staff of the OWE's Equal Employment Opportunity (EEO) Section
reviewed all pertinent documentation and/or communicated with the following employees:

Gonzalez, Guadalupe, Senior Personnel Analyst I, Los Angeles Police Department
Johnson, Traci, Senior Detention Officer, Los Angeles Police Department

*Parks alleges that on or around March 8, 2022, he experienced discrimination due to his
medical condition and retaliation due to his past filing of complaints with the California Civil
Rights Department (formerly known as the Department of Fair Employment and Housing)
when he was placed on paid administrative leave and, ultimately, constructively discharged
effective February 17, 2023.*

There is insufficient evidence to support Parks' claim of retaliation due to his past filings of
complaints and discrimination based on his medical condition by being placed on paid
administrative leave and constructively discharged. Parks provides no nexus between the
discrimination he alleges to have experienced and his medical condition, and, through their
investigation, EEO staff found no nexus.

Parks was off work on Family Medical Leave (FMLA) (Attachment Two). He was off on paid
leave from February 17, 2021 through February 8, 2022. He was then off work on leave without
pay from February 9, 2022 until April 5, 2022, and returned to work on April 6, 2022. Despite
Parks being on FMLA protected leave, at no point did Parks disclose a disability to the LAPD.
Parks filed a workers' compensation claim on April 7, 2021 but he did not have any work
restrictions related to this claim, and LAPD was unaware of a possible disability.

On September 22, 2021, while Parks was on leave, LAPD received an anonymous complaint at
the Release Desk at Parks' work location, the 77th Regional Jail Section of the LAPD. Senior
Detention Officer, Traci Johnson (Johnson) answered the call and spoke to the anonymous
complainant. The complainant advised Johnson that Parks was both using and selling drugs.
Although the complainant declined to identify themselves, Johnson took down all of the
information that was provided to her before the anonymous complainant disconnected the call.
Johnson reported the allegations made against Parks to the Assistant Officer in Charge who was
Police Sergeant II Scott Engedal (Engedal). Due to the alleged misconduct, Engedal initiated an
investigation and referred this matter to the Special Operations Division (SOD) of the LAPD.
SOD's investigation began on October 27, 2021, and they conducted surveillance through January
28, 2022.

On April 6, 2022, upon his return to work, Parks was interviewed by SOD. During his interview,
Parks denied purchasing or selling illegal drugs and admitted to using cannabis on a regular basis
for the entirety of his employment with LAPD and as recent as three days prior to his April 6, 2022
interview. This is in violation of the LAPD's Office of Administrative Services Notices 1.3 and
12.13.1 (Attachments Three and Four). At the conclusion of his interview SOD requested to take
Parks to the City's Medical Services Division (MSD) for a voluntary drug test. Park agreed to
this, and, at this time, Police Captain III Orlando Chandler (Chandler) served Parks with an

May 31, 2024
Statement of Position – Parks, Clenzell – EEOC No. 480-2023-02903
Page 3

Interdepartmental Correspondence assigning him to his residence until further notice (Attachment
Five). While waiting for transportation to MSD for drug testing, Parks began making statements
indicating a plan to harm himself, and he attempted to leave his work location without permission.
Based on concern that Parks was a danger to himself, he was placed on a 5150[1] psychiatric hold
at Harbor- UCLA Medical Center.

On April 7, 2022, Parks was released from the hospital. Orlando instructed LAPD officers to meet
Parks at the hospital and transport him to MSD for drug testing. At this time, Parks agreed to go
with the officers to MSD to complete drug testing. While en route to MSD, Parks began stating
that he would not submit to drug testing. He then removed his seatbelt and exited the vehicle,
which was in motion, on the 110 freeway during rush hour. Several hours later, Parks arrived at
his work location and requested to retrieve his property, which he was permitted to do.

From April 11, 2022 through November 1, 2022, Parks was absent without pay then returned to
work on November 2, 2022. Based on SOD's investigation, Parks' admissions during his interview
with SOD, and Parks' insubordination when he refused to undergo drug testing at LAPD on
January 19, 2023, Chandler recommended that the allegations made against Parks' be sustained
with the proposed penalty being discharge (Attachments Six and Seven). Chandler's
recommendation to discharge Parks is consistent with the City's Personnel Policies for this type
of offense. More information regarding the City's Personnel Policies can be found at the link
below:

https://personnel.lacity.gov/doc.cfm?get=Personnel-Department-Policies

On February 17, 2023, Parks resigned from his position of DO with the LAPD (Attachment Eight).
At no point prior to Parks' termination was LAPD aware of Parks having a disability. However,
EEO staff did confirm that Parks has filed several complaints of an EEO nature prior to his
resignation from LAPD. More information about each complaint is listed below:

| Complaint Number | Internal Affairs Tracking Number | Date Received | Agency | Outcome |
|---|---|---|---|---|
| COM-058941-2022 | 22-001876 22-001126 | 04/28/2022 | MyVoiceLA (MVLA) | 22-001876 was consolidated with 22-001126 22-001126 - all allegations adjudicated as Unfounded |

---

[1] 5150 is the number of the section of the Welfare and Institutions Code, which allows an adult who is experiencing
a mental health crisis to be involuntarily detained for a 72-hours psychiatric hospitalization when evaluated to be a
danger to others, or to the self, or gravely disabled.

May 31, 2024
Statement of Position – Parks, Clenzell – EEOC No. 480-2023-02903
Page 4

| COM-056953-2021 | Consolidated with 056632-2021 | 10/25/2021 | MVLA | Consolidated with COM-056632-2021 |
|---|---|---|---|---|
| COM-056823-2021 | 21-002806 | 10/06/21 | MVLA | Allegations adjudicated as Unfounded and Insufficient Evidence to Adjudicate |
| COM-056632-2021 | 21-002767 | 09/02/21 | MVLA | Allegations adjudicated as Unfounded, Not Resolved and No Misconduct |
| COM- 038063-2020 | 20-002519 | 07/13/2020 | MVLA | Allegations adjudicated as Unfounded |
| 201911-08182006 | | 02/24/2020 | DFEH | DFEH was unable to conclude that the information obtained established a violation, and complainant elected court action. |

Although Parks has filed several EEO complaints prior to his resignation in February 2023, EEO staff found no evidence to show a nexus between his filing of these complaints and the action taken against him for the sustained allegations of misconduct.

There is insufficient evidence to support that Parks was discriminated against based on his medical condition or retaliation for his past filing of EEO complaints.

## CONCLUSION

There is insufficient evidence to support Parks' allegation that he experienced discrimination or retaliation by being placed on administrative leave and subsequently discharged, based on his medical condition, or any other EEO animus.  EEO staff found no evidence of constructive discharge or harassment.  The events that occurred were the direct result of Parks' own behavior. Pending disciplinary action for misconduct, Parks chose to resign from LAPD.

Based on the foregoing, we respectfully recommend that the EEOC close this complaint.

Response to Respondents Position Statement

Clenzell Parks
**EEOC Charge 480-2023-02903**

On 04-6-2022, I returned from Downtown (MSD) Medical Service Division, after changing my mind to take a voluntary urine sample. It states it was voluntary on the complaint adjudication form: CF No.21-003014 page 2 13.2 with Lieutenant Stephen Winter serial No.32329 and Principal Detention Officer Jesus Espinoza Serial No. N1653, I was not permitted to leave after returning from (MDS) Medical Service Division, as we traveled there first.

After returning I asked as I was getting out of the vehicle inside the jail parking lot at 77th jail division police station and was brought into the jail entrance. I was walked through the jail to retired Sergeant Scott Engeldal office serial No. 31287 Watchcommander's office where I was illegally detained-Please view the camera footage at 77th jail division. And on the footage, you will see (PDO) Jesus Espinoza guarding the door preventing me from leaving.  Lt. Stephen Winter came inside the office, I asked if I could go home for the second time-I was told NO per Captain Orlando Chandler's serial no. 26288 orders.

I informed Lt. Stephen Winter that I was feeling suicidal and needed medical help/care, I also informed him I was being treated for mental health issues and was taking prescribed medications and seeing Dr. Gennardy Musher,
I informed Lieutenant Stephen Winter to tell Captain Orlando Chandler that! I was being illegally detained.

I was then handcuffed by my own senior Detention officer Alejandro Carbajal serial no. 4080, He then continued standing beside me after handcuffing me seating me back in a chair giving me a drink of water, putting the cup up to my mouth.  I informed Lt. Stephen Winter that I had my medications in my backpack. He had my backpack and retrieved my medications himself.  The medication had Dr. Gennady Musher's name on it who is a psychiatrist.

Office Powell arriving before the medical staff arrived due to the 77 police officers radio alert placed by Lt. Winter over the radio, that was embarrassing to me and not necessary. The medical personnel arrived and took inventory of the medications that I had in my possession, and along with Lt. Stephen Winter, he never gave me my medications back or put them back in my backpack; I arrived at the hospital without them.

When I arrived at the hospital, I was un-handcuffed- hands from the back and then handcuffed to the gourney and rolled out of the station with officer Powell walking beside me until I got into the ambulance-view 77th jail camera footage. When I got to UCLA medical center I was greeted by Captain Orlando Chandler and he handed me a stay at home order to sign himself, once my hands were free with Lt. Stephen Winter standing not too far away.

On January 19, 2023, I reported to Captain Orlando Chandler at downtown Metropolitan Detention Center (MDC) jail in a office, he was in presence of Sergeant Brian Valle serial No.35110 and another office I did not recognize. The He explained to me I was being discharged as a detention

officer and it could be reversed. I had already came to a conclusion that I was already discharged due to not having a detention officer's badge anymore to turn into him. I was confused and did not understand why I was being paid at home. The bade that was confiscated was 04-9-2022 by (PDO) Dave Govan serial No. N1001 and he came to my residence 4917 W. 119th St. Apt.#J Hawthrone California. I informed Lt. Stephen Winter on the phone that it would be place under the door mat due to not wanting to see or contact with anyone.

I placed it under the door mat and watched as (PDO) Govan retrieved it, the screen was closed, and door opened. I gave my badge up after a phone call from Lt. Stephen Winter, per Captain Orlando Chandler's orders to do so. I was in disbelief on 2/17/2023 when Captain Orlando Chandler emailed me about the badge, he had confiscated per his orders on 4/9/2022.

On 1/19/2023 in the discharge meeting I was advised about a Skelly response having until 2/21/2023 to respond to. On the Los Angeles Department complaint adjudication forms that I received on 1/19/2023 from Captain Orlando Chandler discharging me his name was presented/written on the form CF No 21-003014 page 2 of 2/ form CF No, 21-003014 page 4/ 13.2 number 40 thru 43 it states he being informed  and the police department in/by their report that I suffered from depression and anxiety and was being treated by a private doctor for this.

The medications they listed on 04/06/2022 were Zoloft, Ativan and Triptylin. I informed Captain Orlando Chandler via email on 1/22/2023 days after he discharged me stating to him that I had an appointment 4/7/2022 @ 9:45AM, it was telemedicine conference (while laying on the bed in UCLA medical center). I emailed him a document stating that I was temporary totally disable on 4/8/2022.

Captain Orlando Chandler continued to punish me and violated my rights, at times my Civil rights as the commanding officer in charge as the captain involved. I entered New Origins to continue mental health treatment in Redlands California from 4/19/2022-9/15/2022 and I learned 5/5/2022 that my care was terminated by the insurance company handling my worker's compensation care and it could possibly be reinstated through my attorney since the city discontinued my care per my doctor Gennady Musher's office.

Because my care was discontinued, I made the decision to stay in New Origins longer to continue to get the mental help treatment that I needed with medications, doctors, and psychiatrist counseling. I continued to turn in medical notes to the 77th jail division sick and IOD coordinator Maria A Gambino serial No. N1655 to continue to get payments from the standard insurance company while I was still receiving care/treatment at New Origins mental health center.

I was released to go home on administrative paid leave after completing my stay at New Origins, until I was forced to resign 2/17/2023.  My worker's compensation Attorney, Mitchell Law Corporation at 11845 W. Olympic Blvd.#725 W Los Angeles, California 90064-Phone (310) 442-9380 they are continuing to fight my pending worker's compensation cases that I have with the city of Los Angeles for physical and mental health injuries that I have suffered through the years and have proof of litigating cases.

I was not off on FMLA, I was taking off work by my primary Doctor Kenneth Shiozaki. I was having illnesses of Anxiety and Depression I was experiencing at work due to being targeted and harassed at work, with Discriminative acts towards me that I informed him.

I sent in many complaints that I have documentation of, more than one. The Los Angeles Police Department responded to two of them, it was affecting my mental state. I never took off work 2/17/2021- 2/8/2022 as stated due to not having (FMLA) time to take that long off without being paid. I was at work due to earning a commendation on 3/11/2021 from Senior Detention Officer Marissa Lopez Serial No. N3365 at 77th jail Division. I was also attacked at work generating a police report on 3/17/2021 and was working through most of those times stating that I was off.

The last time that I take off was beginning 11/8/2021- 4/6/2022 that I have documentation of from my primary doctor. Three months later 2/4/2022 I will begin to see Psychristic Doctor Gennady Musher for a workers Compensation case.

On 4/7/2022, Upon my release from UCLA medical Center entering the hospital on a 5150 hold, releasing me around 11:00am that morning. I went outside and Lieutenants Joe Hernandez Serial No. 31267 and Stephen Winter Serial No. 32329 were walking up towards me. That situation could have been detrimental to my safety. I was visibly upset at the sight of them both showing up at my release to harass me and being angry at Lt. Stephen Winter for illegally detaining me Per Captain Orlando Chandler's orders and lying to the UCLA medical staff about the situation.

I had filed a complaint against Lt. Joe Hernandez in the past, He informs me 3/17/2021, in a meeting I had with him when he visited 77th jail division for the first time since I was wrongfully transferred there. I remember that day clearly due to the day I was attacked. In the meeting I requested with him retired sergeant Scott Engedal was present. Lt. Joe Hernandez immediately yelled at me "You Filed a complaint on me" as I yelled back "You wasn't handling mine. He stated we weren't going to speak on any issues anymore due to it could become a court issue. Afterwards, I was doing a release of an arrestee and was unprovokedly attacked doing the release of her.

It's problematic to me that she wasn't charged for attacking an officer and let go Sergeant Scott Engedal, came to me stating that she told me sorry, and she was on meth. I never heard anything like that before and that should have been investigated, another maliciously acts towards me, remembering the day 3/17/2021. Those two officers should of never showed up at UCLA medical center.

They kept asking me was I under a doctor's care? On any restrictions? Before they bullied me into the vehicle putting my backpack into the trunk of their vehicle, please view body -cam video that was mentioned in their report. I was so angry and upset, suffering from anxiety, that I wasn't thinking of any information to inform them. I got into the vehicle and changed my mind after signing a document to take a urine sample, It wasn't the same document presented in their report on 4/7/2022 which was illegal and my signature forged on the presented documents. Those are two different signatures on 4/6/2022 and 4/7/2022.

They pulled in front of 77th police station, Lt. Joe Hernandez, got out of the vehicle and made a phone call. I learned from the discharge report on 1/19/2023 that he was speaking with Captain Orland Chandler Serial No. 26288. He gets back into the car and Lt. Stephen Winter started speeding towards the freeway exit off Broadway. I was anxious and nervous at the same time knowing these two police officers doesn't follow the law, especially Lt. Stephen Winter illegally detaining me, before I made the suicidal ideation on the previous evening of 4/6/2022.

Once we entered the freeway, I was expressing to them of their wrong doings and how upset I was at them in this retaliation against they are doing against me on retired Sergeant Scott Engedal behalf. We were exchanging words along the drive there, Lt. Stephen Winter expressing to me that he wants my badge. I came to the conclusion after his statement I was being terminated, Afterwards, Lt. Stephen Winter, started looking into the rear-view mirror as he were driving making contact with Lt. Joe Hernandez, I got paranoid feeling I could be harmed and no one would believe it wasn't my fault, due to no one caring or listening to me now. Once the vehicle slowed down on the downtown exit ramp, I exited the vehicle for my safety.

I noticed a Helicopter above deployed on me, (Airship) it was called. I learned that from the discharge report on 1/19/2023 on page 11A, given to me by Captain Orlando Chandler, Officer in charge. I learned it was guided by Lt. Joe Hernandez, I had not committed a criminal offense, I feel that was another Harmful, Harassing and Discriminative act towards me. Captain Orlando Chandler advised Lt. Joe Hernandez to discontinue any police Department response, leaving me out there without any resources or providing me with the medical assistance that I may have needed after getting me from a medical treatment center.

I get back to 77th police station Principal Detention Officer William Otiveros, hands me my backpack leading me to my vehicle. I feel from the beginning of the encounter from the hospital that my car was used as leverage. I made it home due to not living far away, I'm in a panic with no medications from Lt. Stephen Winter, confiscating them on the evening before on 4/6/2022.

I looked into my backpack and noticed a yellow sticky note paper with a phone number on it without a name. I called the phone number and it was Police Officer Powell, He put his phone number (951) 454-3984 in my backpack, He stated to me that he didn't like how Lt. Winter was handling my situation coming to the front and informing my co-workers of my personal, confidential information.

I entered New Origins 4/19/2022 to continue mental health treatment until 9/15/2022, after I was released I was ordered home on administrative paid leave. I was discharged on 1/19/2023, by Captain Orlando Chandler, handing me a Disciplinary Discharge report, being aware of what it contains inside including my medical condition with a skelly response on 2/22/2023. I did sign the report Per not discussing what was inside.

On 1/19/2023, I got home and looked inside the Disciplinary, Discharge forms # CF No.: 21-003014, Page 2 of 3, I finally understand what was going on and what this case was about that had me investigated from the beginning. 9/22/2022 Senior Traci Johnson Serial No. N1659, stating that she received a phone call at the release desk stating that I was a drug dealer/ user, with no name of caller due to them hanging up. I had a meeting with Principal Detention Officers David Yuen Serial No. G9223 and (PDO) Vogue Serial No. E9965 reporting to them about my harassment from her on my scheduled lunch break 4/23/2021, Traci Johnson coming outside informing me "Don't be out here too long" "You don't want to

draw any attention to yourself". I stated to (SDO) Johnson that I was on an official lunch break and had permission to take one from Senior Detention Officer Herrera Serial No. N2394. Once my lunch break was over I went inside to the release desk where she was working and I asked her what did she mean by Don't draw any attention to myself? She stated to me, " I Am Just Telling You For Your On Good", "Don't Draw Any Attention To Yourself". I immediately took that as a threat and filed a complaint with the California Fair Employment and Housing case # 202111-15463922 dated 4/2021, I have as evidence with my response statement. I knew a retaliation was coming but I didn't know in what form as I was continued to be harassed in her presence leading me to take off work on stress related issues 11/8/2021.

After the fraudulent phone call (SDO) Johnson stated that she reported it to retired, Sergeant Scott Engedal, The Watch-commander in charge of 77th jail Division who I filed a complaint against also with the California Fair Employment and Housing 10/2021 case # 202111-15463722, for touching me outside roll call putting his left hand on my shoulder and using his right hand to put my Jesus cross necklace back into my uniform. I informed him that I would put the necklace back inside my uniform before I go inside the building. He stated, " I am Just Giving You a Hard Time" If I was inside the building I wouldn't have filed complaints due to being in the wrong.

I also filed complaint with the city of Los Angeles police Department Case # CF NO. 21-002767 dated 9/19/2022 coming back Not-Resolved on Sergeant Engedal with a printed out witness text statement from Detention Officer Robert Hardin, also about him going around the job asking questions about me, from Detention Officer Elsa Garcia, He was making my work environment hostile, I do have in my printed out statements in my possession. The Traci Johnson, incident came back unfounded, these results would come back in an untimely manner after 4/6/2022.

I sent in the two complaints about Senior Detention Officer Traci Johnson and Sergeant Scott Engedal on Deployment Period (DP) 9, 9/ 2021.  I was working at pacific jail due to taking (DO) Robert Hardin place in rotation. I sent those two complaints through the fax machine from pacific jail to 77th jail Division on 9/21/202] or 9/22/2021.

 Afterwards, I called to 77th jail to see was my complaints received through the fax machine? Senior Detention Officer Marissa Lopez Serial No. N3365, answered the phone, I asked her? She stated yes she received them. It was about 20 minutes later Sergeant Scott Engedal, called to pacific jail and ordered me not to send no more complaints through the fax machine! I replied to him Yes Sir. I feel that helped them make their decision to go forward with their plan of retaliation, same day 9/21/2021 or 9/22/2021 of that phone call Traci Johnson reported to Sergeant Scott Engedal that was fabricated from the beginning with no caller. I know this case is about retaliation despite all the unlawful tactics against me were used and at times violating certain rights and civil rights.

I have committed no Misconduct as a Detention Officer working for the Los Angeles police department my whole career, there is no record of me being involved or arrested for any Misconduct. I am not a drug dealer or never sold Drugs, I have not been smoking Marijuana my whole Detention Officer career and never told that to the police Department in no interview, who would do that? I don't recall informing anyone that I used Marijuana days prior in interview with Det II. Hugo Gutierrrez. I was forced to resigned 2/17/2023, I would of never resigned on my free will leaving my two sons behind in California. My signatures were forged on 4/6/2022 and 4/7/2022, those are two different signatures and

Those Officers in my case due to comradery is untrustworthy and doesn't live up to the core values we were taught in the police academy, one we were taught is integrity, I'm appalled at all the fabrications in this case. I do understand that Sergeant Scott Engedal and Lt. Stephen winter had nothing to lose in resulting into using misconduct due to their retirement time was near. It doesn't reflect on the Department as a whole due to it being a lot of good trustworthy police officers that's working in the Department, Officer Powell is one of them.

I did everything I could possibly do to stop the harassment and being targeted, I even called in Internal Affairs Elizabeth Reyes Serial No. 36106 into Metro Politian Detention Center downtown 7/11/2019, who came into the jail to interview me about my concerns of harassments, also other (IA) Investigators came to my home to interview me on 7/15/2019. Soon after I was wrongful transferred to 77th jail division where the harassment and being targeted continued until the (SDO) Traci Johnson and Sergeant Scott Engedal's retaliation against me. I do have response of the wrongful transfer complaint also complaint CF No. 19-002965, stating:  Actions could have been Different and will be addressed by the concern commanding officer through corrective actions, Even, writing the District Attorney's office of George Gascon, who stated concerns of civil laws violations of the state.

My pain and illness that I was suffering with at the time came from the police department, with no help or concern from anyone, You don't leave your brother or sister behind who are sick, You do your best to assist and help them, not harm them. My problems were sending and filing too many complaints of many officers who targeted and harassed me. I would surely currently still be employed as a Los Angeles Police Department, I was a good Detention Officer never written up or late in all my career. Those officers in my case is untrustworthy and don't live up to the core values, one is integrity we were taught in the Los Angeles Police Academy. The whole investigation from the beginning, I'm asking should be thrown out completely and asking for reinstatement of employment. 7/1/2024. Thank You!

officer
Powell

I wrote
name

After I
Contacted
the phone
Number

After I
got home
After
Helicopter
Icident

this was
in my
Backpack



Clenzell Parks

On 04-6-2022, I returned from Downtown (MSD) Medical Service Division, after changing my mind to take a voluntary urine sample. It states it was voluntary on the complaint adjudication form: CF No.21-003014 page 2 13.2 with Lieutenant Stephen Winter serial No.32329 and Principal Detention Officer Jesus Espinoza Serial No. N1653, I was not permitted to leave after returning from (MDS) Medical Service Division, as we traveled there first. *Espinoza was Driving*

After returning I asked as I was getting out of the vehicle inside the jail parking lot at 77th jail division police station and was brought into the jail entrance. I was walked through the jail to retired Sergeant Scott Engeldal office serial No. 31287 Watchcommander's office where I was illegally detained-Please view the camera footage at 77th jail division. And on the footage, you will see (PDO) Jesus Espinoza guarding the door preventing me from leaving. Lt. Stephen Winter came inside the office, I asked if I could go home for the second time-I was told NO per Captain Orlando Chandler's serial no. 26288 orders.

I informed Lt. Stephen Winter that I was feeling suicidal and needed medical help/care, I also informed him I was being treated for mental health issues and was taking prescribed medications and seeing Dr. Gennardy Musher,

I informed Lieutenant Stephen Winter to tell Captain Orlando Chandler that! I was being illegally detained. *That's when Winter then took my employment I.D Badge*

I was then handcuffed by my own senior Detention officer Alejandro Carbajal serial no. 4080, He then continued standing beside me after handcuffing me seating me back in a chair giving me a drink of water, putting the cup up to my mouth. I informed Lt. Stephen Winter that I had my medications in my backpack. He had my backpack and retrieved my medications himself. The medication had Dr. Gennady Musher's name on it who is a psychiatrist. *I never received medications Back.*

*I can understand not being able to leave after making the Suicidal Ideation*

*Before that I was Already Illegally Detained when Alejandro Carbajal walked In I was Already Illegally Detained, He didn't handcuff me until After I made Suicidal Ideation. You Can't make Me Do Anything I don't want to, I have a right to change my mind on A voluntary Urine Sample*

*View Video footage 4-6-2022*

ADMINISTERED BY:

**ELITE**
CLAIMS MANAGEMENT
Workers' Compensation Specialists

27475 YNEZ ROAD #314
TEMECULA, CA 92591
www.eliteclaims.com

(951) 676-3850

**City of Los Angeles**
California



ERIC M. GARCETTI
MAYOR

AN EQUAL EMPLOYMENT
OPPORTUNITY EMPLOYER

WWW.LACITY.ORG/PER

November 20, 2020

Clenzell Parks
4917 West 119th St., Apt. J
Hawthorne, CA  90250

Employee:       Clenzell Parks
Claim No.:       4039713
Date of Injury:  07/16/2019

Dear Clenzell Parks:

A definite appointment has been made for you to be examined by:

Date:        12/7/2020
Time:        8:30 A.M.
Doctor:     David Friedman, MD
               5769 Uplander Way
               Culver City, CA 90230
Phone:      (310) 337-9800

Purpose:  PANEL AME EXAMINATION           *Psych Doctor's*

A check in the amount of $17.94 to cover mileage costs and parking fees to and from the doctor's office was
previously sent to you.

Please make every effort to attend the scheduled appointment, as the doctor has set this time aside for you.
Failure to keep this appointment may subject you to liability for a missed appointment and may prejudice your
case before the Workers' Compensation Appeals Board.  If for any reason you are unable to keep this
appointment, please call the doctor's office and return the check to the Office of the City Attorney.

If you have any questions, please feel free to call me at (888) 525-2263.

Sincerely,

*Marc Baker*

Marc Baker
Claims Analyst

*This Doctor informed that the
City of Los Angeles was responsible
for my stress, And would have to
Compensate Me, But It wouldn't
Be much.*



A Professional Corporation
**Brian C. Mitchell**
*Attorney at Law*

January 26, 2022

*I did Attend this Appoint ment*
*↓ next one*
*3 4 - 2022*
*11:30 AM*

Marc Baker
ACME Administrators, Inc
27475 Ynez Road, Ste. 314
Temecula, CA 92591

RE:    Clenzell Parks vs. City of Los Angeles
       EAMS Case No.    : ADJ12715740
       Date of Injury   : 11/01/2017-07/16/2019
       Claim No.        : 4039713

Dear Mr. Baker:

Please be advised this law firm represents the above-named applicant regarding a workers' compensation injury or illness. Pursuant Labor Code Section 4600/4601 et. Seq. you are hereby informed that the applicant has selected the following medical facility as his primary treating physician for treatment:

**Dr. Gennady Musher, MD**
**6221 Wilshire Blvd. Ste. 401**
**Los Angeles, CA 90048**
Ph: (323) 655-3747
Appointment: 02/04/22 at 9:00am

*4 - 7 - 2022*
*9:45 AM*
*Zoom in Hospi*

The above-mentioned physician or facility is being notified of the election by copy of this letter in the above matter. Please immediately authorize said physician or facility to provide medical treatment. By copy of this letter the physician or facility named above is directed to provide all medical treatment and to employ physician and facilities that are reasonably required to cure or relieve the employee from the effects of the injury. Please be aware of your reporting obligations pursuant to <u>Title 8 of California Rules and Regulations § 9785; §10608 (a)(4),</u> "service of all medical reports with RFA, med-legal reports, and other medical information on parties" including Applicant Attorney.

San Diego Office:
Telephone: (619) 702-6518
Fax: (619) 702-6534
404 Camino Del Rio South, Ste. 603
San Diego, CA 92108

Los Angeles Office:
Telephone: (310) 442-9380
Fax: (310) 442-9490
11845 W. Olympic Boulevard, Ste. 725W
Los Angeles, CA 90064

www.mitchelllawcorporation.com

Gormely Musher, M.D., Ph.D.,                              Lic. #A54904
21 Wilshire Blvd, Suite 401 B, L.A., CA 8748
Psychiatric Follow up Evaluation/ Treatment

☑ telemedicine
Conference

04-07-2022  Patient's complaint: Patient's Name: DAVIS, Clenzell     DOB: 4/29/1976  D.O.I.

_patient stays teas fells depressed_
_and anxious. I was in court/tour_
_because had investigation and so_
_using marijuana, they keep me hostile_
_and I feel they counsel spited and they_
_force me to fill illegal and i am there now_

Mental Status Examination:
Alertness/Orientation: (✓) oriented ( ) disoriented
Appearance: (✓) well-groomed ( ) careless ( ) disheveled ( ) odorous ( ) bizarre ( ) unkempt ( ) other
Behavior: ( ) calm (✓) cooperative ( ) hyperactive ( ) agitated ( ) hypoactive ( ) tense ( ) suspicious ( ) other
Attitude: (✓) cooperative ( ) uncooperative (✓) friendly ( ) hostile ( ) evasive ( ) guarded ( ) defensive ( ) apathetic ( ) seductive ( )
( ) attention seeking
Speech: ( ) clear ( ) pressured ( ) hyperverbal ( ) disartric ( ) mute (✓) soft ( ) accent language ( ) hesitant
Mood: (✓) euthimic ( ) depressed ( ) angry ( ) fearful ( ) anxious ( ) elated ( ) euphoric ( ) irritable _calm_
Affect: (✓) appropriate ( ) inappropriate ( ) constricted ( ) blunted ( ) expansive ( ) labile
Thought Process: (✓) goal-directed ( ) circumstantial ( ) tangential ( ) loose associations ( ) evasive ( ) depressive ( ) flight of ideas ( )
irrelevant ( ) guarded
Thought Content: (✓) normal ( ) delusional ( ) paranoid (✓) obsessional ( ) grandiose ( ) religious
Hallucinations: ( ) visual (✓) auditory ( ) command (✓) denies
Suicidal/Homicidal: (✓) denies ( ) ideation ( ) plan ( ) intention
Insight Judgments: Insight: (✓) intact ( ) impaired                         Judgment: (✓) intact ( ) impaired
□ I reviewed the entire medical file with all pertinent patient information
DIAGNOSIS: _F82.9 / P41.9_

THIS IS A FORMAL AUTHORIZATION REQUEST PER ACOEM/MTUS GUIDELINES FOR THE FOLLOWING TREATMENT PLAN:
TREATMENT PLAN: ☑ Medications  □ Individual Psychotherapy  □ Group Therapy  □
□ Transcranial Magnetic Stimulation (rTMS) for treatment resistant depression. Patient was offered to receive rTMS for the depression
because patient has failed to achieve improvement from prior antidepressant medication(s).

□ Clonazepam – 0.5mg; 1mg; QD / HS / PRN for anxiety
□ Fluoxetine– 10mg; 20mg;40mg; QAM for depression / anxiety
□ Buspirone– 5mg; 10mg; 20mg;  BID ___ for anxiety
□ Bupropione XL– 150mg;300mg; QAM for depression
□ Trazodone – 50mg; 100mg;150mg;200mg; QPM for insomnia / depression
□ Quazepam – 15mg; ___ for insomnia as needed
□ Temazepam – 15mg; 30mg; HS; PRN for insomnia
□ Ambien – 5mg; 10mg; PRN for insomnia
□ Effexor – 75mg; 150; ___ in the mornings for depression and anxiety
□ Celexa – 20mg; 40mg; QAM/QPM for depression/anxiety
□ Zoloft – 50mg; 100mg; ___ mg; QAM for depression/ anxiety
□ Lexapro – 10mg; 20mg; QAM/QPM for depression/ anxiety

□ Work Status: □ able □ unable to work until: ___

_Leave way posles_

Discussed : □ relationship issues, □ marital problems, □ acculturation difficulties, □ social problems, ☑ health issues, □ family issues,
□ work/injury related issues
Effects of Intervention: ☑ ventilation of affect, ☑ decrease in anxious or depressive feelings, □ diminished agitation, □ increased insight,
□ improve realistic coping._
☐ Overall time personally spent on today's encounter including face-to-face and non-face-to-face time was
☐ An interpreter was used because of the patient's lack of fluency

Follow-up in:  1,  2,  3  weeks  or  (1),  3,  4,  5,  6  months

Signature of Interviewer: _____              _____ NP-C
         G. Musher MD., Ph.D., QME. Lic. #A54904         E. Ganezer, NP-C Llc.# 505125,17591

## GENNADY MUSHER, M.D., Ph.D.

### 6221 WILSHIRE BLVD., SUITE 401, LOS ANGELES, CA 90048
### TEL: (323) 655-3747- FAX: (323)932-0133

### WORK STATUS REPORT

PATIENT`S NAME: Parks, Clenzell                    DATE : 04/08/2022

DOB: 04/29/1976

___CONTINUE FULL DUTY, NO RESTRICTIONS

___RETURN TO FULL DUTY, NO RESTRICTIONS

_X_ TEMPORARILY TOTALLY DISABLED UNTIL May 6, 2022

___TEMPORARILY PARTIALLY DISABLED: RETURN TO WORK ON

___PERMANENT AND STATIONARY: QUALIFIED INJURED WORKER__YES__

___LIGHT RESTRICTIONS: _____ POUNDS

___NO PROLONGUED BENDING. STOOPING. TWISTING

___SIT DOWN WORK ONLY: ____RIGHT ____LEFT

___ORTHOPEDIC APPLIANCE. SPLINT OR _____

___OTHER: _____

NEXT APPOINTMENT: May 6, 2022

DOCTOR'S SIGNATURE: _____ DATE: 04/08/2022
                       Gennady Musher, M.D., Ph.D.

I Had this appointent
on Zoom Hospital Bed
4-7-202

04-07-2022

8:04 💬 M ◈ ▣ ⛉        5G ᐧ�06 34% ▂

🔒 **MyChart - Visit Summary** ⤶ ⋮
←   https://mychartor.providence.org...

Progress Notes

Kenneth Shiozaki at 11/08/21 1545

➕ **PROVIDENCE** **Patient**    Clenzell Evans
  Health & Services    **Name:**    Parks
  Southern California

| | **Age:** | 45 y.o. |
| | **DOB:** | 4/29/1976 |
**Creating healthier** | **Medical** | 20004176742 |
**communities,** | **Record** | |
*together* | **Number:** | |
20911 EARL ST STE | **Date of** | 11/8/2021 |
280 | **Service:** | |
**TORRANCE CA** | **Phone** | 310-951-0069 |
90503-4354 | **Number:** | (home) |
310-792-4488 | **PCP:** | Kenneth T. |
| | | Shiozaki, DO |
| **Encounter** | PMI NINGEN |
| **Dept:** | DOCK CENTER |

*[handwritten:] — filed Complaint*
*Went out on stress*
*Traci Johnson was*
*Present*

*I filed My voice LA*

**SUBJECTIVE:**
**CC:**
**Chief Complaint**
Patient presents with
•Depression

**History of Present Illness:**
Clenzell Evans Parks is a 45 y.o. male who
presents with Depression
Patient presents with feeling very stressed and
depressed that began March 2021. Due to going
through a divorce and with the holidays coming
up, patient reports feeling lonely. Patient notes
increased stress levels with work. He states
feeling very hopeless but trying to remain
optimistic for his two children. Patient does not
have family members around. Denies SI. Patient
states his religious beliefs have been helping with
symptoms. Patient has tried Lexapro in the past
with benefits.

|||      ◯      ‹

Main Reason
why I went
out on stress
11-6-2021
come back
4-6-2022

#4th

time
taking
off stress
leave

11-6-2022
4-6-2022
↓
come
Back to
Work
Incident

Traci
Johnson
was there
that Day

(Pull
Video)

← Notepad    💾 🗑 ⋮

Title : **November 3 2021**    01-21-22    #1
Vido will tell truth of Everything

It may concern, I Detention
Officer (DO) Parks, serial No. N4135
was working in South Pod jail Male
security as the lead man. I went
downstairs to turn in my days off to
the watchcommander's office, they
were due Friday on November 5, 2021.
I would be off that day so i needed to
turn them in to the
watchcommander's office. I was
passing by the release desk as i
walked in there looking for
information for an aresstee, I passed
through two police officers assuming
they were standing there waiting to
pick up an inmate at our facility, when
Senior Detention Officer (SDO) William
Ontiveros Serial No. N2847, saw me,
He asked me was i'm going upstairs? I
told him yes i was, after i go to the
watchcommander's office first to turn
in my days off. He handed me a pair
of handcuffs, he didn't tell me what to
do with them and that wasn't an issue
to me. I figured when i walk upstairs in  Upstairs in
the men's pod someone would be

⫿⫿⫿    ◯    ‹

I Did File with Office of Discrimination Complaint
Resolution

 

# 2

← Notepad

Title : **November 3 2021**                   01-21-22

waiting on them. I then proceeded to
turn in my days off to the
watchcommander's office as i
intended to do, it took 5 seconds and
you can check camera. I immediately
headed back upstairs with the
handcuffs in my hand passing fellow
Detention Officer (D.O) Paul Donat,
Serial# N6###,  as he was escorting a
inmate downstairs to those two
waiting police officers, he handed his
hand out,  i put the handcuffs in his
hand as he continued to go
downstairs with the inmate, I
continued to go upstairs, so it wasn't
any issue, no one was calling me on
the radio, no one is even looking for
handcuffs, it was just seconds i left
watchcommander's office. I was very
cheerful that day, until a couple of
hours later i went back into the
release desk it had to be from 11am -
1pm, when Senior Detention Officer
(SDO) William Ontiveros Serial No.
N2847 started to harass me, I couldn't
believe it, it wasn't any issue to be

← Notepad   🖫  🗑  ⋮

# 3

Title : **November 3 2021**                    01-21-22

upset about, as Senior Detention
Officer (SDO) Traci Johnson Serial No.
N1659, who i have filed a previous
case of harassment against her was
just standing there listening as SDO.
Ontiveros, Harassing me stating to me
"HEY PATNER" if you can't do
something when i ask you? You
should tell me! So i could get
someone else to do it, i couldn't
believe it, didn't nothing happened to
be upset about, talking to me that way,
the type of guy i am, i thought and
said to myself he gots to be playing,
he then pulled his mask down to let         > very
me know he wasn't playing, now here's        Harassing
the argument, I feel he was trying to        To me
start an argument with me in front of
the other Senior Detention Officer
Traci Johnson, I just don't know why? I
pulled my mask down too, to show
him i'm serious about what i'm about
to say to him. I informed him that he
didn't even tell me what to do with the
handcuffs, you just handed them to
me, he stated no he didn't, Senior

← Notepad    ⋮

**# 4**

Title : **November 3 2021** |      01-21-22

Detention Officer Traci Johnson serial No. N1659 is just standing there, she had to have heard SDO. Ontiveros, earlier but failed to intervene, so i just broke down and submissive to him, telling him, Come on man i been working with you over 14yrs now, always dependable, if I just happened to be where i'm not supposed to be jokingly saying I'm probably bound, tied and gagged somewhere, that's how dependable and loyal i am. I told him he should know me that way, I have worked with him for many years, he said " ALRIGHT PARTNER" as i'm telling him that SDO. Traci Johnson, compassionately rubbed on my back, look at the film, everything happened as i stated no more, no less. I only felt harassed when he took off his mask showing me he wasn't happy with me, How can you ever be mistreated or fussed at for helping someone or attempting to help someone? I just figured they are targeting me, ~~putti~~ Putting me under stress and it was time ⊙ to

← Notepad         ⋮

# 5

Title : **November 3 2021** |                    01-21-22

take stress relief time off from work,
it's stressing me to the point where i
can't hardly function at work. Sgt.
Engedal, serial# 31287 is retiring soon
who i felt harassed me, by touching
me as i felt assaulted on August 26th,
I learned that from his statement and
it will be better for me when i return to
77th Jail Division from stress leave. I
feel my harassment is due to
Comradery and me continously filling
claims of Harassments. I feel Senior
Detention Officer (SDO) Traci  →  I now Know Traci
Johnson, is just as responsible for not   Johnson Already
intervening. I been a Detention Officer   fabricated phone
for 14 1/2 years now soon will be 15   call to have me
                                          Investigated
years, as a veteran Detention Officer i   Gradulently Along
don't deserve that type of treatment,   with Scott Engedal
due to the fact that i've worked with   They were harassin
each of them in the past at   me and no one
Metropolitan Detention Center with no   helps me.
issues. I been around awhile now and   I turn in Complai
understands workplace harassment   Every where
and also understand when i see it. I   Police Department or
                                          City does nothing
don't understand why it's ~~happening to~~   They forced me out
me. It's not fair and unacceptable.   happening to

12:53  [icons]                              5G UC .ull 34%

From   Clenzel Evans • clenzale@gmail.com

To     Oigcompl@lapd.online

Date   Sep 27, 2022, 9:41 AM

View security details

*They let me Continue to work knowing retaliation occured 9-22-21*
*I did not Know Her Harm to me until 1-19-2023 from Discharge Report*

I would like to file a complaint of Harassment on Principal Detention Officer William Ontiveros Serial No. N2847 and Senior Detention Officer (SDO) Traci Johnson due to both of their actions against me on 11-03-2021 and Traci Johnson for not intervening the situation or argument between me and Senior Detention Officer William Ontiveros at the time of occurrence. It's not right for someone to come to work in a hostile environment due to someone not liking or caring for them, we all do come from different backgrounds and walks of life, but we all are pieces to the puzzle at jail Division as i have for many years and we all possess different talents when dealing with aresstees that comes into our jail and everyone is important. I feel like their actions that day was to get a negative action or remarks from me on 11-03-2021, which i stayed calm and respectful but it's stressful when your supervisor is not happy with you for whatever reason, which he had no reason to be unhappy with me. I feel it's all due to Comradery in jail Division with the supervisory staff and due to me writing claims of Harassments or Discriminations which is true and well documented. I feel that Sgt. Scott Engedal has alot to due with the type of

[attachment icon]  ↩ ▾  Reply                    ↪    ☺

|||            ◯            ‹

# EMPLOYEE COMMENT SHEET

*I Have many more.*

Employee **Parks, Clenzell**          Serial # **N4135**          Division **77th RJS**

Period Covered: From: _____ 03-11-21 _____ To _____ 03-11-21

**NOTE:** Employees may provide a written response to any
comment within 30 days after reviewing the comment.

| Incident Date | Comment | Spvr Commenting | Emp Init | Review Spvr & Date |
|---|---|---|---|---|
| 03-11-21 | Department Core Value: *Should of Been written to me!* <br><br> **Respect for People** <br><br> "Working with the Los Angeles Police Department should be challenging and rewarding. Our people are our most important resource. We can best serve the many and varied needs of our communities by empowering our employees to fulfill their responsibilities with knowledge, authority, and appropriate discretion. We encourage our people to submit ideas, we listen to their suggestions, and we help them develop to their maximum potential. We believe in treating all people with respect and dignity. We show concern and empathy for the victims of crime and treat violators of the law with fairness and dignity. By demonstrating respect for others, we will earn respect for the Los Angeles Police Department." <br><br> During our work shift we encountered a 415, mentally ill, and highly emotional inmate. She banged her head on the cell door, then began cutting herself and refused to stop. with teamwork we were able to secure her and get her fingerprinted to be transported to higher level of care. throughout her processing your calm and professional manner descalated the situation and gained her complaince. You treated the inmate with fairness and dignity, ultimately gaining her respect. <br><br> Your actions made for a quick and painless processing of the inmate, I would like to take this moment to document your professionalism and willingness to step up whenever needed. <br><br> THANK YOU FOR THE GREAT JOB! KEEP IT UP! | SDO Lopez #N3365 03/11/2021 | LoP | *[signature] 3/2/21* <br><br> *Jesus Espinoza spoke good about this in Roll Call* |

*CLENZELL - A JOB WELL DONE UTILIZING DEESCALATION SEEN YOUR BEST. THIS DOES NOT GO UNNOTICED. KEEP UP THE GOOD WORK. PDO Joven*

Page 2  of 2

| NAMED EMPLOYEE (LAST NAME, FIRST, MI) | ☐ UNKNOWN | CF No. |
|---|---|---|
| Parks, Clenzell | | 21-003014 |

**EMPLOYEE INTERVIEW**

| EMPLOYEE INVESTIGATION REVIEW | NOTICE OF PROPOSED DISCIPLINARY ACTION |
|---|---|
| Other than Sustained, Admonishments, or Official Reprimand | Notice of Proposed Disciplinary Action |
| This complaint investigation has been completed. A review of the investigation has resulted in the proposed findings listed on the front of this form. You have the opportunity to review the completed investigation, including the letter of transmittal, and to make a written response. Any such response must be in writing and submitted to the commanding officer listed on the front of this form with 30 calendar days of this service. Thirty days from that date will be: | This complaint investigation has been completed. A review of the investigation has resulted in the proposed findings listed on the front of this form. You are hereby notified that I am proposing to the Chief of Police that you receive the penalty specified on the front of this form for the allegations sustained in the findings, which are attached to this form. **You have an opportunity to respond orally or in writing by:** FEBRUARY 21, 2023 |
| | Your response will be reviewed by the Chief of Police for evaluation prior to adjudication of this matter. |

The employee shall initial the boxes that apply:

☑ I have received a copy of the investigation materials.

☐ I have waived my right to receive a copy of the investigative material.

☐ I was informed of my right to respresentation prior to discussing this matter.

☑ I intend to submit a response. SKELLY RESPONSE

☐ I do not intend to submit a response.

☐ I have received documentation regarding my fitness and suitability to perform the duties of my position (civilian employee).

| I have discussed this matter with the employee. | Your signature acknowledges receipt of materials, but does not indicate concurence with my recommendations. |
|---|---|
| DIVISION COMMANDING OFFICER'S SIGNATURE    SERIAL NO.    DATE    26288  1/19/2023 | EMPLOYEE'S SIGNATURE    SERIAL NO.    DATE    Clenzell Parks    N4135  1-19-2023 |

C/O'S RESPONSE TO EMPLOYEE:    Date response received:

☐ No employee response was submitted by the date specified.

☐ After reviewing the employee's response, I found no new information to cause me to change my recommended findings and/or penalty.

☐ A review of the employee's response has caused me to take the following actions: (See below).

SEND SKELLY RESPONSE
TO CAPTAIN CHANDLER
SERGEANT VALLE — Had Complaint against him also.
SERGEANT DWEPPAN

☐ See continuation page.

MILITARY ENDORSEMENT RATIONALE:

☐ See continuation page.

Complaint Investigation, CF No. 21-003014
Page 2
13.2

1    Municipal Captain II Gary Newton, Serial No. 47010, Commanding Officer, CSD.[3]
2  On November 3, 2021, Parks was placed off from work until February 8, 2022, for a
3  personal medical condition by his primary treating physician, Dr. Kenneth Shiozaki,
4  PMI Carson Primary Care, located in the City of Carson. Parks remained on medical
5  leave until April 5, 2022 (Addendum 1) (Addendum 2) (Addendum 3) (Addendum 4)
6  (Addendum 5).
7
8  On April 6, 2022, the I/O interviewed Parks as part of this investigation. Parks denied buying
9  or selling illegal drugs. Parks admitted to using marijuana/cannabis for the past 29 years on a
10 weekly basis. Parks indicated he used marijuana/cannabis weekly from the age of 17 up until
11 three days prior to his interview with the I/O. Parks used marijuana/cannabis on a weekly
12 basis during the entirety of his employment with the Department (March 27, 2007, through
13 April 6, 2022). Parks agreed to submit to a Voluntary Drug Test at Medical Services Division
14 (MSD), Personnel Department, which was to occur immediately following the interview.
15
16    **Note:** Shortly after the interview, Captain III Orlando Chandler, Serial No. 26288, CO
17    of CSD served Parks with a 15.2 ordering Parks be assigned to his residence pending
18    this investigation (Addendum 6).
19
20    Parks was instructed to remain at 77 RJS pending being transported to MSD for his
21    drug test. Parks made statements to 77th RJS personnel that he was going to harm
22    himself, illustrated abnormal behavior and attempted to leave the 77th RJS facility.
23    Lieutenant II Stephen Winter, Serial No. 32329, CSD, RJS ordered Parks to remain at
24    the facility because Winter felt Parks was a danger to himself. Parks was transported
25    to Harbor-UCLA Medical Center where he was placed on a Welfare and Institutions
26    Code section 5150 Medical Hold.
27
28    On April 6, 2022 Deputy City Attorney (DCA) Howard Hoon S. Park, Police
29    Administrative Law Section, was consulted regarding the validity of giving Parks a
30    direct order to provide a sample for drug testing. DCA Park advised the Department
31    has the ability under current City policy, and MSD practices, to administer drug testing
32    under the circumstances in which there is a reasonable basis to believe that Parks may
33    be under the influence of drugs. DCA Park opined it was reasonable to believe Parks
34    was under the influence while at work due to his own admission of recent cannabis use
35    and by 77th RJS personnel's observations of Parks' abnormal behavior (Addendum 7)
36    (Addendum 8) (Addendum 9).
37
38 On April 7, 2022, Captain III Orlando Chandler, Serial No. 26288, Commanding Officer of
39 CSD, directed Lieutenant Winter and Lieutenant Joseph Hernandez, Serial No. 32765, CSD,
40 to meet Parks at UCLA Harbor Medical Center due to Parks being released from his medical
41 hold. When Winter and Hernandez met with Parks, they were advised Parks was released
42 back to work without any medical restrictions and not under the care of a doctor. Winter read
43 Parks the Administrative Chemical Test Advisement and ordered Parks to provide a urine and
44 hair sample. Parks signed the advisement form and agreed to provide a sample to be collected
45 at MSD (Addendum 10).[4]

---

[3] Newton retired from the Department Deployment Period 8, 2022.

[4] The chemical advisement was recorded and stored at TID under control number 782595.

Complaint Investigation, CF No. 21-003014
Page 4
13.2

1  drive. Hernandez went "back on tape" to record Parks' refusal to submit to the
2  test. Winter pulled off the freeway near 77th Area Station and waited for Hernandez to notify
3  Captain Chandler that Parks was now refusing to be tested. Chandler advised Hernandez
4  because Parks kept going back and forth, stating he would test and then he would not, to
5  continue with the transport to MSD to allow Parks the opportunity to be tested at MSD. If
6  Parks refused at that point, then they were to return to 77th RJS.
7
8  They continued driving toward MSD and Parks kept changing his mind. Parks ultimately said
9  just take me to my car and then took off his seatbelt while the car was in still in
10  motion. Winter advised Parks to remain calm, stay seated and put on his seat belt. Parks
11  opened the car door as the vehicle was moving. Hernandez reached from behind the
12  passenger seat to try and calm and hold Parks in the vehicle. Parks then jumped out of the
13  vehicle. Winter was able to bring the vehicle to a stop prior to Parks exiting. However, the
14  vehicle was moving at a slow speed due to heavy rush hour traffic. Parks walked away
15  southbound through the traffic on the 110 Freeway.
16
17  Fearing for Parks safety and based on Parks irrational actions, Hernandez utilized his radio to
18  broadcast over Central Area frequency to request a backup and airship for a possible "5150"
19  individual walking thru traffic on the 110 freeway. While Hernandez was guiding the airship
20  over the radio, Winter called Captain Chandler, via his cell phone. Captain Chandler advised
21  them to discontinue any backup response. Hernandez cancelled the backup and advised the
22  airship no further action was needed. Winter and Hernandez returned to 77th RJS.
23
24  At approximately 1615 hours, Parks arrived at the 77th Area front desk. Winter spoke to
25  Captain Chandler and at his direction he returned Parks' backpack. 77th patrol supervisors
26  and Senior Detention Officer William Ontiveros, Serial No. N2847 77th RJS provided Parks
27  with his backpack, escorted Parks to his vehicle and off Department property (Addendum 11).
28
29  **Parks**[8] was assigned as a Detention Officer at 77th RJS since 2020. During the 2021 calendar
30  year, Parks was on personal medical leave from the Department that involved time off at
31  varying dates (3 to 5 days a month as needed). On November 3, 2021, Parks was placed off
32  from work until February 8, 2022, by his primary treating physician, Dr. Shiozaki. Parks
33  medical leave was extended until his return-to-work April 5, 2022. Parks advised
34  approximately one month prior to his interview with the I/O, he filed a medical claim with the
35  City of Los Angeles via his workers' compensation attorney.[11]  *I 2018 Reported Sgt. Stovell*
36  Parks stated that since 2019, there has been work related incidents that involved his ex-wife,  *I never*
37  India Watkins-Parks, a City employee that was formerly an LAPD employee but currently is  *told them*
38  an employee of Los Angeles Department of Water and Power. Parks stated other un-named  *this*
39  co-workers were also involved. As a result of those undisclosed on-the-job incidents, he
40  suffered severe depression and anxiety. His condition required medical treatment from
41  private doctors. He was prescribed the following medications, Zoloft, for depression,
42  anxiety and stress, and Ativan and Triptylin for depression. According to Parks, the ←  *they took*
43  medications caused him many side effects which included exhaustion, paranoia, suicidal  *My Medical*

*Dr. Gennard [41,42]*
*Musher [43], Prescribed*
*of Dr. Musher 4-6-202*

---

[8] The I/O interviewed Parks on April 6, 2022. His representative present was Mr. Kevin Mock, SIEU, (213) 458-4171. A recording of the interview was stored at TID under control number 782550.
[11] The I/O contacted the Medical Liaison Section (MLS) and advised no record of a medical claim was filed by Parks in 2022. According to Parks, the City had yet to approve his medical claim.

**From:** Stephen Winter <32329@lapd.online>       *From the Discharge Report*
**Sent:** Thursday, April 7, 2022 7:36 PM                              *1-19-2023*
**To:** Hugo Gutierrez <31660@lapd.online>
**Subject:** Todays pick up of Parks and events related to attempt MSD testing

                    *Joseph Hernandez 32765@lapd.online*
Per your request:   *Zoom appointment Dr. Musner*

On April 7, 2022, the Commanding Officer of Custody Services Division, Capt. Chandler
directed Lieutenant(s) Stephen Winter, Serial No. 32329 and Joseph Hernandez, 32765, to meet
Detention Officer Clenzel Parks, Serial No. N4135 at UCLA Harbor Medical Center. Parks had
been placed on a 5150 hold the day prior and was being released.

At approx. 1350 hrs, Winter and Hernandez met Parks at UCLA Harbor Medical Center. Parks
advised he was released back to work without any medical restrictions and not under the care of
a doctor.

Lt. Winter read Parks the Administrative Chemical Test Advisement. Parks, after several
questions and comments, acknowledged the admonition and stated he would provide a sample.
          Note: The Admonition was captured on digital recording and Parks signed the
          Admonition.

Winter drove, Parks sat in front passenger seat and Hernandez sat directly behind Parks in the
rear passenger seat. During the transportation to Medical Services Division (MSD).

Parks became very animated and began to state that he would not test. He was angry and
laughed at various phases of the drive. At approx. 1410 hrs, Lt. Hernandez went back on tape to
record Parks' refusal. Winter pulled off the freeway near 77th Area Station and waited for
Hernandez to notify Capt. Chandler that Parks now refused. Chandler advised Hernandez
because Parks kept going back and forth, stating he would test and then he wouldn't, to continue
with the transport to MSD and provide Parks the opportunity to test at MSD. If Parks again
refused at that point, then to return to 77th Jail.

During the subsequent car ride, Parks kept changing his mind. Parks ultimately said just take me
to my car and then took off his seatbelt while the car was in motion.

Winter advised Parks to remain calm, stay seated and put on his seat belt. Parks opened the car
door as the vehicle was in motion. Hernandez reached from behind the passenger seat to try and
calm and hold Parks. Parks continued opening the door and jumped out.

At this point, Lt. Winter was able to bring the vehicle to a stop (Rush Hour Traffic was heavy
and slow moving) to prevent Parks from falling and potentially injuring himself. Parks was able
to maintain his balance and exit the vehicle on his feet, walk southbound in traffic on the 110
FWY, just south of the 10 interchange.

Fearing for Parks safety, based on Parks statements and irrational actions, Lt. Hernandez
broadcasted, over Central Frequency, a request for a back up and airship for a possible "5150"
individual walking thru traffic on the 110 FWY. While Lt. Hernandez was guiding the airship
over the radio, Lt. Winter called Capt. Chandler, via Cell Phone. Capt. Chandler advised to
discontinue any PD Response. Lt. Hernandez cancelled the backup and advised the airship no
further action was needed. Winter and Hernandez returned to 77th Jail.

At approximately 1615 hrs, Parks went to 77th Area Front Desk. Winter spoke to Capt. Chandler
and at the direction of Capt. Chandler returned Parks' backpack. 77th patrol Supervisors and
SDO William Ontiveros, Serial No. N2847 returned his backpack to him and escorted Parks to
his vehicle and off Department property.

*11A*



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 9, 2020

*Lt. Joe Hernandez*

Clenzell Parks
7423 Lankershim Blvd., Apt 42
North Hollywood, CA 91605

RE:     **Acknowledgement of Intake Form**
         DFEH Case Number: 202007-10645509
         Case Name: Parks / Hernandez - Serial No. 32765

Thank you for contacting the California Department of Fair Employment and Housing (DFEH). This letter confirms that we received the Employment Intake Form you submitted on July 8, 2020 and have assigned case number 202007-10645509.

A DFEH representative will call you on your scheduled appointment date and time of September 30, 2020 between 3PM-4PM to conduct an intake interview by telephone. Please make sure you are available at the phone number you provided and be prepared to allow approximately one hour for the interview. The information discussed during the interview will assist us in determining whether a complaint will be accepted for investigation by the DFEH. We suggest you have the following information available during the interview to help answer questions that may come up: a chronology of dates and events that are relevant to what occurred, names and titles of individuals involved including any potential witnesses, copies of any documents/emails that support your complaint, and a W2 or pay stub from your employer.

You can access your case through our CCRS public portal at https://ccrs.dfeh.ca.gov/DFEH_Login with the case number provided to view the status of your case, upload documents, or reschedule your intake appointment. If you have any questions, please contact the DFEH Communication Center by email at contact.center@dfeh.ca.gov or by phone Monday through Friday, 8am to 4:30pm at (800) 884-1684.

Sincerely,

Department of Fair Employment and Housing

B



**EMPLOYEE'S REPORT**

DR

Lt. Hernandez

| DATE & TIME OCCURRED | LOCATION OF OCCURRENCE | DIVISION OF OCCURRENCE |
| 07-21-19     0001 | MDC Jail | CSD |

TO: (Rank, Name, Assignment, Division)
Captain Newton

DATE & TIME REPORTED
06-24-20     0630

DETAILS: (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

I DO. Parks Serial No. N4135, was called to Lt. Hernandez's office on 07-21-2019, concerning a 15.7 I had turned in concerning my feelings of being harassed which we had previous meets about in the beginning of July of 2019, where he asked me about going to BSS? I was going through personal issues at home and had a previous appointment coming up on July 24, 2019, to talk with pyschologist about the issues I was having on and off the job, which I told Lt. Hernandez about that appointment. I went to that appointment as planned on July 24, 2019, with Police Pyschologist Shiloh A. Cataneso, Serial No.25937, where she informed me that Lt. Hernandez Serial No.32765, called over to her watch commander before my appointment to have something done to me when I get there to meet with her, Dr. Shiloh, informed me that her watch commander informed him that they couldn't do that to me because I didn't fit that criteria and I told her thank you, and bout time someone stands for me. I felt very harassed by that incident when I only started coming into contact with Lt. Hernandez, after all my years as a Detention Officer due to my 15.7 complaints of harassments, I don't think that was fair when I had my own appointment for him to have me discipline for making complaints. I eventually was took off work on stress leave from my primary doctor and wasn't able to file my 15.7 report on him for harassing me.

OFFICE

Division: _____
Serial: _____
Claim No.: _____
D.O.I.: _____

official

Sent to MDC
CPT Newton
E-mailsilano CoPer
6/22/20
See Elwell

| DATE & TIME TYPED | DWR RPTG. | CLEAR | EMPLOYEE(S) REPORTING |
| | | | DO, Parks |
| SUPERVISOR APPROVING | SERIAL NO. |
| | 34B2 |

SERIAL NO.     DWR
N4135   CSD

Joe
Hernandez
I wrote
Him
UP



Lt. Joe
Hernandez
Head of Jail
Divisions

**MICHEL R. MOORE**
Chief of Police



**ERIC GARCETTI**
Mayor

P. O. Box 30158
Los Angeles, Calif. 90030
Telephone: (213) 356-3480
TDD: (877) 275-5273
Ref #: 18.2.2

July 25, 2022                                    CF No. 19-002965

Mr. Clenzell Parks
4917 West 119th Street J
Hawthorne, California 90746

From
150 or 140 N
Los Angeles St
LA, CA 90012
MDC Jail
to
77th Jail

Dear Mr. Parks:

The Department completed the investigation into your complaint regarding the conduct of employees of the Los Angeles Police Department that was reported on October 8, 2019. Your investigation consisted of reviewing relevant Department documentation, interviewing witnesses when possible; watching Body-Worn Video footage and/or Digital In-Car Video evidence, if available; and, inspecting the location of occurrence for evidence if necessary and possible. The investigation has gone through several levels of review prior to final adjudication.

Your allegation that an employee had an inappropriate relationship with your spouse has been classified as *Insufficient Evidence to Adjudicate*, which means that the complaint investigator was unable to obtain sufficient information and /or evidence to adjudicate the allegation made. Your allegations that employees failed to report misconduct regarding another employee's inappropriate relationship with your spouse, made improper remarks regarding your intimacy with your spouse, forced you to attend Behavioral Science Services counseling sessions, inappropriately interfered with your BSS appointment because you reported misconduct, failed to take appropriate action after misconduct was reported, reassigned another employee to Custody Services Division to target you, failed to accommodate your medical restrictions, forced you to respond to Metropolitan Detention Center to empty your locker, directed another employee to escort you while you were at Metropolitan Detention Center because you reported misconduct, unnecessarily planned to have another employee contact you in the hallway at Metropolitan Detention Center and that an employee had an inappropriate relationship with your spouse have been classified as *Unfounded*, which means that the investigation determined the allegations did not occur as you described. Your allegations that employees made an improper remark and inappropriately transferred you from Metropolitan Jail Section to 77th Regional Jail Section because you reported misconduct have been classified as *Non-Disciplinary – Employee's Actions Could Have Been Different*, which means that the facts revealed by the investigation determined that the employee's actions could have been different and will be addressed by the concerned commanding officer through corrective action.

Wrongful
Transferred
to 77th
Jail for
filing complaints

Although this resolution may not be to your satisfaction, we appreciate you for bringing this matter to our attention. It is the goal of the Los Angeles Police Department to provide the highest level of quality service to every member of the community.

The Harassment
Continues
Leads
to
Everything
with
me

AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER
www.LAPDonline.org
www.JoinLAPD.com



Date: 04/19/2022
Re: Clenzell Parks
To: Whom it May Concern

Please accept this letter as proof of enrollment to certify that Clenzell Parks was admitted to our State Certified, Joint Commission accredited Substance Use Disorder Treatment Program on 4/19/22.

Our clients attend all of the groups listed in the New Origins treatment Schedule. Individual therapy is provided by therapists who are licensed in the State of California to treat Co-Occurring disorders. In addition clients receive counseling from certified alcohol and drug counselors, who specialize in the disease of addiction and the 12 Step process.

Our program offers a full range of services aimed at the implementation of new coping skills which promote a healthy and productive lifestyle. We have treated many clients who have been sentenced to treatment with great success and with a full continuum of care offered, the client can stay as long as the court stipulates. Our treatment offers client education, peer process and family programs. Treatment is more successful when the family gets treated with the client; therefore, we encourage family involvement in our program.

Our clients are randomly drug screened and are supervised by trained staff, all tests submitted have been clean for all substances. Our clients must also abide by New Origins' rules and regulations and are discharged if non-compliant. Any non-compliant behavior is reported to appropriate authorities.

Thank you for your consideration in this matter and if you should need further information, please do not hesitate to contact me at the below mentioned number.

Sincerely,

Ronald Honn, MS LAADC
License #LCi10091217

Program Administrator
New Origins
Cell: 909.233.5634
Office: 855.984.1788
Ronald.Honn@neworigins.org
www.neworigins.org

7:36 5G UC 91%

From Clenzell Parks • clenzale@gmail.com

To Oigcompl@lapd.online

Date Jan 22, 2023, 7:58 PM

View security details

I Detention Officer Parks Serial No. N4135, would like to file a claim of Harassment against Lt. Joe Hernandez Serial No. 32765 and Lt. Stephen Winter Serial No. 32329 for showing up and UCLA medical center during my time of release harassing me and audio recording me without my consent. I feel they used their authority to get me into that vehicle putting my backpack into the truck of their vehicle. I only got in the car for the respect of my superior supervisors. I feel due to my mind frame an encounter could of been deadly for me. I just had my appointment with the psychological Dr. Gennady Musher on 04-07-2022 at 945am. They were admit asking me was I under a doctor's care. I also feel they should of gotten me some medical attention once I exited the vehicle due to them getting me from UCLA medical center where I was just release from a 5150 hold.

__CONTINUE FULL DUTY. NO RESTRICTIONS

__RETURN TO FULL DUTY. NO RESTRICTIONS

X TEMPORARILY TOTALLY DISABLED UNTIL May 6, 2022

__TEMPORARILY PARTIALLY DISABLED: RETURN TO WORK ON

__PERMANENT AND STATIONARY: QUALIFIED INJURED WORKER __YES__

__LIGHT RESTRICTIONS: ____ POUNDS

__NO PROLONGUED BENDING, STOOPING, TWISTING

__SIT DOWN WORK ONLY: __RIGHT __LEFT

__ORTHOPEDIC APPLIANCE, SPLINT OR ____________

__OTHER: ____________

NEXT APPOINTMENT: May 6, 2022

12:13     5G UC ⊪ 36% 🔋

← 🗑 ✉ ⋮

From  Clenzell Parks • clenzale@gmail.com

To  Orlando Chandler • 26288@lapd.online

Date  Jan 22, 2023, 6:20 PM

View security details

Captain Orlando Chandler, I Detention Officer Parks Serial No. N4135 would like to file a complaint against Lt. Joe Hernandez Serial No. 32765 and Lt. Stephen Winter Serial No. 32329 for Harassment due to them showing up to the UCLA medical center on 04-07-2022 for showing up during my time of discharge audio recording me without my consent and using their authority over me to get into that car with them even placing my backpack in the trunk of their car. I feel that was Harassment due to me being under a doctor's care at that time, I had my Zoom appointment with the psychological doctor on the hospital bed with Dr. Gennady Musher on 04-07-2022 at 945am. I wasn't in my right mind frame and just got released from a 5150 hold and that encounter could of became deadly to me due to my agitated mind frame at the time. I was very upset at being seated and blocked in former retired Sergeant Scott Engedal's watchcommander's office in hid chair. I first saw them asking them do they want to kill me now. That was truly Harassment and could of put me in a deadly encounter. I only got into that care for respect of my superior supervisors.

📎   ← ▾ Reply   → 😊

||| ◯ ‹



11:48    5G UC .ill 38%

From    Clenzell Parks • clenzale@gmail.com

To    Orlando Chandler • 26288@lapd.online

Date    Jan 22, 2023, 6:25 PM

View security details

I had appointment 04-07-2022



2023012...303.jpg



Reply



Ok, thank you.

On Fri, Feb 24, 2023, 10:13 AM Orlando Chandler <26288@lapd.online> wrote:

Clenzell,

This appears to be a workers compensation case and should be dealt with through your third party adjuster, Elite Claims Management. Please contact your adjuster to resolve any issues. The Department does not dictate medical or mental health treatment/procedures that are provided by a third party administrator.

Respectfully,

Orlando Chandler, Captain
Commanding Officer
Custody Services Division

---

**From:** Clenzell Parks <clenzale@gmail.com>
**Sent:** Thursday, February 23, 2023 6:17 PM
**To:** Orlando Chandler <26288@lapd.online>
**Subject:** Re: Mental health care

**ATTENTION:** This email originated outside of LAPD. Do not click on links or open attachments unless you recognize the sender and know the content is safe.

Yes Sir! Thank you Captain that says alot. I was seeing him through worker's comp they told me on the phone that the insurance can reinstate it for me.

On Thu, Feb 23, 2023, 6:00 PM Orlando Chandler



5:30

5G 67%

← Compose

From    clenzale@gmail.com

To    (M) MyVoiceLA CIU

Resignation/ Clenzell Parks Serial No. N4135....

I want to file a complaint with the personnel office due to Captain Orlando Chandler forcing me to resign when it's not necessary. I show still active and don't have signed resignation yet. I need my mental health care reinstated with Dr Gennady Musher before resignation it goes into effect since they had it terminated 04-08-2022. Thank you!

wondering before my resignation goes into effect since I still show active. Can you all reinstate my mental health care treatment with Doctor Gennady Musher, which you all had terminated after the hospital incident 04-07-2022 before my resignation goes into effect? Thank you! I



Screenshot_20...72121_Gmail.jpg
452 KB    ✕

please? Before my resignation goes into effect. I was told that I'm still active. Thank you! 2-23-2023.

|||    ◯    ‹

4:10

5GUC 61%

**Orlando Chandler** 2/17/2023

How about your DO badge and identification card? Did you turn in

**Clenzell P...** 2/17/2023

to Orlando

Yes, I did.

Show quoted text

**Clenzell P...** 2/17/2023

to Orlando

The I D badge was took from me 04-06-2022.. The Badge was took 04-09-2022 along with my handcuffs and OC spray.

Show quoted text

Reply



5:16

From    clenzale@gmail.com

To    **O**    Orlando Chandler

Mental health care

Captain Orlando Chandler, can you please look into having me mental health care treatment reinstated with Doctor Gennady Musher, which was terminated 04-08-2022 please? Before my resignation goes into effect. I was told that I'm still active. Thank you! 2-23-2023.

8:25    •    📷 5G UC .ıl 65% 🔋

← 🗑 ✉ ⋮

---

From   Clenzell Parks • clenzale@gmail.com

To   Orlando Chandler • 26288@lapd.online

Date   Feb 6, 2023, 8:17 AM

View security details

---

Captain, when I asked you on 01-19-2023 when I showed up for that disciplinary package, I asked you did I need a union representative? You stated No! Due to the fact we wasn't discussing anything in that package with both your hands on it. You stated so it wasn't necessary when I get home and see these signatures of these two documents that's clearly not mine, those are two different signatures clearly. I wouldn't sign for that package and you know that! I'm wondering since you should be able to see that yourself, what are you going to do about it? Luitentants Stephen Winter and Joe Hernandez should be severely discipline for that. Go and pulled all my signatures from my bookings you will see that they are fabricated signatures.



📎    ↩ ▾ Reply    ↪    😊

||| ◯ ‹

7:01   •                    5G ⊿⊪ 47% 🔋

←                          🗑  ✉  ⋮

# Lt. Stephen Winter/ Lt. Joe Hernandez Serial No. 32765                ☆

Add label

 **Clenzell Parks** Jan 30         ↩  ⋮
to Orlando ⌄

Captain Orlando Chandler, I was just thinking when I came back from the hospital from refusing the voluntary urine sample downtown (MSD) 04-06-2022. Why didn't Luitentant Stephen Winter and Principal Detention Officer Jesus Espinoza just let me go when I wanted to go? Having me seated refusing to let me walk out, even before I made a suicidal ideation. I wouldn't return the next day. That's why i was surprised when Lt. Stephen Winter and Lt. Joe Hernandez showed up at the UCLA hospital to continue to harass and bully me on 04-07-2022. So why would I sign anything mandatory? Which I didn't! That paper at the hospital they specifically got me to sign had hair follicle check ✔ on it in a box and blood sample, it wasn't a mandatory form. They switched forms and forged my signature due to them video bodycaming me signing something, as this new form that's showing up with my signature on it has the word Hair sample  written on it 04-07-2022.  It didn't make sense to sign anything if I wanted to just walk out from the beginning. Everything is not making sense to me captain of the motives. I don't feel you all are trying to save my employment by any means. So what's the motive here?

↩ Reply        ↩↩ Reply all        ↪ Forward

                          

|||            ◯            ‹

8:07  

← &#128465; ✉ ⋮

| From | Clenzell Parks • clenzale@gmail.com |
| To | Orlando Chandler • 26288@lapd.online |
| Date | Feb 10, 2023, 3:30 PM |
| | View security details |

I Detention Officer Parks Serial No.N4135, want to file a complaint of misconduct of Luitentants Joe Hernandez and Stephen Winter for forging my signatures on 04-06-2022 and 04-07-2022. I learned of the incident from my Disciplinary report on 01-19-2023 after getting home looking through it. I wouldn't of sign it have I seen that before I signed for it, you stated we wasn't going to discuss anything and that's why I didn't notice it due to not needing a union representative. This date is 02-10-2023 and this my second time reaching out to you about this matter. Those are clearly two different signatures. I just need someone on my side that's not prejudice against me to investigate on my behalf. Thank you! Captain Orlando Chandler.



 Reply  

||| ◯ ‹

CONTAINS MASKED INFORMATION

**Los Angeles Police Department**                                    **Complaint Review Report**

## COMPLAINT FORM

| Statute Date: 09/22/2022 | Investigative Complexity: | Masked: Yes | CF No.: 21-003014 |
|---|---|---|---|

### Complainant(s)

| | | | |
|---|---|---|---|
| Name: | Anonymous Unknown | Masked: | Yes |
| DOB: | | Residential Address: | |
| Gender/Descent: | | | |
| Language: | | Subj of Incident: | |
| Injury: | Unknown | Source: | Unknown |
| Arrested: | No | Method: | Telephone |
| Booking No.: | | Phone: | |
| Identification: | | Email: | Not Provided |

### Date and Location of Occurrence

| | | RD / Area Division: | 1258 / 77th Street Area |
|---|---|---|---|
| Beginning/End Date: | 09/22/2021 / 09/22/2021 | Begin/End Time: | 14:55 / 14:58 |
| Cross Street 1: | | Cross Street 2: | |
| Address: | 7600 South Broadway Avenue Los Angeles California 90003 | | |

### Accused Employee(s)

| | | | |
|---|---|---|---|
| Name: | Parks, Clenzell - N4135, DETOFCR CSD 77TH PAC A | Masked: | Yes |
| | | Alcohol Involved: | |
| DOB: | 4/29/1976 | Business Address: | |
| Gender/Descent: | Male / BLK | | |
| Length of Service: | 14 Years 5 Months 26 Days | Assignment: | DETENTION |
| Injury: | None | Duty Status: | Unknown |
| Arrested: | No | Phone: | Business (323) 786-5550 |
| Booking No.: | | Email: | Not Provided |

### Involved Person(s)

| | | |
|---|---|---|
| Name: | Masked: | **Original** |
| Involved Person Type: | Address: | **DO NOT DUPLICATE** |
| DOB: | | |
| Gender/Descent: | Subject of Incident: | |
| Identification: | Phone: | |
| | Email: | Not Provided |

### Brief Summary

| | | | |
|---|---|---|---|
| Reported to Uninv Supervisor: | 09/22/2021 | Uninvolved Supervisor Name: | Johnson, Traci - N1659, SRDETOFCR CSD 77TH A |
| Recorded By: | Engedal, Scott - 31287, SGT 2 CSD 77TH ADMIN | Preliminary Investigator | Johnson, Traci - N1659, SRDETOFCR CSD 77TH A |
| IAG CLASS: | Internal Affairs Group | Cross Reference: | None |

| Supervisor Reviewing Serial No. | Area/Division | | | |
|---|---|---|---|---|
| | | ▓▓▓▓ | ▓▓▓▓ | ▓▓▓▓ |

FORM 70-01.28.0 (R 29)                        Page: 1 of 3                        Date: 10/04/2021

**Los Angeles Police Department**                                    **Complaint Review Report**

Statute Date: 09/22/2022          **COMPLAINT FORM**          Masked: Yes          CF No.: 21-003014

Preliminary Investigative Narrative:

On 9/22/21 at 1455 hours, Senior Detention Officer Tracy Johnson, Serial No. N1659 received a phone call at the 77th Regional Jail section, Release Desk on line (323) 786-5541.

The caller asked to speak with a supervisor and Johnson replied that she was and asked how she could assist the caller. The called did not identify himself, but stated he needed to speak about an employee named Parks. Johnson asked for a first name. The caller stated the first name was Clenzell. The caller stated Parks was using drugs and selling drugs

Johnson attempted to gain more info and asked for the person to hold. The unknown caller hung up. There was no contact information to call the caller back. Johnson believed the phone came from an unknown number.

There was no further information to follow up on.

Johnson reported the call/information to Sgt II Scott Engedal, Serial No. 31287.

On 9/22/21, 1510 Hours, Engedal notified Custody Services Division (CSD), Capt II Gary Newton, Serial No. 47010 of the call. Newton later directed myself, Engedal, to initiate a CF (Masked) upon Special Operations Division CO's recommendation.

IAG, Workplace Violence Unit, Sgt II Sally Santamaria, Serial No.36348 was notified by Engedal on 9/23/21 at 0800 Hours of the incident. Santamaria had already been advised the prior day by her CO.

The complaint should reflect as MASKED and be routed to Special Operations Division (SOD) for investigation per Capt Newton. The I/O was unable to MASK it at Divisional level.

*[handwritten]* She was handed Investigated Complaints for me
Ended up In Complaint against me - Conflict of Interest
Traci Johnson warned me!

Scott Engedal lied

Retaliation against me!

Traci Johnson and Scott Engedal
fabricated this

This is HOW Everything Started
Which led to Discharge 1-19-2023

FORM 70-01.28.0 (R 29)                    Page: 2 of 3                    Date: 10/04/2021



## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE
## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

*Traci Johnson*

**CASE NUMBER**

202111-15463922

**EEOC NUMBER**

*She lied about A phone call*

**I ALLEGE THAT I EXPERIENCED**
Harassment
**ON OR BEFORE**
April 23, 2021
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Other
**AS A RESULT, I WAS SUBJECTED TO**
Harassment
**PARTICULARS**

- Allegation -   *Retaliation
77th Jail*

To whom it may concern, I was targeted and harassed by Senior Detention Officer (SDO) Traci Johnson. I have filed complaints of harassment and discriminations in the past which have got me wrongful transferred to 77th Jail Division on 06-20-2020, where I'm constantly being targeted and harassed. I was targeted and harassed on 04-23-2021, I was outside on my lunchbreak that i got permission to take from my supervisor SDO. Herrera. Traci Johnson, walks outside the door and got my attention, I walked up to her to see what she wanted due to me be on a phone call at the time, she stated to me don't be out here too long, You don't want to draw attention to yourself. I told her i was on my lunchbreak and walked away, after my lunchbreak was over i walked inside and asked SDO. Traci Johnson, meant by her comment of me drawing attention to myself? She stated, I'm just telling you for your own good. I felt very threatened and harassed by her comment. I have been constantly targeted and harassed by the supervisory staff at 77th Jail Division, which my complaints is documented, I feel me filling complaints of harassment is the reason why she targeted me and made that statement.

**SIGNED UNDER PENALTY OF PERJURY**

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe them to be true.

**SIGNATURE OF COMPLAINANT OR COMPLAINANT'S LEGAL REPRESENTATIVE:**          **DATE:**

Apr 18, 2022

*She warned me
About her retaliation
against me

Read DFEH
Complaint
I wrote
Against her*

*# 3*

FORM REV Pending
Page **2** of **2**

LOS ANGELES POLICE DEPARTMENT
**EMPLOYEE'S REPORT**

15.07.00 (04/62)

| SUBJECT | | | DR |
|---|---|---|---|
| HARASSMENT | | | |

| DATE & TIME OCCURRED | LOCATION OF OCCURRENCE | DIVISION OF OCCURRENCE |
|---|---|---|
| 04-23-21    1445 | 77th Div Basketball Court Area | 77TH Div |

| TO: (Rank, Name, Assignment, Division) | DATE & TIME REPORTED |
|---|---|
| SGT. ENGEDAL Serial# 31287, 77th DIV | 05-02-21    1100 |

DETAILS: (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

On 04-23-2021 at approximately 1445pm, I DO. Parks Serial No. N4135 asked Senior Detention Officer (SDO) Herrera Serial No. N2394 could i take my code 7 lunch break? He says yes! I'm outside taking my lunch break, on my phone minding my own bussiness by the basketball courts when (SDO) Johnson Serial# N1659 came over to the wall due to her on the other side where we have roll call. I saw her when she came out but it wasn't none of my bussiness or concern, until she stuck her face right there at the wall (OPENING) that's where she got my attention as i walked up to see what she wanted with me? she stated to me DON'T BE OUT HERE TOO LONG! YOU DON'T WANT TO BRING ANY ATTENTION TO YOURSELF. I asked her what she meant? I wasn't doing anything wrong. I was on code 7 lunch break. I'm so tired of being Harassed in jail division due to comradery, i want to be left alone, it's stressful! If i'm in the wrong I will take resposibility for my actions but don't want to be harassed. I wasn't going to write this up but my higher power lastnight informed me too, to shed light on the type of harassments i'm going through and i don't be wanting any problems with anyone. I have kids also two sons who depend on me, and i'm not going to accept people trying to set me up for failure. I feel if she was that concern about me that she should of asked the senior who was in charge of booking area before she came out to harass me about the amount of time i'm using when i'm outside on my phone, lunch. I did come back in after my lunch break to speak with (SDO) Johnson about the situation that had occured between us at the release desk to ask what was going on about her actions, she said as a friend i'm telling you not to bring attention to yourself. I feel a few supervisors needs training on harassment because i really don't think some understand harassment. I did go into the (PDO) office to speak with (PDO) Yuen Serial# G9223 and also (PDO) Vogue Serial# E9965 on the issue.

She Also told Me that's she Is telling Me for my own good. I felt that As A threat

Harassment
Senior Detention officer
Traci Johnson
I Feel She Followed me outside
Filed Complaint With EEOC DFEH

| DATE & TIME TYPED | DIVN. RPTG. | CLERK | EMPLOYEE(S) REPORTING | SERIAL NO. | DIVN. |
|---|---|---|---|---|---|
| 05-20-21    1000 | | | DO. PARKS | N4135 | 77TH |
| SUPERVISOR APPROVING | | SERIAL NO. | | | |

12:56  ●   •          5G UC .ıll 33% 🔋

←                 🗑 ✉ ⋮

| From | Clenzel Evans • clenzale@gmail.com |
| To | Oigcompl@lapd.online  *Complaint unit* |
| Date | Oct 25, 2022, 12:09 PM |
| | View security details |

3-17-2021, I remembered this day very well this is the day when i had a meeting with Luitentant (Lt.) Joe Hernandez, when he came to 77th Jail Division for a visit, we were in the Luitentant's office at 77th jail Division, Sergeant (Sgt.) Scott Engedal was present when Luitentant Joe Hernandez yelled at me as he was sitting behind the desk saying "You filed a complaint on me". I yelled back saying "You wasn't handling mine" I haven't seen Luitentant Joe Hernandez since he wrongful transferred me to 77th jail Division 06-20-2020, I wanted to talk with him about my harassments and he stated we don't need to talk further due to legal issues. I go back to work and released this young lady and she attacked me for no apparent reason and i reinjured my worker's comp injuries trying to defend myself. Senior Detention Officer Traci Johnson Serial No. N1659 was present behind the released desk and didn't even attempt to make a call for help or attempt to help me as well as Senior Detention Officer Romeo Abesamis Serial No. V8223, finally came from behind the released desk to assist not even having the proper gear on to assist me but we finally got the subject handcuffed when back up arrived. I believe Luitentant Joe Hernandez

      Reply             

|||         ◯          ‹

9:12     5G UC .ull 74% 🔋

←         🗑   ✉   ⋮

From   Clenzell Parks • clenzale@gmail.com

To   Oigcompl@lapd.online

Date   Jan 19, 2023, 6:43 PM

View security details

I Detention Officer Parks Serial No. N4135 would like to make a complaint on Senior Detention Officer Traci Johnson Serial No. N1659 for making false accurasations of a complaint in the form of a phone call being made to 77th jail Release desk on 09-22-2021 stating that a unknown caller stated to her that i was selling drugs which is false to have me fraudulent investigated due to retaliation for filling a complaint on her on 04-23-2021 five months prior to that accusation. Traci Johnson was harassing me on my lunch break coming outside telling me not to be outside too long. I told her i had permission from Senior Detention Officer Herrera Serial No. N2394 to take my lunch break. She then stated that I don't want to draw any attention to myself and she's telling me for my own good. I took that as a threat that she and former retired Sergeant Scott Engedal carried out before he retired due to retaliation also for writing him up for Harassment for putting his hands on my when I was outside in roll call on 08-26-2021 touching me and tucking in my rope necklace back into my

   ⤺ ▾   Reply all     ➡   ☺

          

|||     ◯     ‹

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

*Retaliation from this "watch commander" JAIL Started Fradulent Investigation against me*

**CASE NUMBER**

202111-15463722

**EEOC NUMBER**

- Allegation -

**I ALLEGE THAT I EXPERIENCED**
Harassment
**ON OR BEFORE**
October 12, 2021
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Other
**AS A RESULT, I WAS SUBJECTED TO**
Harassment
**PARTICULARS**

To whom it may concern, Sergeant Scott Engedal's action towards me on 08-26-2021, at 0630am touching and putting his hands on me in outside roll call waiting for work assignment is unacceptable due to the fact that he didn't have my consent to do so coming all into my personal space for no apparent reason, Sgt. Scott Engedal's actions is another form of Harassments that I have been experiencing since I was wrongful transferred there to 77th Jail Division, where Sgt. Scott Engedal was the watchcommander in control, after i filed a complaint on him about this issue on 10-12-2021, Sgt. Scott Engedal is going around asking questions about me after he assaulted me, I felt so harassed and assaulted by his actions the morning of 08-26-2021, and after he is going around asking questions about me for no reason Sgt. Engedal, is making my work environment very hostile as the reason why I turn in my complaints, I feel his actions is also retaliation for me filling complaints of harassment and discriminations in the past and present times.

**SIGNED UNDER PENALTY OF PERJURY**

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe them to be true.

**SIGNATURE OF COMPLAINANT OR COMPLAINANT'S LEGAL REPRESENTATIVE:**    **DATE:**

Apr 1, 2022

#1

9:22     5G UC .ull 72% 🔋

←    2022.4.1.Parks _ cpl...    ✏️    ⋮

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency            GAVIN NEWSOM, GOVERNOR

 **DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**            KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 1, 2022                                    **Via E-Mail**
                                        clenzale@gmail.com

Clenzell Parks
4917 West 119th Street Apt. J
Hawthorne, CA 90250

RE: **Request to Approve Complaint  - For Filing Purposes Only (FPO)**
    **Case Number:** 202111-15463722
    **EEOC Number:**
    **Case Name:** Parks / Los Angeles Police Department et al.

Dear Clenzell Parks:

The enclosed draft complaint is the result of your interview with me. Please read the proposed complaint carefully.  If you agree with the language, please sign and return the complaint via email. If you do not approve of the language on the complaint, do not sign it; instead, contact me to discuss your concerns. My mailing address is:

**Department of Fair Employment and Housing**
**2218 Kausen Dr. Suite 100**
**Elk Grove, CA 95758**

You may also return the complaint to me by email at **eurika.knight@dfeh.ca.gov** or by **fax** to **1-888-519-5917**.

Please return the signed complaint or contact me with your concerns as soon as possible as we cannot begin our investigation until we have received your signed complaint. The law requires that a complaint be filed within **three (3) years** from the date of the discriminatory act.

If you do not return the signed complaint or contact me **within ten (10) calendar days** from the date of this letter, your case will be closed.

Please note that the information you provided is subjected to the Department's privacy policy and the California Public Records Act, Government Code section 6250 et seq.

Thank you for your cooperation.

Sincerely,

*Eurika Knight*
Eurika Knight
Associate Governmental Program Analyst
eurika.knight@dfeh.ca.gov

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    Employment

 **COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE**
**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**CASE NUMBER**                                    **EEOC NUMBER**

202111-15463722

**COMPLAINANT**                    **ADDRESS**
Clenzell Parks                4917 West 119th Street Apt. J
                            Hawthorne, CA 90250

                            **TYPE OF DISCRIMINATION AND LAW**

1 of 4



*Officer* **Elsa** Garcia
+17146209791

*Her→* FYI the sergeant ask me about you     — *Sgt Scott Engedal Asking Questions About me!*

He wanted to know how are you feeling     8:55 AM

Tell his Doctor he needs his time off due to divorce and stress on the job and I have good divorce attorney for him

*Me*

Did you tell him I'm feeling great! Lol

He's working on something too, Lol
8:57 AM

*Her* I said that you were happy yesterday I wanted him to tell me more but all he said is that he notice that you seem happy working with me     9:01 AM

*Me* O Lord! You have to watch out now 4 sure, he looking at the camera
9:02 AM

*Her* He wanted to know more I think 😌     9:03 AM

*Me* Trying to see who my friends are too. Lol... yep... crazy huh?
9:03 AM

*Her* So he is looking to who you're talking to

Lol     9:03 AM

Yes

*Her* I told him that we have no issues working together to put us together any time
9:04 AM

*Detention officer Elsa Garcia She is mad at me they contacted Her*

**Garcia**
+17146209791

Page # 2

9:03 AM

Yes

I told him that we have no issues
working together to put us together
any time                                    Her

9:04 AM

But your friend can call me! Lol

9:05 AM

Can u call him he does want to feel
that he's bothering you

9:05 AM

Parks
(330-835-678)        MMS
9:07 AM

I told him yesterday but he said that he
does not want to bother you

9:08 AM

He did say to give u his number

9:09 AM

You're not the only one Parks but many
of us don't even know where to start

9:10 AM

me        Ok! I will because you are my friend!
It's just puzzling to me that Sergeant,
Engedal is going around this morning
asking questions about me? That's
just crazy, wonder if he's going to ask
everybody? Lol

9:13 AM

He just asked me I not sure if he
already heard something from his
higher ups but he sure is concerned
about you being happy

9:22 AM

## LOS ANGELES POLICE DEPARTMENT

**MICHEL R. MOORE**
Chief of Police


**ERIC GARCETTI**
Mayor

P. O. Box 30158
Los Angeles, Calif. 90030
Telephone: (213) 356-3480
TDD: (877) 275-5273
Ref No. 18.2.2

September 19, 2022

CF No. 21-002767

Mr. Clenzell Parks
4917 West 119th Street, Apartment J
Hawthorne, California 90250

Dear Mr. Parks:

The Department completed the investigation into your complaint regarding the conduct of an employee of the Los Angeles Police Department that was reported on September 2, 2021. Your investigation consisted of reviewing relevant Department documentation, interviewing witnesses when possible; watching Body-Worn Video footage and/or Digital In-Car Video evidence, if available; and, inspecting the location of occurrence for evidence if necessary and possible. The investigation has gone through several levels of review prior to final adjudication.

Your allegation that an employee inappropriately asked about your Family and Medical Leave Act, spoke to you unprofessionally, and negatively targeted and bothered you while you were on a lunchbreak, have been classified as *Unfounded,* which means that the investigation determined the allegation did not occur as you described.

Your allegation that an employee touched your shoulder without permission has been classified as *Non-Disciplinary – No Misconduct,* which means that the act alleged did not rise to the level of misconduct and/or the named employees' actions were protected by law or found to be consistent with Department policy or procedure.

Your allegation that an employee inappropriately tucked your necklace into your uniform shirt has been classified as *Not Resolved,* which means that the investigation was unable to yield enough evidence to either prove or disprove the allegations.

Although this resolution may not be to your satisfaction, we appreciate you for bringing this matter to our attention. It is the goal of the Los Angeles Police Department to provide the highest level of quality service to every member of the community.

*Sgt Scott Engedal*
*Touching me.*
*I didn't know their Harm to me Until 1-19-2023*
*the day of Discharge and Discharge Report*

**AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER**
**www.LAPDonline.org**
**www.joinLAPD.com**



9:18   5G UC 73%

From   Clenzel Evans • clenzale@gmail.com

To     Oigcompl@lapd.online

Date   Sep 17, 2022, 8:49 PM

View security details

I want to refile my complaint on Sergeant Scott Engedal for touching me which you classified as Non-Disciplinary- No Misconduct, which he touch me only to tuck in my necklace in the first place with my religious artifact on it. You classified that as not resolved which means that the investigation was unable to yield enough evidence to either prove or disprove the allegation, what if it was prove? What would be the consequences due to Scott Engedal retirement? Does it even matter to you all anyway? Everything I say you confirm is unfounded, EVERYTHING and I'm wondering why? But it was another Detention Officer who witnessed is actions which is Detention Officer Robert Hardin who employment have been formerly terminated. He would really have no reason to lie now do to him having nothing to loose. He was so disturbed by Sergeant Scott Engedal's actions towards me in front of everyone outside he texted me once we got to our work area in 77th Jail. I have no reason to lie and i do have several more complaints I'm submitting hoping that someone that's part of jail Division Comradery understands my complaints and see i have no reason to lie for no cause. I do not have faith in your

   Reply  

1:11 💬 📘 ▶ 🎵 🎵 ⠿ •     5G UC .ıll 30% 🔋

←          📥   🗑   ✉   ⋮

From   Clenzel Evans • clenzale@gmail.com

To     Oigcompl@lapd.online

Date   Sep 19, 2022, 2:45 PM

View security details

*First time filed 9-2021*

*They respond After retaliation*

*9-2021, I faxed to 77 Jail Marisa Lopez Answer phone, I Called to see if anyone received she said yes*

I want to refile this same complaint due to the fact that i wouldn't say anything that was untrue or target any person as they have done me for awhile now even as wrongfully transferring me there 06-20-2020 in the first place where you all expressed that you could of handled that differently and will be dealt with corrective actions. First of all i was targeted on my lunch break while i was outside minding my own business and on my phone, when Senior Detention Officer Traci Johnson, comes outside telling me not to be out there too long Why? I'm a good Detention Officer never even go outside of jail Division for lunch or anything, always on time, never late, never even written up for misconduct in all my 15yrs, always kind, always respectful so why? When i called in using my FMLA family leave act for my sleep apnea, that's true Principal Detention Officer Aragon was rude to me as i was surprised, I always had upmost respect for him, that's why the next morning at work in 77th Jail Division Brian Villa came to me asking me to produce the paperwork why? I been on FMLA for years since 2010. Stg. Scott Engedal touching me when he's not a good person to me when I'm complaining of people wrong doing me shouldn't touch me, don't know how

📎   ↩ ▾ Reply          ↪   ☺

*9-21-2021 I Also, I was faxing that morning from Pacific or*
*9-22-2021   I Also faxed Complaint to 213-473-9113 Jail*
*FAX*



9:25    5G UC ⊪ 72%

From   Clenzel Evans • clenzale@gmail.com

To   Knight, Eurika@DFEH •
     Eurika.Knight@dfeh.ca.gov

Date   Mar 30, 2022, 2:21 PM

       View security details

To whom it may concern, Sergeant Scott Engedal's action towards me on 08-26-2021, at 0630am touching and putting his hands on me in outside roll call waiting for work assignment is unacceptable due to the fact that he didn't have my consent to do so coming all into my personal space for no apparent reason, Sgt. Scott Engedal's actions is another form of Harassments that I have been experiencing since I was wrongful transferred there to 77th Jail Division, where Sgt. Scott Engedal was the watchcommander in control, after i filed a complaint on him about this issue on 10-12-2021, Sgt. Scott Engedal is going around asking questions about me after he assaulted me, I felt so harassed and assaulted by his actions the morning of 08-26-2021, and after he is going around asking questions about me for no reason Sgt. Engedal, is making my work environment very hostile as the reason why I turn in my complaints, I feel his actions is also retaliation for me filling complaints of harassment and discriminations in the past and present times. Thank you!



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    Employment



## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**CASE NUMBER**                                                                **EEOC NUMBER**

202111-15463522

### - Allegation -

**I ALLEGE THAT I EXPERIENCED**
Retaliation
**ON OR BEFORE**
August 5, 2021
**BECAUSE OF MY ACTUAL OR PERCEIVED**
Reported or resisted any form of discrimination or harassment
**AS A RESULT, I WAS SUBJECTED TO**
Reprimanded
**PARTICULARS**
To whom it may concern, Principal Detention Officer (PDO) David Yuen, has been harassing me and causing me mental harm for awhile now, ever since i was wrongful transferred to 77th Jail Division on 06-20-2020, where he is in charge and control of vacation days, days off schedule ect. I was sent there due to me filing complaints of harassments at Metropolitan Detention Center downtown Los Angeles where at the time was employed there for 12yrs, six Months after i get to 77th Jail Division, PDO. David Yuen, gave me a schedule with two, two four day stretches in it which i had to address to him and Sgt. Scott Engedal, which was not resolved, in all my 12years of working in jail Division i never had a schedule like that before, as a veteran I know that can be a type of punishment, his next harassing actions towards me which was hurtful when he took away one of my vacation days without my consent, I spoke with Sgt. Scott Engedal about that situation which we both agreed shouldn't happened to me due to the fact that was my scheduled vacation and time earned, it was never resolved, the third incident PDO. David Yuen, put out a mass email about the lead man or supervisor in South Pod man Jail section that was working that day which was me, someone left segregation cell doors unlocked, they blamed the lead, it shouldn't been an issue due to the fact those jails wasn't even been used by me that day, next morning we find out from Detention Officer Brian Gonzales, that supply officers changed the mattress in those cells and used a key but didn't re-lock them. As a principle Detention Officer David Yuen, could of easily looked at the cameras to see what happened instead of harassing me and everyone looking at me as if I did something wrong. Supply Officers is right next door from Sgt. Scott Engedal's office where he always hangs out, he could of easily found out what happened, don't nothing happens in jail Division that he doesn't know anything about. David Yuen is making my work environment very untolerable and hostile.

**SIGNED UNDER PENALTY OF PERJURY**
By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated on my information and belief, and as to those matters I believe them to be true.

**SIGNATURE OF COMPLAINANT OR COMPLAINANT'S LEGAL REPRESENTATIVE:**          **DATE:**

Apr 18, 2022

*Another Reason for Retaliation*
*I Complained to His supervisor*
*watch Commander Scott Engedal*

*# 2*

FORM REV Pending
Page 2 of 2

*Another Reasons WHY Retaliations*

LOS ANGELES POLICE DEPARTMENT
**EMPLOYEE'S REPORT**

15.07.00 (04/62)

| SUBJECT | | | |
|---|---|---|---|
| Harassment | | | |
| DATE & TIME OCCURRED | LOCATION OF OCCURRENCE | | DIVISION OF OCCURRENCE |
| 08-01-21    0630 | 77th Jail | | 77th Div |
| TO: (Rank, Name, Assignment, Division) | | | DATE & TIME REPORTED |
| Capt. Newton | | | 09-03-21    1100 |

DETAILS: (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

   To Whom it may concern, I DO (Detention Officer) Parks Serial No. N4135, is writing this 15.7 report due to the harassments i'm constantly going through in jail division, now at 77th division where i was sent there wrongful from MDC jail due to me filing complaints of harassments there in 2019. I feel most of my harassments is due to comradery from MDC jail where i filed most of my complaints, not long after i got reassigned or forced to go there to 77th jail division on 06/2019, I was given a schedule with two, two four day stretches not very long after arriving there. I had to go into Sgt. Engedal's Serial No. 31287 office as PDO (Principle Detention Officer) David Yuen Serial No. G9223 was sitting there, I haven't had a schedule like that in all my close to 15yrs of service, I disclosed that to them both as PDO Yuen is mostly responsible for the days off schedule as i felt like that was a punishment to me. I have constantly visited Sgt. Engedal's office discussing with him my days off and my seniority, PDO. Yuen has a pattern and practice of not giving me weekends as he does his favorite certain Detention Officers sometimes giving them mostly all weekends at times, giving me probably one weekend, On 06-24-2021, I spoke with PDO. Govan Serial No. N1001, about that issue pointing it out on a schedule, he stated to me that things is not always fair and use red days, i was taught at MDC jail division that you could only use so many red days, On 06-24-2021, that same day in the evening i went into Sgt. Engedal's office to talk with him about my concerns and how PDO. Yuen does my days off and i would appreciate if i can at least get two weekends if possible due to me having 50/50 custody of my son as another Detention Officer does as well at the 77th jail who PDO. Yuen accomodates at times gives him mutiple weekends off, I told Sgt. Engedal that would really help me out, Sgt. Engedal stated that he will have a meeting with PDO. Yuen the following day about my days off, On 06-25-2021 at 0700 i saw Sgt. Engedal in the hall way in front of his office as i was getting my equipment in the beginging of watch, he came out his office and told me that everything was resolved for me. I turned in my vacation request for my long vacation for (DP) Deployment 8, in (DP) 7. I used 3 vacation days due to limited vacation time to get the most days possible. I noticed one of my vacation days were taken from me, I went back into Sgt. Engedal's office on 07-2021 before my long vacation started to complain to him after (PDO) Yuen told me that he took one of my vacation days to save me vacation time without contacting, consulting, or even asking for my consent to do that, he limits me instead of helping me get the most vacation time that i can. I don't understand what reaction they are trying to get from me by the actions they continue to take against me, due to me continuing to file complaints of harassments against them, which leaves me nowhere else to turn to for assistance. I really need someone to help me to understand what's going on with me there. Understand that i didn't request or wanted to go to 77th jail division, my seniority is no good there the way they continue to treat me there, the sad thing is due to comradery i don't really think it matters where i go in jail division. THANK YOU!

*# 1 DAvid*

| DATE & TIME TYPED | DIVN. RPTG. | CLERK | EMPLOYEE(S) REPORTING | | SERIAL NO. | DIVN. |
|---|---|---|---|---|---|---|
| 09-03-21    0900 | | | DO. Parks | | N4135 | 77th |
| SUPERVISOR APPROVING | | SERIAL NO. | | | | |

*Filed Complaint Discrimination EEOC DFEH*

8:36     5G UC 46%

From    Clenzel Evans • clenzale@gmail.com

To    Knight, Eurika@DFEH •
       Eurika.Knight@dfeh.ca.gov

Date    Mar 30, 2022, 3:06 PM

       View security details

To whom it may concern, Principal Detention Officer (PDO) David Yuen, has been harassing me and causing me mental harm for awhile now, ever since i was wrongful transferred to 77th Jail Division on 06-20-2020, where he is in charge and control of vacation days, days off schedule ect. I was sent there due to me filing complaints of harassments at Metropolitan Detention Center downtown Los Angeles where at the time was employed there for 12yrs, six Months after i get to 77th Jail Division, PDO. David Yuen, gave me a schedule with two, two four day stretches in it which i had to address to him and Sgt. Scott Engedal, which was not resolved, in all my 12years of working in jail Division i never had a schedule like that before, as a veteran I know that can be a type of punishment, his next harassing actions towards me which was hurtful when he took away one of my vacation days without my consent, I spoke with Sgt. Scott Engedal about that situation which we both agreed shouldn't happened to me due to the fact that was my scheduled vacation and time earned, it was never

 Reply  

*Reason→ Garcia Requested Her Schedule that way - she was working Kit Room*

## WATCH ASSIGNMENT AND TIMEKEEPING RECORD

| Custody Services Division | | Watch | | Deployment Period | | | Period Dates | |
|---|---|---|---|---|---|---|---|---|
| 77th Jail Section | | A | | 13-2020 | | 12/20/20 | 01/16/21 | |

| DOs and PIIs | | | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 01 | 02 | 03 | 04 | 05 | 06 | 07 | 08 | 09 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S |
| DO Aguilar, J. | | M | O | | | O | O | | | O | O | | | O | O | | | | O | O | | O | O | O | O | | | O | H | |
| DO Alfaro, M. | | M | | O | O | O | O | O | | | O | O | | | | O | O | O | | | O | O | O | | | | O | H | | |
| DO Amezcua, E. | | M | | | O | O | O | O | O | | | PM | O | O | O | O | | | O | O | | | O | O | O | O | H | | | |
| DO Avellaneda, A. | | M | | O | O | | | O | O | | | O | O | O | O | O | | | O | O | | | O | SD | SD | SD | O | H | | |
| DO Bautista, T. | | F | O | | | O | O | | | O | O | O | O | O | | O | O | O | O | | | | O | O | H | | | | | |
| DO Bradley, D. | | F | O | O | | | | O | O | O | O | | | O | O | | | O | O | O | O | | | | O | H | | | | |
| DO Donat, P. | | M | O | | O | O | | | O | O | O | O | O | VC | VC | | | O | O | | | O | O | | | | | O | H | |
| DO Ferman, K. | | F | O | O | | | O | O | O | O | VC | O | O | O | VC | | O | O | O | VC | | O | O | O | H | | | | VC | |
| PII Galan, I. | | M | | O | O | O | | | | O | O | O | O | | | O | O | O | O | O | | | O | O | H | | | | |
| DO Garcia, E. | KRO | F | O | O | | O | O | O | O | O | | O | | O | O | O | | | | O | O | O | | | | H | | | |
| DO Gonzales, B. | | M | O | O | O | | | O | O | O | O | TO | | O | O | | O | O | | | | O | O | PAC | | O | H | | | |
| DO Gonzales, E. | | M | O | O | O | | | | O | O | | | O | O | O | O | | | O | O | | | O | O | | | H | | | |
| DO Gonzalez, G. | | M | O | O | O | | | O | O | O | | | O | O | O | | | O | O | | | O | O | | | | O | H | | |
| DO Gutierrez, E. | JTO | M | O | O | | | O | O | O | | | O | O | O | O | | | O | O | | | O | O | | | | O | H | | |
| DO Harding, R. | | M | O | O | O | O | O | | | O | O | O | | | O | O | | | | O | O | | O | O | | O | H | | | |
| DO Henriquez, M. | | F | O | O | O | | | | O | | | O | O | | | O | O | | | O | O | | | O | O | | | | O | H | |
| DO Hill, D. | A-C | F | O | VC | VC | VC | VC | O | O | O | VC | VC | VC | O | O | O | VC | VC | VC | VC | O | O | | O | O | | O | O | H | |
| DO Hundley, T. | | M | O | | | O | O | | | O | O | | | O | O | O | | | O | O | | | O | O | | | O | H | | |
| DO Jaramillo, M. | | M | O | | | | O | O | | O | | | O | O | | O | | | O | O | | O | | O | O | O | | | O | H | |
| DO Levit, M. | | M | O | O | | PM | | | O | O | O | | | O | O | O | O | | | O | O | | | O | O | O | | | | |
| DO Martinez, C. | | M | O | O | O | | | | O | O | | | O | O | | O | O | | | O | O | O | O | | | | | O | H | |
| DO Martinez, M. | | M | | O | O | O | | | O | O | | | O | O | O | | | O | O | O | | | O | O | O | O | H | | | |
| DO Morales, C. | | M | O | | | O | O | O | O | | | O | | | O | O | O | O | | | O | O | | | O | O | | | O | H |
| DO Moreno, J. | | F | O | | | O | O | O | O | | | | O | O | | | O | O | | | O | O | | O | O | | | VC | O | H |
| DO Parker, G. | | M | O | O | O | O | O | | | O | O | O | | | | O | O | O | | | O | O | | | | O | H | | | |
| DO Orellana, K. | | M | O | O | O | O | | | O | O | O | | | O | O | | | O | O | O | | | | O | O | | O | | H | |
| DO Parks, C. "Me" | | M | O | O | O | | | | O | O | | | O | O | O | | | O | O | | O | O | | | | O | O | H | |
| DO Quintero, J. | | F | O | O | | | O | O | | O | O | | | O | | | O | O | | | O | O | O | | O | | | O | H | |
| DO Randle, C. | A,B | LD | F | O | VC | VC | VC | O | O | O | VC | VC | VC | VC | VC | O | O | | | O | O | O | | O | O | | | O | O | O | H |
| DO Sekiyoba, N. | | M | | TO | O | O | O | | | O | O | O | | | | O | O | O | | | O | O | O | | | O | H | | | |
| DO Shukla, R. | | M | | O | O | O | | | O | O | O | | | O | O | | | O | O | | | O | ML | ML | | O | O | | | H |
| PII Thomas, K. | | M | O | O | | | O | O | O | O | | | | O | O | | | O | O | | PM | | | O | O | O | O | H | | |
| DO Tuller, S. | KRO | F | O | | | O | O | O | | | | O | O | O | O | | | O | | | | O | O | | | | | O | O | H |
| DO Voga, N. | | F | O | TO | | O | O | | | O | O | | O | O | | | O | O | O | | | O | O | | O | O | H | | | |
| DO West, C. | | F | O | | | O | | O | O | | | O | O | | O | | | O | O | O | | | O | | SD | SD | SD | O | O | H |
| DO Zaragoza, J. | | M | O | O | | | O | O | | | O | O | | | O | | | O | | | O | O | | | O | O | | | O | H |
| **HAVE - DETENTION OFFICERS** | | | 18 | 15 | 15 | 16 | 16 | 16 | 15 | 15 | 16 | 16 | 16 | 14 | 15 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 18 | 16 | 15 | 18 | 16 | 16 | 15 |
| **NEED - DETENTION OFFICERS** | | | 18 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 |
| +/- | | | 0 | -1 | -1 | 0 | 0 | 0 | -1 | -1 | 0 | 0 | 0 | -2 | -1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | -1 | -2 | -1 | 0 | 0 | -1 |
| **BACKFILL** | | | 0 | 0 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1 | 0 | 0 | 1 | 0 | 1 | 0 | 0 | 0 | 0 | 0 | 0 |

*6 mos After wrongful Transfer to 77th Jail I have Never receive such A schedule!*

*2/4 day stretches is not Common!*

*I'm A veteran Shouldn't be treated this way!*



My Copy I Submitted

Vacation

You Can't take not one Vacation Day from me!

I Earned that

✳
1

#A

| 77th Jail Section | | A | | | | | | | | | | | | 8-2021 | | | | 08/01/21 | | | | | | 08/28/21 | | |
| DOs and PIIs | | 01 | 02 | 03 | 04 | 05 | 06 | 07 | 08 | 09 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| | | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DO Aguilar, J. KRO M | | | | O | O | | | O | O | O | O | | W | | W | | O | O | | LP | O | O | O | O | | | | | H |
| DO Avellaneda, A. M | | O | VC | VC | VC | VC | O | O | O | VC | VC | VC | O | O | O | O | VC | VC | VC | O | O | O | O | VC | VC | LP | O | O | H |
| DO Banks, C. M | | | | O | O | O | | | | | O | O | O | | | | | LP | O | O | O | O | O | O | O | C | H | | |
| DO Binford, A. F | | | | O | LP | | O | O | | | | O | O | O | O | O | | | | O | O | O | | | | O | O | | O | H |
| DO Brown, K. M | | O | O | | LP | O | | O | O | O | | | | O | O | O | | | | O | O | O | | O | | | | O | H |
| PII Carranza, B. M | | | | O | O | | O | O | O | O | | | | O | O | | | | | O | O | O | | | | O | O | O | H |
| DO Cervantes, R. M | | O | O | | LP | O | O | O | O | | O | O | | O | O | | | | | O | O | | | O | O | H | | |
| DO Cuevas, G. F | | O | O | | | O | O | O | | | | O | O | LP | O | O | | | O | O | | | | O | O | O | H |
| DO Donat, P. M | | O | O | | | O | O | | O | O | | | O | O | | | | O | O | O | O | O | LP | | | | O | H |
| DO Ferman, K. F | | O | O | O | O | LP | | | O | O | O | O | | | O | O | O | | | | O | O | O | H | | | | |
| DO Garcia, E. KRO F | | O | O | | | LP | O | O | | O | O | | O | O | O | | | O | O | | | | O | O | | | O | H |
| DO Gonzales, B. M | | O | O | | | | O | | | O | | O | O | O | O | | LP | O | | | O | O | O | | | | O | H |
| DO Gonzales, E. M | | O | O | | | O | O | | | | O | O | O | | | O | O | | | O | O | O | O | O | | | LP | H |
| DO Gonzalez, G. M | | O | O | O | O | | | | O | O | O | O | | | O | O | | LP | | | O | O | | | | | O | O | H |
| DO Gutierrez, E. M | | | | O | O | | | O | O | O | O | O | O | LP | O | O | O | | | O | O | | | O | O | | | | H |
| DO Harding, K. M | | O | | | O | O | | O | O | | | O | LP | O | O | O | | O | | O | | | | | O | O | PAC | O | H |
| DO Henriquez, M. F | | O | | | O | O | | | | O | O | | | O | O | O | | LP | | O | O | O | | | O | O | O | H |
| DO Jaramillo, M. M | | O | O | | | O | O | O | O | O | O | LP | | | O | | | | O | | O | | O | O | O | O | O | H |
| PII Kinnison, M. M | | O | O | O | O | O | | | O | O | O | | | | O | O | O | O | | | | | O | O | O | | | |
| DO Levitt, M. M | | O | O | | | O | O | | O | O | | LP | O | O | O | O | | | | O | O | O | O | | | O | H | |
| DO Martinez, C. M | | O | O | | | O | O | O | O | | | O | O | O | O | | | O | O | | | | O | LP | O | H | |
| DO Maritnez, M. M | | O | O | | | O | O | | | LP | O | O | O | | | O | O | O | O | | | | O | O | F | | |
| DO Moncada, J. F | | O | | LP | O | O | | O | | | O | O | | | | | O | O | O | O | O | | O | O | H | | |
| DO Morales, C. M | | O | VC | VC | VC | VC | O | O | VC | VC | VC | VC | O | O | O | VC | VC | VC | VC | LP | O | O | O | O | O | O | O | H |
| DO Moreno, J. A-O F | | O | SD | SD | SD | SD | SD | O | O | O | O | VC | VC | O | O | O | O | VC | VC | VC | O | O | O | O | VC | VC | LP | O | H |
| DO Olea, O. M PAC | | O | O | | | O | O | | | O | O | O | | | O | O | | | O | LP | O | O | O | O | | |
| DO Orellana, K. M | | O | O | O | O | O | O | | | O | O | | O | PAC | LP | O | | | O | O | | | | O | | | H |
| DO Parker, G. M | | O | O | LP | O | O | O | PM | | | O | O | O | O | O | O | | | | O | O | O | H | | | |
| DO Parks, C. A-D M | | O | O | | | O | O | O | | | O | O | O | O | LP | VC | VC | O | O | O | O | O | H | | | |
| DO Paschal, L. LD F | | O | | LP | O | O | | | O | O | O | O | | | | | O | C | O | | | O | O | | O | H | |
| DO Sekiyoba, N. M | | C | O | O | LP | | | O | O | O | O | | | | O | O | C | O | | | O | O | | | O | H |
| DO Shukla M | | O | O | | LP | O | O | | | O | O | | ML | ML | O | O | C | | | O | O | O | | | | H |
| DO Voge, N. F | | O | C | | | O | | | O | O | | O | O | O | O | LP | | O | O | | | O | C | | O | H |
| DO West, C. F | | O | | LP | | | O | O | | | O | O | O | | O | | | C | O | O | | | C | O | O | O | H |
| DO Zaragoza, J. M | | C | O | O | O | | O | O | | | O | O | O | | | O | O | LP | | O | O | | | O | | H |
| HAVE - DETENTION OFFICERS | | 15 | 14 | 13 | 13 | 14 | 14 | 15 | 14 | 14 | 14 | 14 | 14 | 15 | 15 | 14 | 14 | 13 | 13 | 15 | 15 | 15 | 14 | 13 | 14 | 13 | 14 | 14 |
| NEED - DETENTION OFFICERS | | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 16 | 18 | 16 | 16 | 16 | 16 | 16 |
| +/- | | -1 | -2 | -3 | -3 | -2 | -2 | -1 | -2 | -2 | -2 | -2 | -2 | -1 | -1 | -2 | -2 | -3 | -3 | -1 | -1 | -1 | -3 | 3 | -2 | -3 | -2 | -2 |
| BACKFILL | | 0 | 0 | 1 | 1 | 1 | 0 | 1 | 0 | 0 | 1 | 0 | 1 | 1 | 0 | 0 | 0 | 0 | 0 | 1 | 1 | 1 | 0 | 0 | 0 | 1 | 0 | 0 |



Vacation Days that
Came out Afterwards

DP - 8
copy that
came out
DAYS off, Took A day

I reported verbally also
to Sgt. Scott Engedal
who was in charge
of 77 Jail Division

# B

## Doors left in an unlocked position

David Yuen <g9223@lapd.online>

Wed 8/4/2021 7:37 PM

To: Alexis Rodriguez Maldonado <n5430@lapd.online>; Allen Hayden <n4461@lapd.online>; Angelica Gutierrez <N6642@lapd.online>; Arsenio Avellaneda <n5044@lapd.online>; Brayan Gonzales <N6452@lapd.online>; Camerin Banks <n5977@lapd.online>; Carmian West <n5987@lapd.online>; Christian Martinez <n6186@lapd.online>; Christopher Morales <n5360@lapd.online>; Clenzell Parks <n4135@lapd.online>; Davis Choe <n5413@lapd.online>; Diana Hill <n2138@lapd.online>; Dmetric Bradley <n3548@lapd.online>; Edgar Santizo <n5323@lapd.online>; Elsa Garcia <n5988@lapd.online>; Eric Amezcua <n5986@lapd.online>; Erik Gonzales <n5993@lapd.online>; Erwin Gutierrez <n5446@lapd.online>; Gemma Cuevas <n5774@lapd.online>; George Gonzalez <n6201@lapd.online>

All -

As I was leaving EOW, I was approached by Watch B W/C advising me that C--F blocks, unoccupied segregation cells were all left in an unlocked position.

I had sent an email previously directing that no doors shall be left in an unlocked position. This is the responsibility of all jail personnel.

To provide accountability, the SDO assigned to security, or if no SDO is assigned, the designated lead shall ensure that all personnel comply with this order. Any deviation shall be approved by the Watch Commander, or its designee.

This is an officer safety and jail security issue.

Let's make this a priority...

Should anyone have any questions or not sure as to my direction, feel free to speak with me or any supervisor.

David

PDO David Yuen
77th Street Regional Jail Section
Office (323) 786-5550
Fax (323) 789-2763
g9223@lapd.online

*I didn't know by just responding Everyone will get my Response to that mass Email.*

*# 1*

*David Yuen made my work enviroment Hostile*

## Clenzell Parks

| | |
|---|---|
| **From:** | Clenzell Parks <n4135@lapd.online> |
| **Sent:** | Wednesday, September 1, 2021 2:00 PM |
| **To:** | David Yuen; Alexis Rodriguez Maldonado; Allen Hayden; Angelica Gutierrez; Arsenio Avellaneda; Brayan Gonzales; Camerin Banks; Carmian West; Christian Martinez; Christopher Morales; Davis Choe; Diana Hill; Dmetric Bradley; Edgar Santizo; Elsa Garcia; Eric Amezcua; Erik Gonzales; Erwin Gutierrez; Gemma Cuevas; George Gonzalez; Gregory Parker; Ilda Sandoval; Jessica Quintero; Jessie Chavez; Jorge Zaragoza; Jose Zamora; Juan Aguilar; Judith Moreno; Katrina Arreola; Kenneth Brown; Kim Baxter; Lacorace Paschal; Mabelyn Henriquez; Marc Sheyka; Marcus Levitt; Mario Martinez Flores; Matthew Jaramillo; Mayra Ferman; Miguel Alfaro; Nancy Voge; Ngabon Sekiyoba; Omar Olea; Pablo De La Torre Cardenas; Paul Donat; Raquel Castellanos; Raul Cervantes; Tamara Bautista; Trevon Hundley; Vincent Campbell; Robert Harding; Joana Moncada; Rohit Shukla; Michael Kinnison; Kevin Orellana; Bryan Carranza; Alejandro Carbajal; Denna Thompson; Eureka Saldana; Frank Lora; Gonzalo Herrera; Hilda Gonzalez; Jerimau Erby; Juan Romero; Maria Gois; Marissa Lopez; Martha Jones; Michael Brooks; Norma Franco Hernandez; Po Chien Wang; Romeo Abesamis; Traci Johnson; Tracie Montgomery; William Ontiveros; Dave Govan; Deborah Humphrey; Jesus Espinoza; Jorge Villa |
| **Subject:** | Re: Doors left in an unlocked position |

I DO. Parks Serial No. N4135, The segregation cells E though F was not unlocked as i left my shift due to the fact they were used and had aresstee's in them supply wouldn't change mattresses in cells that are in use or occupied, so that's not true and supply know that's not true, only C-BLOCK through D-BLOCK segreation cells was due to the fact that those blocks was close and not in any use at the time, what is true is that a few cells was left unlock during the begining of my watch by me being the lead i didn't say anything i just took initative and lock them with a click of a button before i started my shift as the SDO or LEAD should of done as i did with no issues, it was told to PDO. Yuen the next day in roll call, he continued with the same untruthful information days later when supply should know the truth about what cells they went in that day, because they informed me what blocks that they were exchanging mattresses in. My shift as lead went very well with no complaints my only fault was not checking C and D segreation cells as i ended my shift, i was expecting supply to unlock all those doors and just wa;lking away and leaving them unlocked without informing me, they had a key, i would of gladly locked them back with a push of the button. I'm sending this message back because i did not do anything wrong, THAT'S NOT TRUE ABOUT C-F BEING LEFT UNLOCK, ALL OF THEM, and that just doesn't add up. I feel like any excuse or reason to find not to make me a lead which you all raley does anyway, We as Detention Staff should be as one and always have each other backs instead of pointing fingers with false information, we take care of each other

---

**From:** David Yuen <g9223@lapd.online>
**Sent:** Wednesday, August 4, 2021 7:37 PM
**To:** Alexis Rodriguez Maldonado <n5430@lapd.online>; Allen Hayden <n4461@lapd.online>; Angelica Gutierrez <N6642@lapd.online>; Arsenio Avellaneda <n5044@lapd.online>; Brayan Gonzales <N6452@lapd.online>; Camerin Banks <n5977@lapd.online>; Carmian West <n5987@lapd.online>; Christian Martinez <n6186@lapd.online>; Christopher Morales <n5360@lapd.online>; Clenzell Parks <n4135@lapd.online>; Davis Choe <n5413@lapd.online>; Diana Hill <n2138@lapd.online>; Dmetric Bradley <n3548@lapd.online>; Edgar Santizo <n5323@lapd.online>; Elsa Garcia <n5988@lapd.online>; Eric Amezcua <n5986@lapd.online>; Erik Gonzales <n5993@lapd.online>; Erwin Gutierrez <n5446@lapd.online>; Gemma Cuevas <n5774@lapd.online>; George Gonzalez <n6201@lapd.online>; Gregory Parker <N6447@lapd.online>; Ilda Sandoval <n4939@lapd.online>; Jessica Quintero <n3809@lapd.online>; Jessie Chavez

*When I responded to David Yuen MASS Email D#2*
*It Sent A mass Email back. I was Unaware of.*

I was At Pacific Jail At the time of
9-22-2021

LOS ANGELES POLICE DEPARTMENT

**EMPLOYEE'S REPORT**

15.07.00 (04/62)

DR.

| SUBJECT | | | |
|---|---|---|---|
| HARASSMENT | | | |
| DATE & TIME OCCURRED | LOCATION OF OCCURRENCE | | DIVISION OF OCCURRENCE |
| 09-07-21   1830 | Pacific Div. | | 4214 |
| TO: (Rank, Name, Assignment, Division) | | | DATE & TIME REPORTED |
| Captain Newton | | | 09-20-21   0900 |

DETAILS: (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

On 09-07-2021 at approximately 1830pm, I (DO) Detention Officer Parks, Serial No. N4135 was ending my work shift when a booking came in at the ending of the shift, I was able to start on the booking and complete the booking of the arrestee with no incident a few minutes after 1830, SDO. Franco Serial No. N3756, was in actual motion to process the arrestee as the "B" watch Senior Detention Officer (SDO) Anderson Serial No. N3954 walked in and came straight to me before he even got dressed in his uniform and requested the booking out of my hand that I had completed as I was putting the paperwork together, that was very unusual and harassing to me due to all the years that I have worked with and around SDO. Anderson at MDC jail and 77th divisions, I never had any kind of issue with him before concerning my bookings or me making mistakes or alot of mistakes, I don't have those type of issues even though we are all subjected to making mistakes at times long as you are able to catch your mistake and correct it before you submit it to your senior detention officer, SDO. Anderson actions was unusual to me due to the fact he didn't even get dressed and came straight towards my direction, straight to me as he came inside to start his shift. I booked on three warrants, the first warrant on the first page was a felony warrant. I booked the next two misdemeanor warrants on the second page one was for $10 and the other was for $100. I couldn't get the two misdemeanor warrants to accept on the second page, I used 853.7pc to pull both misdemeanor warrants on the second page as I have been doing for almost 15yrs with no incident for the smaller misdemeanor warrants that won't accept. SDO. Anderson told me that I had to rebook the body as SDO. Franco was at the livescan machine in motion to process the arrestee during the same time he is actually telling me to rebook, he mostly did the rebooking himself as I stood by assisting him anyway I can, as he rebooking the arrestee the misdemeanor warrants accepted for him on the second page, they accepted due to me already pulling them using 853.7pc the first time, SDO. Anderson actions towards me before he got dressed in full uniform was unacceptable and that was a good completed booking his actions caused me to stay over and I didn't even get a chance to take my code 7 lunch break that day. I later asked SDO. Franco, about SDO. Anderson's actions towards me, she stated that some seniors does things different, he wasn't my senior officer for "A" watch during my shift and I don't understand why he targeted me that evening as he came in to work his shift not in full uniform? On 09-11-2021, I asked SDO. Wang Serial No. N3538, about the situation of using 853.7pc and (SDO) Wang stated to me that sometimes you would have to use 853.7pc at times to get the misdemeanor warrants. I come in to work on 09-12-2021, SDO. Anderson Serial No. N3954 hands me a copy of a previous booking that I have done days prior and stated that I have messed up on booking a warrant showing me a copy of it, I don't believe my actions caused that booking to be incorrect due to the fact a incorrect charge won't accept on booking a warrant, it just won't on a warrant with an inputed incorrect charge. I have respect for SDO. Anderson and always gave him respect as I'm just walking, passing him bye, as a detention officer for almost 15yrs I understand exactly what's going on and will continue to write and report my harassments and discriminations in jail division. I take responsibility for my wrong doings and willing to sign and accept any write ups or punishment thats pending against me when I'm in the wrong. A supervisor has the power to bring a man's morale up, as well as bringing it down! He was wrong.

| DATE & TIME TYPED | DIVN. RPTG. | CLERK | EMPLOYEE(S) REPORTING | SERIAL NO. | DIVN. |
|---|---|---|---|---|---|
| 09-20-21   0900 | | | DO. PARKS | N4135 | 77th |
| SUPERVISOR APPROVING | | SERIAL NO. | | | |

Filed Complaints
EEOC, DFEH



STATE OF CALIFORNIA - Business, Consumer Services and Housing Agency                           GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 21, 2022

**Via Email**
clenzale@gmail.com

Clenzell Parks
4917 West 119th Street Apt. J
Hawthorne, CA 90250

RE:   **Notice of Unsuccessful Contact**
      **Case Number**: 202110-15008207
      Case Name: Parks / Engedal

Dear Clenzell Parks:

You had a scheduled intake interview appointment for **January 19, 2022 at 1PM-2PM**. An intake interview is necessary for me to determine if a complaint can be accepted for investigation. We called your representative at the scheduled time but he was unable to conduct the intake. If you still wish to file a complaint, please contact me at the number listed below and you will be placed back into the intake interview rotation process, which has a current wait time of approximately 60 days.

However, by our review, you have four intake interviews scheduled. Those filings seem to have the same respondent(s). May I suggest forgoing this case and you can address your allegations during any of your upcoming intake appointments? If that is agreeable, you do not need to contact us.

If you do not respond **within ten (10) calendar days**, your Intake Form will be closed, and no further action will be taken by the DFEH.

Sincerely,

*Poon Chan*

Poon Chan
Associate Governmental Program Analyst
(916) 704-8042
poon.chan@dfeh.ca.gov



9:23 • · 5G 63%

**20221213_083517.jpg**
3.8 MB

TheStandard

CLENZELL E PARKS
4917 W 119TH ST APT J
HAWTHORNE CA 90250-2747

March 10, 2022
City Of Los Angeles
Claim        Contract
00HU2371    630363

Dear Mr. Parks,

Your Short Term Disability (STD) claim was recently referred to the Administrative Review Unit and we are writing in regard to the review of the decision made by Standard Insurance Company (The Standard) to close your STD claim

The Administrative Review Unit has completed the review of this decision. This was an independent review conducted separately from the individuals who made the original claim determination. Previously your STD claim had been closed with payment through November 19, 2021

After carefully considering all the information in your claim file, we find it is reasonable to reopen your claim for payment resuming November 20, 2021 and continuing through the STD Maximum Benefit Period to May 6, 2022

Your file will now be returned to the Short Term Disability Department, so that STD benefits can be calculated and issued to you through the STD Maximum Benefit Period. Additionally, your claim will be referred to the Long Term Disability (LTD) area to determine if LTD benefits are payable after the end of the STD Maximum Benefit Period

The STD Department can be reached at (800) 368-2859 if you have any questions about your claim or payment of benefits

This concludes the review of your claim by the Administrative Review Unit of The Standard. We are pleased to be of assistance to you regarding your claim for STD benefits

Sincerely,

Patrick Brunmeier

Patrick Brunmeier
Benefits Review Specialist
800 368 1135 ext 8029
fax 888 878 3686

Standard Insurance Company
PO Box 2800
Portland, OR 97208

|||   ◯   ‹

A

Retaliation
withholding
funds

Now I understand
saying I was A
Drug Dealer
Due to
Scott Engedal the
Officer/Supervisor who
Signed my medical forms

I could hardly survive
without funds,
Behind on Rent, car
note and At time
nothing to eat

9:24    5G 63%

← 🗑 ✉ ⋮

# Malicious giving false information to The Standard Insurance Company ☆ Add label

Clenzell Parks 12/13/2022
to Oigcompl ∨    ↩ ⋮

I D. O Parks Serial No. N4135 would like to file a complaint on Betty Collins Serial No. V9988 for malicious giving the wrong information to The Standard insurance company withholding my benefits for six months from November 19, 2021 to May 6 2022 without any monies to hardly survive. I feel she did that due to Comradery after I sent in the proper documentation stating that i was not back at work due to my illness.. Also Tracey Mathis Serial No. G9601. That sent me into a Deeper Depression, who can i turn to besides God in my time of need. I'm putting my trust into Internal affairs.

CLENZELL E PARKS
4912 W 119TH ST APT J
HAWTHORNE CA 90250-0747

March 10, 2022
City Of Los Angeles
Claim        Contract
3094/2371      696363

Dear Mr. Parks

🖼 2022121...3517.jpg  ⬇ 🔺 ⊕

↩ Reply   ↩ Reply all   ➡ Forward

✉99+   📹

‖‖  ○  ‹

B

Retaliation
withholding
funds

I learned this Information
from 'Medial'
        Maria Gambino
        N1655 @ lapd. online
How else would I get
        this Information
    Scott Engedal's Retailation
    His name was on paperwork

7:56 📱 M ⊠ 🖼 🗐 🗍                    5G ⓘ 36% ⎯

← 🔒  **MyChart - Visit Summary**  ＜ ⋮
         https://mychartor.providence.org...

☰ Menu                    C ▾  ⮐

Scott Engedal Signed those forms
After 1-19-2023 Everything makes sense

## Appointment Details 🖨

This why they released monies to me

After Visit Summary® ⎯ Notes

Telephone Encounter

CMA Marilou A at 03/10/22 0825

Taylor from Standard Insurance Company
called, there was an incident with Mr. Park
yesterday. He sent emails and picture (of his
son) to a coworker after work hours stating
he was suicidal and asking for an
ambulance. Since it happened after hours
they tried calling Mr. Parks today and he did
not answer. They have called the police
already for a wellness check. She states they
will notify us of any updates.

It was to Patrick ~~~~~

Taylor 971.321.6710

Due to them witholding my funds

Back to the Appointments and Visits page

" Retaliation

Log Out  Non-discrimination  Interoperability
Guide  Terms & Conditions  Contact Us  Help

12-20-2019

3-9-2022

# Parks, Clenzell Evans

MRN: 20004176742

**Office Visit** 12/13/2021
PMI CARSON PRIMARY CARE

Provider: Kenneth Shiozaki, DO (Family Medicine)
Primary diagnosis: Current moderate episode of major depressive disorder without prior episode (HCC)
Reason for Visit: Follow-up

## Progress Notes

Kenneth Shiozaki, DO (Physician) • Family Medicine

**PROVIDENCE**
Health & Services
Southern California

Creating healthier communities, *together*
21501 S AVALON BLVD STE 100
CARSON CA 90745-0000
310-835-6627

| | |
|---|---|
| **Patient Name:** | Clenzell Evans Parks |
| **Age:** | 45 y.o. |
| **DOB:** | 4/29/1976 |
| **Medical Record Number:** | 20004176742 |
| **Date of Service:** | 12/13/2021 |
| **Phone Number:** | 310-951-0069 (home) |
| **PCP:** | Jane U. Ekejiuba, MD |
| **Encounter Dept:** | PMI CARSON PRIMARY CARE |

**SUBJECTIVE:**
**CC:**
**Chief Complaint**
Patient presents with
• Follow-up

**History of Present Illness**:
Clenzell Evans Parks is a 45 y.o. male who presents with Follow-up

Patient has current moderate episode of major depressive disorder and acute stress disorder, reports talking with stages of life counselor over the phone, first appointment a few days ago.
Patient reports disability forms did not go through. Patient reports feeling targeted and harassed at work. Patient is compliant with medications.
Patient has OSA and states CPAP machine was recalled.
Patient has ED and request to switch from Viagra to Cialis due to side effects of headaches.

**Allergies**:
**Allergies**
Allergen
• Sulfa Antibiotics

Reactions
Hives and Itching

**Medications**:
**Patient Reported Taking**

| | Dosage |
|---|---|
| escitalopram (LEXAPRO) 10 mg tablet (Taking) | Take 1 tablet by mouth Daily. |





Stages of Life Counseling Inc.
3655 Torrance Boulevard
Suite 300
TORRANCE CA 90503
310-502-0164

October 2, 2024

To Whom It May Concern:

Clenzell Parks was under my care from 2019-2023. Clenzell presented with work stress issues and would schedule appointments during this time to manage his work-related stress. Client was very motivated to learn coping skills and always open to new ways to manage his stress.

Sincerely,

Diane Dahlen, MS, LPCC #4827



6:01

Blurb  ▶ Inbox

**Sophia Broderick** 5:54 PM
to me ⌄

When we first met this individual, he knew he needed help. He was down and struggling, but from the beginning you could see a spark waiting to be lit. Life hasn't always been kind, and yet every day he chooses patience, acceptance and courage to move through it. As the months went on, the smile returned to his face and that spark began to ignite. He has a zest for life that is contagious. I am confident that spark is now ablaze and will take him very far. If you ever get the opportunity to hear his story, don't pass it up. He is an enigmatic storyteller with a riveting story to tell.

Best,

Sophia Broderick, APCC
Primary Therapist
New Origins
www.neworigins.org

—

CONFIDENTIALITY NOTICE:

This message is protected under the Federal regulations governing Confidentiality of Alcohol and Drug Abuse Patient Records, 42 C.F.R. Part 2, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. Pts. 160 & 164 and cannot be disclosed without written consent unless otherwise provided for in the regulations. The Federal rules prohibit any further disclosure of this information unless a written consent is obtained from the person to whom it pertains. The Federal rules restrict any use of this information to criminally investigate or prosecute any alcohol or drug abuse patient. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. All information contained herein

# *Certificate of Completion*

### New Origins

*Is Awarded to*

*Clenzell Parks*

On this day

September 15th, 2022

R. Honn, MS, LAADC

Ass for Ph    MT

**INVESTIGATIVE REPORT**

Page ☐ 3   33.01.00 (15/00)

**CASE SCREENING FACTOR(S)**

PROPERTY OF: BATTERY ON CUSTODIAL ORD

☐ SUSPECT/VEHICLE NOT SEEN
☒ PRINTS OR OTHER EVIDENCE NOT PRESENT
☐ NO MO? NAT? DISTRICT
☐ PROPERTY LOSS LESS THAN $5,000
☐ NO VEHICLE INJURY TO VICTIM
☐ ONLY ONE VICTIM INVOLVED

**VICTIM**

LAST NAME, FIRST, MIDDLE (OR NAME OF BUSINESS): PARKS, CLENZELL
SEX M   DESC B   HT 508   WGT 200   AGE 44   DOB 04/39/74
ADDRESS: 7600 S. BROADWAY
PHONE (313) 784-5699
E-MAIL ADDRESS: PARKS@LAPD.ONLINE   CELL PHONE (318) 455-55854

**PREMISES**: RELEASE DESK   DR. LIC. NO. (IF NONE, OTHER ID & NO.): N-4135 (CSD/77)   FOREIGN LANGUAGE SPOKEN   OCCUPATION: CUSTODIAL OFFICER

**ENTRY**   POINT OF ENTRY   POINT OF EXIT   LOCATION OF OCCURRENCE   RANK AS V/C   ☐ YES ☐ NO   SERIAL   PRINTS BY: ☐ SID ☐ PC   ATTEMPT ☐   OBTAINED ☐   1258

**METHOD**: ☐ FRONT ☐ REAR ☐ SIDE ☐ ROOF ☐ FLOOR ☐ OTHER
DATE & TIME OF OCCURRENCE: 03/17/21 0945
DATE & TIME REPORTED TO PD: 03/17/21 0925
INSTRUMENT/TOOL USED   TYPE PROPERTY STOLEN/LOST/DAMAGED

**VICT'S VEH.** (IF INVOLVED, YEAR, MAKE, TYPE, COLOR, LIC. NO.)   NOTIFICATIONS (PERSON & TIME/DR.)

**MO** ☐ LONG FORM - LIST UNIQUE ACTIONS   ☒ SHORT FORM: DESCRIBE SUSPECTS ACTIONS...

WHILE BEING RELEASED FROM 7774 JAIL SUSPECT STRUCK
CUSTODIAL OFFICER IN FACE WITH A CLOSED FIST

TRANSIT-RELATED INCIDENT ☐   MANDATORY MIRDS'S RIGHTS CARD PROVIDED TO THE VICTIM ☒   MOTIVATED BY HATE/PREJUDICE ☐   DOMESTIC VIOLENCE ☐

**REPORTING EMPLOYEE(S)**   INITIALS, LAST NAME: I. GALAN   SERIAL NO. 43971   DIV./DETAIL CSD/77   PERSON REPORTING ☐

**SUSPS. VEHICLE** (complete below sections if any CASE SCREENING FACTOR(S) boxes are not checked)

| | SUSPS | YEAR | MAKE | MODEL | TYPE | INTERIOR | EXTERIOR | WINDOWS |

| | SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING | NAME: ADDRESS, DOB... |
|B1| B | BLK | BRO 503 | | 170 | 200 | | | WILSON, TYLER, 04/14/1994   BKG# 6144937 |
VERBAL THREATS, DEADLY FORCE, SIMULATED GUN, ETC., IF KNIFE OR GUN DESCRIBE FULLY: FIST

**INVOLVED PERSON(S)**   W - WITNESS   R - PERSON RPTG   S - PERSON SECURING (W/S)   O - PERSON DISCOVERING (W/D)   P - PARENT

| W | ABESAMIS, ROMEOM O | 02/05/65 | 7600 S. BROADWAY LA, 90003 (323) 784-5022 |
DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.): V8223 (CSD/77)   E-MAIL ADDRESS: V8223@LAPD.ONLINE

| W | HERRERA, GONZALD M H | 01/18/77 | 7600 S. BROADWAY LA, 90003 (323) 786-2772 |
DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.): N2394 (CSD/77)   E-MAIL ADDRESS: N2394@LAPD.ONLINE

DocuSign Envelope ID: E969B528-43B2-4871-A7D9-6FBE396BACF0

# WORKERS' COMPENSATION INTAKE SHEET

## (Please fill out to the best of your knowledge)

### PERSONAL INFORMATION

Today's Date: 09-21-2021                    Who referred you to this Office? _____

Injured's Name: Clenzell Parks _____    DOB: 04-29-1976  Age: 45    SSN: 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

Address: 4917 w. 119th street Apt# J _____    City: Hawthorne _____    Zip: 90250

Home Phone: None _____    Cell No.: 310-951-0069 _____    Business No.: _____

Marital Status: _____    Name of Spouse: _____

Emergency Contact Information: Clenzell Parks Jr. 424-240-2591

### EMPLOYER INFORMATION

Employer: City of Los Angeles

Address: 7600 south Broadway Los Angeles, CA 90003

Telephone No.: 323-786-5550 _____    Fax No.: _____

Occupation: Detention officer _____    Wage Rate: 40hr. _____    Hours per Week: 40hrs

OT, Bonus, Tip, Commission: 0

Job Duties: Book,process, feed and daily 30 minutes checks on the hour to keep all the inmates safe

How Long Employed? 14 years    Direct Supervisor's Name: David Yuen/ Dave Govan

Are You Considered an Independent Contractor? _____

Does (Did) the Company Take Federal and state Taxes Form Your Salary? (Specify): _____

Other Employment / Self Employment: 0 _____

### INJURY INFORMATION

Date(s) of Injury: 03-17-2021

Approximate Time of Day: _____

Date, Name and Position of Employer Rep Notified: 03-17-2021 David Yuen principal Detention Officer

If Continuous Trauma Injury, List First Date of Symptoms: _____

Location of Accident (If Injury Occurred at a Property Other Than Employer, Full Address Must Be Given:
Incident happened at my place of work  7600 south Broadway LA, CA 90003

Part(s) of Body Injured: Reinjured back and hurt right shoulder which was new injury that I sustained that
day. I still have alot of Anxiety, stress and Depression mentally.

DocuSign Envelope ID: E969B528-43B2-4871-A7D9-6FBE396BACF0

Are You Experiencing Any Emotional Problems Due to Your Orthopedic Injury? _____
Yes

Describe Briefly How Injury Occurred: _____
Releasing an inmate from 77th Jail Division when she turned and attacked me, I hurt myself defending myself, we both fell to the floor.

Was Any Other Person Responsible for the Accident? Explain: _____
Yes! I was attacked at work by inmate Taylor Wilson D.O.B 09-14-1994 as I was releasing her to go home
Booking number# 6144937

Was There a Workers' Compensation Procedure Sign Clearly Posted Nearby? _____

Name and Title of Person Who Took Accident Report: Police officer PII. I, Galan Serial No. 43971

DWC-1 Claim Form Completed? _____

List Any Names and Addresses of All Known Witnesses to This Accident:

1. Senior Detention Officer Abesamis Serial# V8223
2. Senior Detention officer Herrera Serial# N2394
3. Senior Detention Officer Traci Johnson
4. _____

Any Work Hours / Days Lost Due to Accident / How Much: _____

Currently Working? Yes____ Regular: Yes____ Modified: No____ Date Last worked: 09-21-2021 132(a): _____

Prior WC/PI Injuries? _____

| Date: | Body Part(s): | Date Settled: | Compensation: |
|---|---|---|---|
| Date: | Body Part(s): | Date Settled: | Compensation: |
| Date: | Body Part(s): | Date Settled: | Compensation: |

Have You Had Any Civil Claims Filed?

| Date: | Body Part(s): | Date Settled: | Compensation: |
|---|---|---|---|
| Date: | Body Part(s): | Date Settled: | Compensation: |
| Date: | Body Part(s): | Date Settled: | Compensation: |

Have You Ever Had Any Physical Ailments / Injuries to the Same Body Parts as Noted Above? _____
Explain: Yes! I reinjured my back and new injury to right shoulder which was a worker's comp injury that required surgery 2001

## INSURANCE INFORMATION

Name of Insurance Carrier of Employer: Elite

Claim #: 4050420

Address: 27475 Ynez Road #314 Temecula Ca,92591

Name of Adjuster: Marc Baker _____ Phone No.: 951-676-3850 _____ Fax No.: _____

Any Temporary Disability Paid? _____ How Much Bi-Weekly? _____

Did You Apply for EDD? _____

## MEDICAL INFORMATION

Received Medical Provider Network (MPN) List from Employer, Within 3 Working Days of Your Injury? _____

Did Your Employer Explain How to Obtain an MPN List? _____

In English or Spanish? _____

Were You Notified of Your Rights to Be Treated By A Physician of Your Choice Within the MPN? _____

Were You Refused Treatment, After Your Request? _____

How Much Time Elapsed from Time of Treatment Request? _____

List of Doctors, Hospital, Therapist, Etc., Related to Accident:
1. Dr. Giacobetti 390 N. Pacific Coast Highway 310-640-9911
2. None
3. None
4. _____
5. _____
6. _____

Do You Have Any Pre-Existing Medical Conditions, Illnesses and/or Injuries not Listed Above? Yes

If Yes, Please State Condition and When First Diagnosed: _____
Sleep Apnea 2010

## OFFICE INFORMATION

Office Notes: _____

Referral To: _____

Prior WC Attorney on This Claim? _____

Hired Attorney on What Date? _____

## Employee's Report of Injury Form
(To be completed by the injured employee)

Employee's name: Parks, Clenzell E.                    Male ☒    Female ☐

Date of birth: 04-29-1976                    Home telephone # 310-951-0069

Home address: 4917 W. 119ᵗʰ St. No. J

City:  Hawthorne                    State:  CA    Zip Code:  90250

Present classification:  Detention Officer

Location of accident:  7600 S. Broadway (77ᵗʰ RJS)

Date of accident: 03-17-2021                    Time of accident:  0848

Describe fully how accident occurred: (including events that occurred immediately before the accident):

*I had no exchanged words with the inmate.  She began to punch me for no apparent reason.  I punched back and we both ended up on the ground.  Backup arrived to assist.*

Describe bodily injury sustained (be specific about body part(s) affected):  Right shoulder/Lower left back

Recommendation on how to prevent this accident from recurring:    N/A

Name of supervisor: PDO Govan                    Phone # 323-785-5550

Name(s) of witness (es):N/A

When did you report the accident to your supervisor? Immediately

Who did you report the injury to? PDO Yuen

Do you require medical attention?   Yes: ☒    No: ☐    Maybe: ☐

Name of your treating physician:  R. Choi, MD    Phone # 310-951-0069

Signature of employee:                    Date:   03-18-2021

ADMINISTERED BY:



**ELITE**
CLAIMS MANAGEMENT
Workers' Compensation Specialists

27475 YNEZ ROAD #314
TEMECULA, CA 92591
www.eliteclaims.com

(951) 676-3850

# City of Los Angeles
### California

ERIC M. GARCETTI
MAYOR

AN EQUAL EMPLOYMENT
OPPORTUNITY EMPLOYER

WWW.LACITY.ORG/PER

*D*

*Psych Claim Comes from*

March 31, 2021

Clenzell Parks
4917 W 119th Street Apt J
Hawthorne, CA 90746

Employee:     Clenzell Parks
Claim No.:    4050420
Date of Injury:  03/17/2021

## ACCEPTANCE OF CLAIM (ADR)

Dear Clenzell Parks,

On behalf of the City of Los Angeles, Elite Claims Management, Inc. is handling your workers' compensation claim. I am sorry to hear about your recent injury at work. My name is Marc Baker and I am the analyst assigned to your claim.

Your claim for workers' compensation benefits has been accepted. Please note your claim number and mailing address above. All appropriate and authorized benefits provided to cure or relieve you from the effects of your industrial injury pertaining to your Right shoulder and Lower back will be paid by the City of Los Angeles. Travel and medical expenses resulting from your injury will also be paid. I have enclosed mileage reimbursement forms for your use. Information regarding filling prescriptions and obtaining medical treatment is below. Please do not pay any medical bills yourself. Instruct your treating physician and/or provider to bill the City of Los Angeles directly and that prior authorization must be sought. Please direct them to our dedicated Utilization Review FAX for treatment authorizations at (951) 676-7258.

Your claim is subject to the exclusive jurisdiction of the Alternative Dispute (ADR) Resolution. Please see the enclosed ADR Brochure for further information. You may also contact your Ombudsperson at California Claims Management Services (CCMS) at 833-505-CCMS / 833-505-2267 or contact@adrlacity.org.

For physical therapy, occupational therapy and chiropractic treatment, the City of Los Angeles' network provider is MedRisk. They can be reached at 1-800-225-9675.

For pharmaceuticals, the City of Los Angeles' network provider is Express Scripts. They can be reached at 1-800-945-5951.

For durable medical equipment, such as braces, canes, etc. the City of Los Angeles' network provider is Optum. They can be reached at 1-888-880-9656.

For transportation and translation, the City of Los Angeles' network provider is One Call Medical. They can be reached at 1-866-672-5797.

For radiology services (MRI, CT, EMG), the City of Los Angeles' network pr(
They can be reached at 1-866-557-8670.



1:50 📱 📳 ☎ ⬛ 🛜   5. PMB   📷 5G UC .ıll 65% 🔋

Went out
on stress
leave 12-28-19
Come back
6-20-2020
Transferred
to 77th

LOS ANGELES POLICE DEPARTMENT
**EMPLOYEE'S REPORT**

OR

SUBJECT
HARASSMENT

| DATE & TIME OCCURRED | LOCATION OF OCCURRENCE | DIVISION OF OCCURRENCE |
|---|---|---|
| 12-27-19      1655 | BOOKING AREA 180 N. LosAngeles st, LA, CA90012 | CSD |

TO (Rank, Name, Assignment, Division)
LT. II J. HERNANDEZ, OIC, MJS, CSD

DATE & TIME REPORTED
12-28-19      0800

DETAILS: (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

ON 12-27-2019 AT Approximately 1647PM D.O Demetrius Shaw, Serial No. N1003 was in the booking area talking with D.O Ruiz Serial No. N4228, He was talking very nasty and sexual about women and how he makes them have hysterectomies, i thought that conversation was very inappropriate and tasteless in the booking area as he offended me, i turned and looked at the SDO, who was sitting next to me. I, said harassment!! I just couldn't believe what i was hearing. SDO Taylor Serial No. N1935 got up and left, maybe he had to check on something. I have ongoing litigations going on in here in jail division about my harassments on and off the job. I Don't know why or understand the harassments coming from them. I dont know what reaction they trying to get from me, and Demetrius Shaw is one of them. I hated to report him yesterday due to my first day back and all the issues i have going on here, i hated to get the senior Detention officer involved, this is a very close nit environment where people talk and knows each other, its not fair that i have to continue to be subject to a hostile work enviroment, i as a Detention officer always think who is around me when i'm speaking, you have to think about others, how they feel about the things you say! Especially sex talks, he aint no doctor, and wasn't talking about a woman who had one. I feel i need to report everything that is Harassment to me, I know I D.O Parks Serial No. N4135 couldn't and would not get away with anything of the nature i make or made complaints about. I have submitted a case with the Department of Fair Employment and housing about shaw 12-12-2019, I come back to work and he is speaking same way, like no one knows what he is talking about. I wish someone would have a talk with him, he needs to be stopped! check cameras in the booking area 12-27-2019 1645pm, you will see it, if no one else was offended even who he was talking to wasn't. I was. On 12-28-2019 at approximately 0900 i did ask shaw for his serial number and told him how he made me feel with his conversation a day prior 12-27-2019. I really hate to bring issues or problems to you guys in charge at jail division but it is what it is.

SDO
Senior Detention Officer

Right to ~~sue~~ Sue Letter!

shaw Is PDO GOVAN # 77th Jail Division
friend, I get hard time over there
Since LT. Joe Hernandez of Jail Div, Transfers
me To 77th Jail DIV from me Filing Complain
~~sue~~ on him for not handling my Complaints to him
About me being Harassed

| DATE & TIME TYPED | DIVN. RPTG. | CLERK | EMPLOYEE(S) REPORTING | SERIAL NO. | DIVN |
|---|---|---|---|---|---|
| 12-28-19      0900 | | | DO Parks | N4135 | CSD |
| SUPERVISOR APPROVING | | SERIAL NO. | | | |
| SGT. L. Dann (Dannes) | | 31709 | | | |



1:10   5G UC ⊪ 31%▮

←                          🗑   ✉   ⋮

From   Clenzell Parks · clenzale@gmail.com

To       Oigcompl@lapd.online

Date    Jan 2, 2023, 1:45 AM

          View security details

I Detention Officer Parks N4135 would like to have Supervisior Edward Taylor Serial No. N1935 investigated for the incident of Detention Officer Demetrius Shaw Serial No. N1003 for Sexual Harassment comment that he made and was wrongful cleared of about making women have hysterectomies sexually in my presence and his presence in the booking area of Metropolitan Detention Center (MDC) jail on 12-27-2019 at 17:45 almost the end of watch, which led him to actually sprint out the booking area once Detention Officer Demetrius Shaw made the comment. I looked right at Senior Detention Officer Taylor who was sitting right next to me and said that's harassment, what prompted shaw to make that comment was due to an aresstee female being brought in by an officer to be booked walking with a limp. Everyone knows how nasty and perverted Detention Officer Shaw can be at times, but it was never a problem to me or anyone working in jail division due to us being brothers working along side each other for many years. That's

📎      ← ▼ Reply                    ↱   ☺





# LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
## BUREAU OF PROSECUTION SUPPORT OPERATIONS
### JUSTICE SYSTEM INTEGRITY DIVISION

GEORGE GASCÓN • District Attorney                                                • Di
JOSEPH F. INIGUEZ • Chief of Staff

October 29, 2021

Clenzell Parks
4917 West 119th Street, Apartment J
Hawthorne, California 90250

Dear Mr. Parks:

On October 19, 2021, the Justice System Integrity Division received your letter concerning your
allegation that you are "constantly being targeted and harassed in Jail Division due to the filing of
complaints of harassment and discrimination in the past. . ."

With a number of exceptions that do not apply here, the District Attorney's Office investigates and
prosecutes criminal offenses that occur within the County of Los Angeles. If proved, the matters
that you allege do not constitute criminal offenses. Rather, these allegations concern violations of
the civil laws of this state. Therefore, the District Attorney's Office has no jurisdiction and cannot
take action in this matter. You mentioned that you have retained an attorney to represent you. We
recommend that you continue to consult with that person as to the best course of action.

We apologize that we cannot be of more assistance.

Very truly yours,

GEORGE GASCÓN
District Attorney

By:

ALAN YOCHELSON
Head Deputy

2:19    5G 81%

<

Before they Transferred
me from Jail I Worked
Over 12 years



**LOS ANGELES POLICE DEPARTMENT**

Detective II
Elizabeth Reyes,
Serial No. 36108
Internal Affairs Group
Administrative Investigation Division West

Office: (213) 996-
TTY: (213) 485-380
Fax: (213) 482-041
36108@lapd.online

201 N. Figueroa St, 15th Floor
Los Angeles CA 90012

213·996·
2.745

Internal Affairs
I Called her into
the Jails 7-11-2019

7-15-2019
I was harassed
Again by
Principle Detention
Officer
Reina Gomez
I went out Stress
7-15-2019 -12-27-201



♡    ✎    ⟨    🗑    ⋮

|||    ○    ⟨

LOS ANGELES POLICE DEPARTMENT
**EMPLOYEE'S REPORT**

DR

15.07.00 (04/92)
SUBJECT

| DATE & TIME OCCURRED | LOCATION OF OCCURRENCE | DIVISION OF OCCURRENCE |
|---|---|---|
| 10-23-19    1300 | LosAngeles Police Department BSS 221. N Figueroa | CSD |
| TO: (Rank, Name, Assignment, Division) | | DATE & TIME REPORTED |
| Captain Newton | | 08-24-19    0900 |

DETAILS (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

I DO. Parks Serial No. N4135, On 10-23-2019, went to appointment to meet with Police Pyschologist Shiloh A. Catanese Serial No.25037, of the Los Angeles Police Department, I was seeing her for my depression and anxiety some due to me feeling like i was being targeted and harassed at MDC jail which I filed 15.7 complaints to Lt. Hernandez Serial No.32785, about them I gave her my short term disability papers to fill out after our meeting on 10-23-2019, she took them to the back maybe to her watch commander I'm assuming, she brought them back to me stating that she wasn't required to fill them out for me or couldn't, Whatever the case was she didn't fill them out for me. I felt very discriminated against and feel like she is/was part of the harassment i was having back at the time at MDC jail division. I took the short term disability papers to my stagen of life couselor Mrs. Diana Dahler. She stated to me that was odd as her being my Psychologist not to fill out my disability paperwork due to me needing that to survive. I'm just being able to fill out my 15.7's due to being taken off from work by my primary doctor due to stress related issues i was having at the time, i don't understand the treatments i was receiving.

BSS
Police Psychologist Shiloh A. Cantanese
I'm In a Bad Situation I Feel I Can't go see
A Police Psychologist, I don't trust them anymore
77th Jr. CMIN. OFFICE

This is under Active Investigation
By Speargint    She Told
Sgt. Sally Santa Maria   me/   Tele a MD + CMX newton
36348(?)LAPD. Online    "official"    E-mails + desk card
213.996.2777    4/13/20
See Called Twice    So creamd
Once A year prior    She Should of Took
1 months prior   Second Time which was the   me off!
First time.

| DATE & TIME TYPED | DIV. RPTG. | CLERK | EMPLOYEE(S) REPORTING | SERIAL NO. |
|---|---|---|---|---|
| | | | DO. PARKS  CP | N4135 |

SUPERVISOR APPROVING                    SERIAL NO.
                                        51747

Internal AFFAIRS

LOS ANGELES POLICE DEPARTMENT
**EMPLOYEE'S REPORT**

15.07.00 (5482)

| SUBJECT | | | |
|---|---|---|---|
| FORCED TO TRANSFER | | | |
| DATE & TIME OCCURRED | | LOCATION OF OCCURRENCE | DIVISION OF OCCURRENCE |
| 06-18-20 | 0900 | MDC Jail | CSD |
| TO: (Rank, Name, Assignment, Division) | | | DATE & TIME REPORTED |
| Captain Gary Newton | | | 06-23-20    1110 |

DETAILS: (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

I DO.Parks Serial No.N4135, Was forcefully transfered to 77th Division due to all the complaints of harassments I have filed with Lt. Hernandez Serial No.32785,head of jail Division. I have filed complaints with the Internal Affairs, and the Department of Equal Employment and Fair Housing. I been going through different types of harassments from different staff members,and supervisors since July of 2019 with no resolutions to those complaints besides moving me on 06-18-2020, after being released back to work from my doctors care. I don't understand my harassments that I have been experiencing at (MDC) Metropolitan Detention Center. I am or was doing everything I can to stop it,I called in Internal Affairs investigator Elizabeth Reyes Serial No.36106, to look into my complaints on 07-15 -2019. I eventually went to my doctor and she took me off work due to the stress I was having, I called Internal Affairs a second time to my residence on 09-16-2019, to complain and get a second opinion about my harassments. I feel like my issues of complaints wasn't resolved due to the comradery of superviors there. I feel like I have a trail of harassments there in MDC jail, but no one seems like is listening to me or even cares. I never been written up or discipline for anything the twelve years I have been a Detention Officer, it's not fair for one person to be targeted and attacked the way I have and continued to be by the staff and Supervisors of the Metropolitian Detention Center. I just want the same respect I give others in the Department and to be treated fair. I feel some of them should of been moved not me.

77ᵀᴴ JAIL. DMIN. OFFICE

June 24, 2020

They wrongful Transfered me
To 77th Jail

They Harassing me
There ALSO          Official

LT. Joe Hernandez
Head of Jail Div.

Captain. GARY Newton

Racisim & Sent To   150 N. Los Angeles
CAPt Newton      LA, CA 90014
6/24/2020
11218 CoPt + Email "MDC" JAIL
Enclosed

| DATE & TIME TYPED | DIVN. RPTG. | CLERK | EMPLOYEE(S) REPORTING | SERIAL NO. | DIVN. |
|---|---|---|---|---|---|
| 06-23-20    1015 | | | DO. Parks  C P | N4135  CSD | |
| SUPERVISOR APPROVING | | SERIAL NO. | | | |
| Humphrey | | V825 | | | |
| Accept only | | | | | |

9:15    5G UC 73%

From    Clenzel Evans • clenzale@gmail.com

To    Oigcompl@lapd.online

Date    Oct 3, 2022, 6:18 AM

View security details

I want to file a complaint on the complaint unit, You starting to create a pattern of unfounded or not resolved on my complaints and that makes me concern, someone is not reading their core values about integrity and respect for others, either you took a vacation day from someone like me or you gave me one, not giving me weekends when im a fifteen year veteran. The many things i complain about is self exclamatory and couldn't be made up, the question is why so many things happening in a department to a person, a person who just wants to be left alone and do his job, go home to take care of himself and kid like everyone else. I use to hear about these cover ups and things about department on television but never thought that i would grow up to overcome adversities and experience it myself. I been a Detention Officer for fifteen years and know the rules of my department. I always follow them when you all are not, that's why i never been written up for anything not even late in all them years, just suffered stress from harassment when a Sergeant/friend or his relative





and a co- worker starting having an affair with my wife that i divorced which could happen to any of you. Second, When Sgt. Scott Engedal touching me and my cross of my Jesus on a necklace, tucking it back into my uniform as im outside, you are not truthful when you tell me it's lawful or within the law to put your hands on someone when it's sexual Harassment if you touch a woman who doesn't want your hands touching her shoulder or wherever on her body. I learned that from the courses you have me take on harassment and sexual Harassment. I'm wondering why you even use my reports that i write inside the jails to protect staff? If everything i complain about to you, Captain Gary Newton and Lt. Joe Hernandez, is unfounded? I even try to get help with my stress from BSS on a voluntary basis and Lt. Joe Hernandez calling over there 10/2019 trying to have me reprimanded for some reason which was told to mw by the Police psychologist Shilo A. Cantanese, that her watchcommander told him whatever he wanted to do to me that they couldn't due to the fact that i didn't fit a criteria, you probably say im lying about that. I feel she would deny it anyway as i have saw her and Lt. Joe Hernandez talking at the building on main as we were there for training class. I'm learning and have learned so much in the department these last three years that not being truthful is valuable in the department. Especially, if you feel a person is important to you. I feel you all in it together, protecting people you feel belong or in your groups or cliques. I be better off just going to the media with all my concerns. I have alot more complaints which is valid due to Lt. Joe Hernandez sweeping them away showing bias and prejudice against me. I'm a Christian since i was a kid growing up in Arkansas I'm not known to be a liar and just got re-habtized on 00



Page 2
18.2.2

*Not My signature*

---

### Acknowledgement of Service

I understand that my refusal and/or failure to comply with the direct order(s) as set forth in this memorandum could be construed as insubordination and may lead to further disciplinary action up to and including removal from my position as a detention officer.

I have read and been provided a copy of this correspondence.

_____ 4-6-2022  _____ 32329  4-6-22
Employee Officer's Signature    Date    Witnessing Supervisor    Date
LT STEPHEN WINTHER

N4 35

This forced me to resign too
they forged my signature
I didn't have a chance at
Skelly meeting Anyway!
Regardless of my situation
They had no right to
forge my signatures on
These documents

4-6-2022

4-7-2022

They don't go BY LAPD Core    6 B
Values   force Me to Resign

11:16   5G 19%

Screenshot_20230121_090...

1 MB

*Not My Signature*

## Administrative Chemical Test Advisement

**NOTE:**

Department supervisors who order an employee to provide a blood, breath, or urine sample should first review Department Manual Section 3/836 and Article 3.5 of MOU 24 and must comply with the provisions therein

1. I, _LT WINTER 32225_ a supervisor with the Los Angeles Police Department, hereby place you on duty and order you to provide a ☐ blood/☐ breath/☑ urine sample (check one), for the purpose of an administrative investigation. *4412 12*

2. If you fail to comply with my order to provide a sample, you will be subject to discipline, which could be as severe as removal from office.

3. Do you understand this order and admonition?

ANSWER: _yes_

4. Will you provide a sample?

ANSWER: _yes_

| Print Employee Name (Last, First, M.I.) | Serial No. |
|---|---|
| PARKS, CLENZELL | N4155 |
| Employee Signature | Date |
| Clenzell Parks | 4-7-22 |
| Print Name of Supervisor Issuing Order (Last, First, M.I.) 3 | Serial No. |
| LT STANLEY WINTON | 32225 |
| Signature of Supervisor Issuing Order    HERNANDEZ | Date 4-7-22 |

---

*Handwritten margin notes (left side):*

I Just Notice
12-16-2024
1. Lt. Winter
Name

But Lt. Joseph
Hernandez
Signature
Issuing
Order

III   ◯   ‹

## Juvenile Detention
## Memorandum of Understanding

Employee Name: Clenzell Parks

Employee ID: 811147935

Anticipated Work Schedule Begin Date: Jan 20, 2024

My Work Schedule is as follows*:

| FIRST WEEK | | SECOND WEEK | |
|---|---|---|---|
| Monday: | 12pm-10pm | Monday: | 12pm-10pm |
| Tuesday: | Off | Tuesday: | Off |
| Wednesday: | Off | Wednesday: | Off |
| Thursday: | Off | Thursday: | Off |
| Friday: | 12pm-10pm | Friday: | 12pm-10pm |
| Saturday: | 12pm-10pm | Saturday: | 12pm-10pm |
| Sunday: | 12pm-10pm | Sunday: | 12pm-10pm |

* Detention does a working lunch, there is no lunch break.

I understand that my regular Work Schedule is now as described above, and that I must adhere to the requiremen of an Alternative Work Schedule, as outlined on the Alternative Work Schedule Policy (HR-332). I understand tha the privilege of working an Alternative Work Schedule may be rescinded at any time based on departme needs or based on disciplinary actions or performance problems.

_____     12-9-2024
Employee Signature                   Date

I understand that it is my responsibility to ensure that this employee adheres to the requirements of an Alternati Work Schedule as outlined in the Alternative Work Schedule Policy (HR-332).

_____     _____
Manager/Supervisor Signature         Date

DO. Parks                                    N4135    77th

DO. PARKS                                    N4135    77th

EMPLOYEE(S) REPORTING              SERIAL NO.    DIVN.
DO. Parks                                    N4135    77th

My signature verifies that there is, or will be, adequate time in my accrual bank to cover the requested time.

_____  11-1-24
Employee Signature                Date

RY - Supervisor

## MARICOPA COUNTY
## ABSENCE/OVERTIME REPORT

| DEPARTMENT | | LOW ORG. |
|---|---|---|
| Juvenile Detention | | |

811147935

EN

WITHOUT PAY

| DATES | | TOTALS | |
|---|---|---|---|
| **FROM** | **TO** | | |
| 1-5-25 | 1-5-25 | **DAYS** | **HOURS** |
| **HOURS** | | 1 | 10 |
| **FROM** | **TO** | | |

**REASON FOR LEAVE/OVERTIME**

ZED ABSENCE
OF ABSENCE

Traveling to Los Angeles
to Visit kids.

DE on 15:40

AL

HEAD APPROVAL

| ☐ COMPENSATORY TIME EARNED | ☐ OVERTIME |
|---|---|
| DIVISION HEAD APPROVAL | SUPERVISOR APPROVAL |

My signature verifies that there is, or will be, adequate time in my accrual bank to cover the requested time.

_____  12-9-24
Employee Signature                Date

CANARY - Supervisor

10:03  5G UC 76%

← 🗑 ✉ ⋮

# Lt. Joe Hernandez/Lt. Stephen Winter ☆ Add label

 **Clenzell P...** 2/10/2023 ☺ ↩ ⋮
to Oigcompl ⌃

| From | Clenzell Parks · clenzale@gmail.com |
| To | Oigcompl@lapd.online |
| Date | Feb 10, 2023, 3:13 PM |
| | View security details |

I Detention Officer Parks Serial. N4135, would like to file a complaint against Luitentants Joe Hernandez and Stephen Winter for forging my signature on a disciplinary document 04-06-2022 and 04-07-2022. I just found out about this 01-19-2023 after receiving Disciplinary report. I didn't sign these two documents. This Date I'm filing this complaint is my second time this date is 02-10-2023.



📎 ↩ ▾ Reply ↪ ☺



3:18 ▶ ⊚ ⊙ ⊚ ⚏ ⌂ • 🔋 5G UC ◗◖◗ 20%🔋

←                    🗑    ✉    ⋮

From   Clenzell Parks • clenzale@gmail.com

To     Oigcompl@lapd.online

Date   Feb 10, 2023, 3:13 PM

       View security details

I Detention Officer Parks Serial. N4135, would like to file a complaint against Luitentants Joe Hernandez and Stephen Winter for forging my signature on a disciplinary document 04-06-2022 and 04-07-2022. I just found out about this 01-19-2023 after receiving Disciplinary report. I didn't sign these two documents. This Date I'm filing this complaint is my second time this date is 02-10-2023.



📷    Resized...43.jpeg    ⬇    ▲    ⬥

📎    ↩ ▾  Reply              ↪    ☺

        |||         ◯         ‹

**LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE**
BUREAU OF PROSECUTION SUPPORT OPERATIONS
JUSTICE SYSTEM INTEGRITY DIVISION

GEORGE GASCÓN • District Attorney                    DIANA M. TERAN • Director
JOSEPH F. INIGUEZ • Chief of Staff

April 17, 2023

Clenzell Parks
4917 West 119th Street
Hawthorne, California 90250

Re: Allegation of Forgery
    JSID Case Number 21-0451

Dear Mr. Parks:

On March 28, 2023, we received a various materials from you in which you allege that two police officers "forged" your signature. After thoroughly reviewing the material you sent, we do not discern any evidence that this occurred.

We realize that this is not the answer you seek, but absent evidence of a criminal violation of state law, we cannot take any action in this matter.

Very truly yours,

GEORGE GASCÓN
District Attorney

By: 

ALAN YOCHELSON
Head Deputy

Luitentants: Joe Hernandez serial No. 31267
              Stephen Winter serial No. 32329

Hall of Justice
211 West Temple Street, Suite 1200
Los Angeles, CA 90012
(213) 974-3888
Fax: (213) 626-5125
WEBSITE: http://da.lacounty.gov

5:00    5G UC 64%

←    Parks Receipt....    🔍

| Received At | LAPD Facility | **Complaint Form Receipt** | | CF No. 19-003727 |
|---|---|---|---|---|
| Input Date | | 12/30/2019 | | |

**Location of Incident**

| Beginning Date | 12/28/2019 | Reporting District 0127 | | |
|---|---|---|---|---|
| Beginning Time | | | | |
| Street Number | Street Fraction | Street Direction | Street Name | Street Description Apt/Unit/Ste |
| 180 | | North | Los Angeles Street | |
| City | State | Zip | | |
| Los Angeles | California | 90012 | | |
| Cross Street 1 | Cross Street 2 | | | |

**Complainant**

| Last Name | Parks | First Name | Cienzell | Rank |
|---|---|---|---|---|
| M.I. | E | Suffix | | |
| Serial No. | N4135 | DOB | 04/29/1976 | |
| Source | Civilian Department Employee | Method | Verbal (in person) | |
| Organization | | | | |
| ID Type | ID State | ID Country | ID Number | |
| Email | | | | |
| | | Business Address | | |
| Street Number | Street Fraction | Street Direction | Street Name | Street Description | Apt/Unit/Ste |
| City | State | Zip | | |
| | | Residence Address | | |
| Street Number | Street Fraction | Street Direction | Street Name | Street Description | Apt/Unit/Ste |
| City | State | Zip | | |
| Phone Type | Phone Number | | | |
| Cell | | | | |
| Business | (213) 356-3440 | | | |

**Summary**

Recorded By

| Rank | Last Name | Serial No. | Organization |
|---|---|---|---|
| SGT 1 | GALAN | 31808 | CSD |

Before wrongful transfer
6-20-2020

LAPD Confidential

♡    ✎    ⓘ    ＜    🗑



LOS ANGELES POLICE DEPARTMENT
**EMPLOYEE'S REPORT**

SUBJECT
**HARASSMENT**

DATE & TIME OCCURRED: 05-16-19    0605
LOCATION OF OCCURRENCE: FRONT DOOR LOBBY
DIVISION OF OCCURRENCE: CSD

TO (Rank, Name, Assignment, Division): Lt. Hernandez
Gwendolyn Jacson
DATE & TIME REPORTED: 07-05-19    1700

DETAILS (IF MORE SPACE IS NEEDED GO TO NEXT PAGE)

To whom it may concern, I DO. Parks Serial No. N4135, would like to make a Harassment complaint against Miss Gwendolyn Jacson Serial No. N3066, for the harassment she's been putting me through for months now. Every morning we ever met up at the entrance door 0600, even if she's there first she have to wait on me to enter first after she scans her Badge, she will walk through and litterally stand there til i enter, pass her. I have been troubled by her actions for awhile now, to the point where i have told her several times before, I have too much personal problems going on in my life to be worried about that door, the last time which, was just a couple of weeks ago. I immediately walked up to the front door glass and mentioned it to B Watch front desk officer at the time Officer Regalado Serial No, 40189, I told him that I didn't understand why she does that to me every morning we meet up, Officer Regalado, stated to her to go ahead, and he didn't understand her, or what's her problem. I was able to relay that to Lt. Hernandez, and PDO Anderson Serial No. E9897, in a meeting that they had with me when i returned to work on 07-01-2019. I feel that Miss Gwendolyn Jacson Serial No. N3066, Should be more professional, Being part of ADMIN on the 2nd floor means alot to DO's downstairs, like myself i hold them to a higher standard because they are the ones we turn to for help, I always had a type of high respect for her, she was one of my training officers in my hiring academy, I just don't know what's going on. I would like to have the same respect i give to her/everyone, I shouldn't have to stand back from a distance when i see her approaching, I'M just trying to get to roll call. I'm turning in my 15.7 for Harassment on Miss Gwendolyn Jacson Serial No. N3066, I feel if it was the other way around she would do the same to me, if she feel i was harassing her, as she does me. I was very surprised on 07-01-2019 at 0600, we met up at the door, where she did the proper thing by scanning her badge and just walking on through straight to the elevator without harassing me, and a couple of hours later i was called to Lt. Hernandez's office, to the conference room.

Never heard Anything Else about it
Always continued to see her at work
to this very day.

She works in Admin this was like sexual
Harassment But nothing is done
Caused me to be transferred From downtown
MDC Jail to 77th Jail Div 6-30-2020

DATE & TIME TYPED: 07-06-19    0700
DIVN. RPTG.
CLERK.
EMPLOYEE(S) REPORTING: DO. Parks
SERIAL NO.
SERIAL NO. N4135    DIVN CSD
SUPERVISOR APPROVING.

MDC
Jail
Before
Transfer

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**

255 E. TEMPLE STREET, 4TH FLOOR
LOS ANGELES, CALIFORNIA 90012
1-800-669-4000
(213)894-1000
TDD (213) 894-1121
FAX (213) 894-1118

October 20, 2020

Clenzell Parks
7423 Lankershim Boulevard, #42
Los Angeles, CA 91605

RE:    Charge No: 37A-2020-01437
       Parks v City of Los Angeles—Custody Service Jail Division

Dear Clenzell Parks,

The Commission has received your request for a Notice of Right to Sue in the above-referenced charge.  Your request has been forwarded to the U. S. Department of Justice for action.  That agency will act on your request as soon as possible and issue the Notice directly to you.

If you have any questions, please write:

       United States Department of Justice
       Attn: Karen Woodward, Deputy Chief
       Employment Litigation Section
       Civil Rights Division
       950 Pennsylvania Ave., N.W., Ste 4239 PHB
       Washington D.C.  20530

Your charge alleged discrimination based on violation of one or more of the following laws:

       Title VII of the Civil Rights Act   _X_

If your charge includes an ADEA basis, please note the following.  While Title VII, the ADA and GINA require the issuance of a Right to Sue before you can bring suit under the law, you obtained the right to sue under the ADEA when you filed your charge, subject to a 60-day waiting period.  ADEA suits must be brought **within 90 days** of the date of your receipt of this notice.  Otherwise, your right to sue on the above-numbered charge will be lost.  Individuals filing EPA claims may proceed directly into court.  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

With the issuance of this letter, the Commission is terminating its process with respect to this charge.

On Behalf of the Commission:

Rosa M. Viramontes, District Director
Los Angeles District Office

cc:
       Olivia Flores, EEO Coordinator
       City of Los Angeles
       700 East Temple Street, Room 380
       Los Angeles, California 90012



MyVoiceLA Complaint –
COM-056823-2021 ▶ Inbox ☆

M   MyVoiceLA CIU 10:40 AM
    to me ⌄                          ↩  ⋮

The Office of Workplace Equity has received the complaints that you submitted on October 6 and 7, 2021.

I will be processing the intake of your complaints, I would like to confirm your allegations and the involved parties. I may have additional preliminary information questions, so I can recommend and direct your complaint to the appropriate party for investigation.  This is just the initial contact and not a complete investigative interview. The call should only take a brief moment of your time, so please let me know when you might be available next week (Tues-Thurs) for a quick phone conversation. If you could provide a date, time, and phone number in which you prefer me to contact you.  Thank you.

Anita Carter, Intake Specialist
**Centralized Intake Unit**

Office of Workplace Equity



**PERSONNEL DEPARTMENT**
700 East Temple Street
Los Angeles, CA 90012

6:41    5G 91%

Status of Complai...



**BOARD OF CIVIL SERVICE COMMISSIONERS**
Room 360, PERSONNEL BUILDING

RAUL PEREZ
PRESIDENT

KARLA M. GOULD
VICE PRESIDENT

COMMISSIONERS
JEANNE A. FUGATE
GUY LIPA
NANCY P. McCLELLAND

BRUCE E. WHIDDEN
COMMISSION EXECUTIVE DIRECTOR

**CITY OF LOS ANGELES**
CALIFORNIA

**ERIC GARCETTI**
MAYOR

**PERSONNEL DEPAR...**
PERSONNEL BUILD...
700 EAST TEMPLE ST...
LOS ANGELES, CA 9...

Wendy G. Mac...
GENERAL MANAGER

October 14, 2021

Clenzell Parks
4917 W. 119th Street APT J
Hawthorne, CA 90746

sent via email:
clenzaie@gmail.com

RE: COMPLAINT OF DISCRIMINATION – **Case No.: COM-056823-2021**

Dear Clenzell Parks:

The Personnel Department's Office of Workplace Equity has received a copy of the complaint you filed against the Los Angeles Police Department, on October 6, 2021. The Personnel Department is committed to a full program of equal employment opportunity to ensure that City employment practices are based on merit, and that employees are provided work environments free of discrimination and harassment.

Based on a review of the information available, we have determined that your complaint would be referred to the Los Angeles Police Department for investigation. This matter is considered closed with our office.

The Los Angeles Police Department will be contacting you in the near future to inquire if you would like to meet to discuss your allegations. If you have any questions before you are contacted by the Los Angeles Police Department, you may contact the Centralized Intake Unit of the Office of Workplace Equity at (213) 473-9100 or at per.eeo.ciu@lacity.org.

I would like to advise you that complaining parties have additional options available to address the issues in their complaints, such as filing with external agencies like the California Department of Fair Employment and Housing (DFEH), a state agency, or the Equal Employment Opportunity Commission (EEOC), a federal agency. It is important to note filing deadlines for each agency.

Equal employment law prohibits an employer from retaliating against employees and employment candidates for filing complaints of discrimination. Should you believe you have been retaliated against as a result of your filing this complaint, please contact our office at (213) 473-9100 or per.eeo.ciu@lacity.org.

Sincerely,

Malaika C. Billups, Chief Diversity, Equity & Inclusion Officer
Office of Workplace Equity, Personnel Department

MCB...

4:05       64%

←     Parks, Clenzell 37A...     🔍     A+     ⋮



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

150 M Street, N.E.
Karen Ferguson , EMP, 4CON, Room 9.514
Washington, DC 20530

November 09, 2021

Mr. Clenzell Parks
16222 Haskins Lane
Carson, CA  90746

Re:  EEOC Charge Against City of Los Angeles, Custody Service Jail Division
       No. 37A202001437

Dear Mr. Parks:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Los Angeles District Office, Los Angeles, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
        Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Los Angeles District Office, EEOC
    City of Los Angeles, Custody Service Jail Division



12:32 💬 👥 ⚙️                        📷 5G UC .ıll 74% 🔋

←                      🗑️   ⋮

Hello,

The Office of Workplace Equity has received the case you filed with MyVoiceLA. Your case number is: COM-095376-2024

A member of our Centralized Intake Unit may contact you in the near future to discuss your allegations and gather additional preliminary information. If you have additional information about your case that you did not include in your original MyVoiceLA case, you may share it with your Intake Analyst at that time. To ensure proper record keeping, we strongly urge you to keep copies of all your correspondence related to this case.

If you have other questions or concerns, you may contact our office at per.eeo.ciu@lacity.org or 213-473-9100.

---



**WORKPLACE EQUITY**

**PERSONNEL DEPARTMENT**
700 E. Temple St., Room 380
Los Angeles, CA 90012
(213) 473-9100
personnel.lacity.gov

  

📎    ↩ ▾ Reply                    ↪ ☺

← Rep Letter.pdf     ✏  ⋮



BRIAN C. MITCHELL
*Attorney at Law*
*Certified Workers' Compensation Specialist*
www.mitchelllawcorp.com

October 7, 2024

Clenzell Parks
4917 W. 119th St. Apt. J
Hawthorne, CA 90250

RE:  **Clenzell Parks vs. City of Los Angeles**
EAMS Case No.      : ADJ12288541, ADJ12715740, ADJ14477945,
                    ADJ10268030, ADJ10268029
Date of Injury     : 10/28/2017, 11/01/2017 – 07/16/2019,
                    03/7/2021, 10/29/20215, 11/09/2015
Claim No.          : 4036597 , 4039713, 4050420, 4012371, 4010762

Dear Mr. Parks:

Thank you for retaining Mitchell Law Corporation to represent you in your workers' compensation case. We will make every effort to obtain the appropriate medical treatment and all benefits you are entitled under the California Labor Code. Once your treatment is complete, we will seek to negotiate the best possible settlement on your behalf.

First, this confirms we are only handling your workers' compensation case. As such, we will be representing your interests in connection with California Workers' Compensation benefits. If you feel a third party outside your employment may have been responsible, in part, for your injuries or feel you may have a separate discrimination action against your employer, or anything else that may have possibly resulted from your work injury or employment, please inform our office at once, so that we may take the appropriate steps to investigate the matter.

This letter provides information only as to your workers' compensation claim. Please keep this letter on hand, as it may answer many questions you have as your workers' compensation claim progresses.

| San Diego Office: | Riverside Office: | ☑ Los Angeles Office: |
|---|---|---|
| Telephone: (619) 702-6518 | Telephone: (951) 462-1775 | Telephone: (310) 442-9380 |
| Fax: (619) 702-6534 | Fax: (951) 462-1789 | Fax: (310) 442-9490 |
| 404 Camino Del Rio South, Ste. 603 | 4296 Orange Street | 11845 W. Olympic Blvd., Ste. 725W |
| San Diego, CA 92108 | Riverside, CA 92501 | Los Angeles, CA 90064 |

If you have not already done so, our office will be filing your workers' compensation claim with your employer. If your claim is not denied, and your treating doctor determines you are unable to return to work, you will receive Temporary Totally Disability (TTD) checks every fifteen (15) from your employer's insurance company. If you do not receive your first temporary disability check within twenty-one (21) days from the date of your injury, you should immediately file for State Disability benefits to be paid on a lien basis. You can file for these benefits at your nearest EDD office. Their telephone number is 800-480-3287. This claim should be filed within 48 days from day you last worked.

If you are receiving temporary disability benefit checks from the insuran[ce], please advise our office if your compensation check is more than five (5) days [...] will then contact the insurance company for you. Please be sure to advise o[ur office] when any doctor releases you to return to light duty or to regular work.

You will be receiving many notices and letters regarding your claim, conies of the[se]



12:55   🌐 📘 ▶ 🎵 🎵  •  5G UC ▮▮ 34% 🔋

←                    🗑   ✉   ⋮

From   Clenzel Evans · clenzale@gmail.com

To     Oigcompl@lapd.online   *Complaint Unit*

Date   Oct 18, 2022, 9:31 AM

View security details

*Before transfer from MDC Jail*
*6-20-2020*

I (DO) Detention Officer Clenzell Parks Serial No. N4135 is refilling this complaint due to me turning it in to the wrong person Luitentant Joe Hernandez which i did have a meeting about this incident that occurred with me and medical liason Mrs. Leticia Barnes, who clearly now due to his harassment and retaliation actions towards me covered my complaint up and didn't take the proper action to solve this issue, eventually having me wrongful transferred to 77th Jail Division. I want to file a complaint of discrimination against Lt. Joe Hernandez and Mrs Leticia Barnes due to them blocking and holding up my workers compensation cases due to their Comradery with each other and the fact that Mrs. Leticia Barnes pointing her finger at me telling me she's not going to file a claim on my back if i didn't pick a doctor off the MPN list, if she was doing her job and assisting me she would of known that i already was using a doctor off the MPN list so her pointing her finger at me making that statement that she wasn't going to file a claim on my back was very discrimitive towards me. She even attempted to call claim adjuster Christine Herman right in front of me when i told her i was represented by a attorney. I had



📎   ↩ ▾  Reply              ↗   ☺

|||              ◯              ‹

# EMPLOYEE COMMENT SHEET

Detention Officer Clenzell Parks Serial No. N4135

## NOTE: Employees may provide a written response to any comment within 30 days after reviewing the comment.

Incident Date: Multiple dates in DP 5 & 6 2018.

### COMMENT

On at least three occasions during deployment periods 5 and 6 your verbal de-escalation skills were utilized to communicate with combative and hostile inmates that refused to exit their cell and go to court. You utilized sound tactics while speaking with both male and female inmates and always tried to build a rapport with these individuals while at the same time listening to their perspective on the matter. You always maintained your composer and professionalism every time you spoke with these individuals even when they directed their verbal aggression towards you. Your demeanor always remained steadfast and your efforts played a key role in successfully removing these initially hostile inmates from their cells without incident. Thank you for all your hard work and dedication to your profession. Your efforts do not go unnoticed!

Supervisor Commenting: **Sergeant Nicholas Balzano**
**Serial No. 37564**

Employee's Initials: _____

Reviewing Supervisor: _____                    Date: 06-22-2018

70-1.77.1 (5-95 FDT.RAH)

# EMPLOYEE COMMENT SHEET

Employee __Clenzell Parks__          Serial # __N4135__          Division __Jail - MJS__

Period Covered: From __03-31-13__          To __04-20-13__

**NOTE:** Employees may provide a written response to any comment within 30 days after reviewing the comment.

| Incident Date | Comment | Spvr Commenting | Emp Init | Review Spvr & Date |
|---|---|---|---|---|
| 03-27-13 | On today's date you were assigned to the "Utility Team." As is usual, there was plenty to be done i.e: sick call, chef duties, custody releases, and the list goes on (and on).  You were highly motivated and not the least bit daunted by all the various tasks you were assigned.

On this particular date, your partner even commented that he had not had a harder working partner than yourself.  He went so far as to say that he had particularly enjoyed working with you due to your optimism and cheery outlook.

Thank you for demonstrating a strong work ethic for your peers and your commitment to Jail Division.  It is due to hard working individuals such as yourself that makes Jail Division-Metropolitan Jail Section a professional operation. | _Thomas P_ 25283 | | |

01.77.00 (12/92)

# EMPLOYEE COMMENT SHEET

**Employee**: Clenzell Parks      **Serial No.** N4135          **Division**: Jail Division

**Period Covered:**          Deployment No. 11, 2014

**Incident Date:**          October 30, 2014

### NOTE:  Employees may provide a written response to any comment within 30 days after reviewing the comment.

## COMMENT

On October 30, 2014, there was a 415 man in south pod refusing to go to court.  I responded to the pod and attempted to talk the arrestee and get him to comply with no success.  I began planning for an extraction of the arrestee which would have ended in a use of force.  Several minutes later you responded to the pod and began talking to the arrestee and building a rapport with him.  Your calm demeanor de-escalated the situation and prevented a potential use of force.

Thank you for you professionalism.


**Supervisor Commenting:** Sergeant Michael Pounds, Serial No. 33424

**Officer's Signature:** _[signature]_ Date: _10-31-14_

**Reviewing Supervisor:** _____

*Processing*

# EMPLOYEE COMMENT SHEET

Employee __Clenzell Parks__      Serial # __N4135__      Division __Jail-MJS__

Period Covered: From __05-17-15__      To __06-13-15__

**NOTE:** Employees may provide a written response to any
comment within 30 days after reviewing the comment.

| Incident Date | Comment | Spvr Commenting | Emp Init | Review Spvr & Date |
|---|---|---|---|---|
| 06-01-15 | On today's date you were assigned to Processing. Processing is always a busy position; lots of walking and standing. You and your partner were working in concert, smoothly managing the workload. The job, to do it well, requires a lot of patience and well honed "people" skills. Meaning the ability to build rapport quickly and communicating that rapport with a myriad of personalities.<br><br>I have seen you on numerous occassions do just this. It is as if you just know exactly what to say. Due to your being able to relate to people you are to gain their willing cooperation. This skill is not possessed by many, yet is highly valued in our profession. Your commitment to the service of our varied community is greatly appreciated. | Thomas 25283 | C.P | Bann N65A 6/2/2015 |

01.77.00 (12/92)

# EMPLOYEE COMMENT SHEET

Employee __Parks, Clenzell__          Serial # __N4135__          Division __MDC/MJS__

Period Covered: From _____12-30-12_____          To _____01-26-13_____

NOTE: Employees may provide a written response to any comment within 30 days after reviewing the comment.

| Incident Date | Comment | Spvr Commenting | Emp Init | Review Spvr & Date |
|---|---|---|---|---|
| 01-14-13 | During deployment period #1, Detention Officer Parks, Clenzell, was assigned to Metropolitan Dention Center, B-watch. On January 13, 2013, D.O. Parks was assigned to South Pod. During his routine cell checks in C-Block, Detention Officer Parks noticed arrestee Raymond Sanchez was holding a burning lighter. Parks recognized a potential hazard and immediately responded by asking Sanchez to hand him the lighter. Sanchez complied and also gave DO Parks a marker and lipbalm container. D.O. Parks conducted a strip search to ensure there was no more contraband.<br><br>In addition, during sick call, arrestee Infante, Maurico told DO Parks he had a belt in his cell, SB-215. Parks collected the belt and booked it into his property bag.<br><br>It is critical that we ensure the safety of our arrestees and maintain the security of the facility. Detention Officer Parks pays meticulous attention to the various duties assigned to him and has proven that he will confront situations with composer, confidence and dignity.<br><br>Therefore, it is without reservation that Detention Officer Parks is recognized for his attention to duty and his extraordinary work ethic.<br>Thank you for your professionalism. | ASDO Divney, K SER. E8604 | C.P | DW A4835 01-14-13 |

01.77.00 (12/92)

| DATE REPORTED | | RECEIVED BY | | REPORTING METHOD | SOURCE |
|---|---|---|---|---|---|
| Date | 11/23/2012 | Name | Flores | ☐ Mail | ☐ Radio Call |
| Time | 2330 | Serial No. | 33726 | ☐ Phone | ☑ Observation |
| INCIDENT DATE | | RELATED REPORTS | | ☐ E-Mail/Text | ☐ 3rd Party |
| Date | 11/23/2012 | 1 | | ☐ Fax | ☐ Citation |
| Time | 0330 | 2 | | ☑ In-Person | ☐ Community Meeting |
| Location | MJS | 3 | | ☐ Other | ☐ Other |

### PERSON REPORTING

| Last Name, First Name, Middle Initial | Phone No. | Address (or Rank, Serial No. and Area/Division if reported by Dept. employee) |
|---|---|---|
| Sergeant A. Flores #33726 | (213) 356-3400 | 180 North Los Angeles LA CA 90012 |

### SUMMARY DESCRIPTION OF INCIDENT (use Minor Commendation Continuation Sheet if additional space is needed)

Metropolitan Jail Section's arrestee population can run the gamut from cooperative to extremely aggressive and confrontational. Even well intentioned custody officers can exacerbate a confrontation with an arrestee by the manner of their approach. Detention Officer Parks is a valued staff member and clearly displayed his communication skills on today's date. Officer Parks left his assigned duty, without being asked, and initiated contact with an extremely agitated arrestee. Following a brief conversation, Officer Parks was able to calm the individual to the point that allowed the completion of the booking process. Officer Parks continued a cordial conversation until the arrestee was placed into his cell without further incident.

In my fifteen years as a Law Enforcement Officer, with some background in crisis intervention, I have rarely witnessed such an adept de-escalation of a potentially volatile and agitated individual. In short, Officer Parks not only established rapport with the arrestee, his actions potentially prevented a use of force that could have resulted in injury to personnel or the arrestee. Officer Parks also served as a shining example to less-tenured officers on how to handle a difficult situation safely and with the least force required.

Officer Parks is commended for his professionalism and communication skills.

CIENZCH
Thank you for taking the initiative.

☐ Check if this Minor Commendation Report includes any attachments.

### COMMENDED FOR (to be completed by supervisor by checking all boxes that apply; refer to SBA for definitions)

| PERFORMANCE | PROFESSIONALISM | TRAINING/SUPERVISING |
|---|---|---|
| ☑ Skill/Knowledge | ☐ Integrity | ☐ Annual Refresher Training (for FTOs) |
| ☑ Initiative and/or Productivity | ☑ Professionalism | ☐ Observing/Evaluating |
| ☑ Responsibility | ☑ Courtesy | ☐ Developing Subordinates |
| ☑ Attention to Duty | ☑ Listening Skills | ☐ Complaint Investigation |
| ☑ Communication/Personal Interaction | ☐ Investigative Skills | ☑ Oversight of Field Operations |
| ☐ Community Interaction | ☐ Leadership | ☐ Administrative Skills/Documentation |
| ☐ Other | ☐ Other | ☐ Other |

SUPERVISOR
COMMENTS:

### SIGNATURES (When served, employees shall place their initials & the date by their name.)

| | | Serial No. | Date |
|---|---|---|---|
| 1. | Employee Completing Report    ALONSO FLORES | 33726 | 12/5/12 |
| 2. | Supervisor Reviewing Report (if the employee completing report is not a supervisor)    Kevin Boek 30667 | 30667 | 12-6-12 |
| 3. | Commended Employee's Commanding Officer | 35236 | 12-6-12 |

(Note: After entry into DECS, file with employee's divisional file.)    Date entered into DECS  RECEIVED FEB 15 2013

01.27.00 (05/12)

## COMMENDATION REPORT

| | DATE |
|---|---|
| | 11/12/2010 |

| NAME OF INDIVIDUAL/UNIT (If unit, list individuals at beginning of narrative) | SERIAL NO. | RANK | DIVISION ASSIGNED |
|---|---|---|---|
| Parks, Clenzell | N4135 | Det.Ofcr. | JAIL DIV |

| LOCATION OF OCCURRENCE | DIVISION OF OCCURRENCE | DATE AND TIME OF OCCURRENCE | |
|---|---|---|---|
| Metro Jail | Jail Div | 11/14/2009 | 1000 |

ITEMS ATTACHED TO THIS REPORT:

☐ ARREST REPORT  ☐ SERGEANT'S LOG  ☐ NEWSPAPER ARTICLES  ☐ WITNESSES STATEMENTS: E.G., (Fire or Paramedic Personnel)

☐ CRIME REPORT  ☐ SCALED DIAGRAM  ☐ PHOTOGRAPHS  ☐ OTHER

DESCRIBE THE ACTIVITY, TYPE OF ACTION, OR OCCURRENCE: RELATE FACTS INDICATING DEGREE OF HAZARD INVOLVED AND QUALITIES DEMONSTRATED (COURAGE, INITIATIVE, ETC.). INCLUDE TACTICS USED BY THE INDIVIDUAL(S) IF APPROPRIATE. LIST WITNESSES INTERVIEWED.

On March 3, 2010, Mr. Carlo Ocampo, was interviewed for an ongoing complaint investigation. During that interview, Ocampo stated that on November 14, 2009, while he was an arrestee housed at Metro Jail, he was treated with oustanding courtesy, compassion, and professionalism by Det Ofcr Parks. Ocampo futher stated that Det Ofcr Parks should be identified as a role model for other detention officers, and he wished to pass along his sincere gratitude.

| PLEASE TYPE OR PRINT | REPORTING SUPERVISOR (NAME, RANK, SERIAL NO.) Sgt II G. Kearney, #33992, IAG | CO, COMMENDED EMPLOYEE OR UNIT (NAME, RANK, SERIAL NO.) |
|---|---|---|
| ☐ RECOGNITION FOR FOUR MINOR COMMENDATIONS WITHIN 12 MONTHS | REPORTING SUPERVISOR (Signature) 33992 | CO, COMMENDED EMPLOYEE OR UNIT. (Signature) Clenzell Park |

| BUREAU REVIEW  ☐ BUREAU COMMENDATION | ☐ FORWARD TO COMMENDATIONS BOARD | BUREAU CO (Signature) |
|---|---|---|

### ACTION TAKEN BY COMMENDATIONS BOARD

| INDIVIDUAL (BRAVERY) | INDIVIDUAL (SERVICE) | UNIT |
|---|---|---|
| ☐ Medal of Valor | ☐ Police Distinguished Service Medal | ☐ Police Commission Unit Citation |
| ☐ Police Medal | ☐ Police Meritorious Service Medal | |
| ☐ Awarded Police Star | ☐ Police Meritorious Achievement Medal | ☐ Police Meritorious Unit Citation |
| ☐ Life Saving Medal | ☐ Police Commission Distinguished Service Medal | |
| ☐ Bureau Commendation | ☐ Police Commission Integrity Medal | ☐ Bureau Commendation |
| | ☐ Community Policing Medal | |
| | ☐ Human Relations Medal | |
| ☐ LAPD Purple Heart | ☐ Bureau Commendation | |

| ACTION TAKEN BY COMMENDATIONS BOARD: | COMMENDATIONS, AWARDS & DECORATIONS BOARD CHAIR (Signature) |
|---|---|

| ACTION TAKEN BY AWARDS AND DECORATIONS | COMMENDATIONS, AWARDS & DECORATIONS BOARD REVIEWING OFFICER, OSS (Signature) |
|---|---|

1.18.00 (05/09)                    ACTION TAKEN BY AWARDS AND DECORATIONS                    PAGE 1

10:36

Refocus   Inbox   ☆

Jovany Medi...   Nov 3   ☺   ↩   ⋮
to me, Jovany ⌄

https://youtu.be/k9kz8QFFkYE?
si=BvwWLNq7MOm9g3wq

↑
Letter

Character Video
of me
Maricopa County
Durango Juvenile Detention Center



📎   ↩▼  Reply all   ↪   ☺

1:46

5G UC 21%

← B Brian Austin

*Principle Detention officer*



OMrLapMIKXAXf6o

L

Refocus: Helping Youth
www.youtube.com

2:17 PM

This Parks, Thank You Brother, wasn't for you, this wouldn't be possibl ↓

*Gave me His Personal Phone Number to Give me good Refrence*

⇓

*He asked me to take his Phone number 323-907-3949*

  RCS me…  

*This [illegible] was Investigated then - I knew retaliation* *Baby I*

Complaint Investigation, CF No. 21-003014
Page 5
13.2

1 ideation, and impaired memory, judgment, and coordination. Parks stated that aside from
2 seeking medical treatments from his private doctors, he also met with Department
3 psychologists at Behavioral Science Services (BSS).

4 Parks acknowledged he kept a friendly relationship with local individuals that "hung out" at
5 the smoke shop (One Puff Smoke Store located in the City of Hawthorne). He would from
6 time to time give them small amounts of money to help them out. He did not buy, sell or use
7 drugs with those individuals. Parks was aware that they were users and sellers of drugs at the
8 location, but he only came into contact with them when he was buying something at the
9 smoke shop. He did not know them on a personal basis or have any drug dealing with them.
10 He did frequently talk with one individual that loitered in the area that he called "Mississippi."
11 However, he was unaware if Mississippi was a drug dealer or user.

12

13 Parks admitted he used marijuana/cannabis products, specifically the smoking of cannabis and
14 using Tetrahydrocannabinol (THC) or Cannabidiol (CBD) infused edibles such a gummies.
15 Parks denied use or sales of any illegal drugs (e.g., cocaine, methamphetamine, and
16 Phencyclidine). Parks advised that since the age of 17, he has smoked or ingested cannabis
17 products and that he continued to do so on a weekly basis to cope with his medical condition.
18 He described his use as self-medicating to help him relax and counter the adverse effects of
19 his doctor prescribed medications. Parks stated his treating physician Dr. Shiozaki, was aware
20 and gave approval for his current use of cannabis products. *A* *fabrication*

21

22 Prior to 2019, Parks smoked cannabis to help him deal with the significant tragic events that
23 occurred in his life. Parks advised that sometime around September 2021, he attempted to
24 stop smoking cannabis and only used THC infused gummies to prevent himself from
25 becoming addicted to cannabis. Parks frequently visited the Dank Depot and the Hot Box to
26 purchase cannabis products. He spent an average of $60 a week on cannabis products. Parks
27 smoked or ingested the cannabis products at his residence but never in public. He never
28 resold or shared any of the cannabis/THC items he purchased. Parks last used cannabis/THC
29 edibles three days prior to his interview with the I/O and smoke cannabis a week prior to the
30 interview.

31

32 Parks denied that he ever came to work while under the influence of cannabis and stated he
33 never ingested or smoked cannabis/THC while at work. He was not aware of Department
34 policy, nor was he ever advised by any Department employee of a prohibition to purchase or
35 use cannabis/THC while on or off duty. Prior to his interview with the I/O, Parks never
36 advised any other Department employee or supervisor of his ongoing usage of
37 marijuana/cannabis/THC.

38

39 Parks was unaware of who contacted the Department alleging his use and sales of illegal
40 drugs. He stated that over the years he has initiated numerous complaints against Department
41 personnel for harassment and unfair treatment and opined this complaint may be in retaliation
42 of a complaint he made. *I didn't tell them that! But found out* *1-19-2023. It was true. They knew the truth!*

43

44 **Note:** During Parks interview on April 6, 2022, he agreed to submit to a Voluntary
45 Drug Test at MSD immediately following the interview. Parks denied being under the
46 influence of cannabis/THC or any prescribed medication on the day of the interview.

47 *There is no way I could inform them that information*
*when I didn't know who harmed me until 1-19-2023*
*Traci Johnson Threatn me 4-2021*



Principle Detention Officer
Brian Austin

Wow, is that you in the video ?

Yes

God is Good

(PDO)
Brian Austin

Congratulations 🎊, I am so happy I was able to help.

They pay me for my experiences there





**Clenzell Parks** 2/13/2023

Can you look into Severance pay for me?
Or you think that's off the table for me?



**Adriel Pet...** 2/14/2023

to me ⌄

From   Adriel Peterson · Adriel
       .Peterson@seiu721.org

To     Clenzell Parks · clenzale@gmail.com

Date   Feb 14, 2023, 4:40 PM

🔒     Standard encryption (TLS).
       View security details

LAPD management are not offering severance pay to
you at this moment.



   

From  Adriel Peterson • Adriel
.Peterson@seiu721.org

To  Clenzell Parks • clenzale@gmail.com

Date  Feb 14, 2023, 4:41 PM

🔒  Standard encryption (TLS).
View security details

The three level Skelly review process is not a new practice at LAPD. My recommendation for you remains the same: forego the Skelly process and submit your resignation, so that your personnel record remains clean and you can be rehired in a different LA City department.

**From:** Clenzell Parks <clenzale@gmail.com>
**Sent:** Monday, February 13, 2023 7:45 PM
**To:** Adriel Peterson <Adriel.Peterson@seiu721.org>
**Subject:**

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and

